USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
IN RE: TRIBUNE COMPANY              Consolidated Multidistrict Litigation
FRAUDULENT CONVEYANCE         :     11 MD 2296 (WHP)
LITIGATION                                          12 MC 2296 (WHP)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

                                                    MASTER CASE ORDER No. 1
THIS DOCUMENT RELATES TO:        :
ALL MATTERS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

          The early administration of this multidistrict litigation is a lesson in the law of

unintended consequences. By transfer order dated December 19, 2011, the United States Judicial

Panel on Multidistrict Litigation (the "Panel") coordinated and consolidated pretrial proceedings

for some 44 actions throughout the United States in the Southern District of New York. That

transfer order was docketed in 11 MD 2296 on December 20, 2011. ("Transfer Order," ECF No.

1.) On December 28, 2011, Judge Richard J. Holwell, the district judge to whom this

multidistrict litigation was originally assigned, stayed the consolidated cases in view of the

Tribune Company's Chapter 11 bankruptcy proceeding in the District of Delaware. ("Master

Stay Order," ECF No. 17.) The Master Stay Order excluded applications for admission pro hac

vice from the stay and also waived the customary application fee in this district. The Master

Stay Order provided that "[c]ounsel who entered an appearance in a case prior to its transfer do

not need to enter a new appearance," and required counsel to enter a notice of appearance within

30 days. (ECF No. 17.)

          On January 12, 2012, Judge Holwell issued an Order notifying all counsel that

they must be admitted to practice in the Southern District of New York pursuant to Local Civil

-1-

Rule 1.3. ("Pro Hac Order," ECF No. 62.) The Pro Hac Order precipitated an avalanche of

applications. Notwithstanding the Pro Hac Order, Rule 2.1(c) of the Rules of Procedure of the

United States Judicial Panel on Multidistrict Litigation provides that "[a]ny attorney of record in

any action transferred under Section 1407 may continue to represent his or her client in any

district court of the United States to which such action is transferred. Parties are not required to

obtain local counsel." Because this multidistrict litigation consolidated numerous actions—

involving hundreds of plaintiffs and thousands of defendants—the Court, the Clerk of the Court

(the "Clerk"), and the docket were inundated with pro hac vice applications, a mischief that

Panel Rule 2.1(c) was designed to prevent. In addition, waiver of the customary pro hac vice

fees likely contributed to a better-safe-than-sorry attitude by some counsel, who filed multiple

applications for defendants already represented by counsel in this district.

        In a matter of days, the docket swelled to an unnavigable 700 page morass of

useless information. When this multidistrict litigation was reassigned following Judge Holwell's

resignation, the docket contained more than 500 entries and the list of parties and counsel

spanned 630 pages. Some parties have a far greater financial interest than others in litigating

these lawsuits and large subsets of parties have interests that are aligned. As such, the current

state of affairs is completely unnecessary. To stem the tide, by Order dated February 14, 2012,

this Court directed the parties to suspend all filings and denied all pending pro hac vice

applications without prejudice. ("Temporary Stay Order," ECF No. 559.)

        In the exercise of its informed discretion, this Court restructures this multidistrict

litigation as follows:

    1.      The Clerk is directed to open a master case file bearing docket number 12 MC

2296. Any filing fees associated with opening the master case file docket are waived.

   2.  The Clerk is directed to transfer the following docket entries from 11 MD 2296 to

12 MC 2296: ECF Nos. 1 (Transfer Order), 17 (Master Stay Order), 39 (Pilot Project Removal

Order), 41 (Protective Order No. 1), 62 (Pro Hac Order), 386 (Status Letter Order), 499 (Notice

of Case Reassignment), and 559 (Temporary Stay Order). Those docket entries are to be

numbered ECF Nos. 1-8, respectively, on 12 MC 2296. This Order shall be docketed as ECF

No. 9 in 12 MC 2296 and docketed on all matters consolidated in 11 MD 2296.

   3.  This Order and all subsequent docket entries on 12 MC 2296 are to be docketed

simultaneously on 11 MD 2296. In addition, each subsequent filing by the parties on 12 MC

2296 or 11 MD 2296 shall indicate whether the filing should be docketed in all related actions or

only in specified related actions. Counsel are reminded that filings are to be spread across all

related actions only when necessary. Papers filed inappropriately will be stricken from the

docket.

   4.  <u>Interim Lead Plaintiffs</u>: The Clerk is further directed to list on the docket sheet of

12 MC 2296 only the following plaintiffs: (i) Deutsche Bank Trust Company Americas,

*individually and in its capacity as successor indenture trustee for certain series of Senior Notes,*

(ii) Law Debenture Trust Company of New York, *individually and in its capacity as successor*

*indenture trustee for certain series of Senior Notes,* (iii) Wilmington Trust Company,

*individually and in its capacity as successor indenture trustee for the Phones Notes,* and (iv)

William A. Niese, *on behalf of a Putative Class of Tribune Company Retirees.* Plaintiffs (i)-(iii)

collectively are hereafter referred to as the "Note Holders" and plaintiff (iv) is referred to as the

"Retirees."

5.    <u>Interim Liaison Counsel for Plaintiffs</u>:  This Court appoints Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as interim liaison counsel for the Note Holders and Teitelbaum & Baskin, LLP (the "Teitelbaum Firm") as interim liaison counsel for the Retirees. Akin Gump and the Teitelbaum Firm are collectively referred to as "plaintiffs' interim co-liaison counsel."  Plaintiffs' interim co-liaison counsel are authorized to receive orders and notices from the Court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties.  Plaintiffs' interim co-liaison counsel are further authorized to receive orders and notices from the Panel on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties. Unless otherwise ordered by this Court, plaintiffs' interim co-liaison counsel may rely on the electronic court filing ("ECF") system to serve parties with orders and notices.  The Clerk is directed to assist plaintiffs' interim co-liaison counsel in identifying those parties who do not yet receive ECF notification.  Plaintiffs' interim co-liaison counsel are directed to provide the Clerk with any e-mail addresses for parties not currently enrolled for ECF notification so that they may be enrolled.

6.    Until further order from this Court, the Clerk is directed to note the following appearances for plaintiffs, and no others, on 12 MC 2296:

For the Note Holders:

David Mitchell Zensky
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036;

Robert Joel Lack
Friedman, Kaplan, Seiler & Adelman, LLP
7 Times Square
New York, NY 10036;

Sheron Korpus
Kasowitz, Benson, Torres & Friedman, LLP
1501 Broadway, 12th Floor
New York, NY 10036;

Joseph Aronauer
Aronauer, Re & Yudell, LLP
444 Madison Avenue
New York, NY 10022; and

Kevin Matthew Magnunson
Kelley, Wolter & Scott P.A.
431 South Seventh Street, Suite 2530
Minneapolis, MN 55415

For the Retirees:

Jay Teitelbaum
Teitelbaum & Baskin, L.L.P.
3 Barker Avenue, Third Floor
White Plains, NY 10601;

Mary C. Dunn
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903;

Adam Hiller
Hiller & Arban, LLC
1500 North French Street, 2nd Floor
Wilmington, DE 19801;

Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607; and

Jeffrey M. Judd
Judd Law Group
222 Sutter Street, Suite 600
San Francisco, CA 94108

7.      All counsel for plaintiffs are directed to confer for the purpose of identifying who

among them intend to submit motion papers or memoranda to this Court, appear in person for

conferences, or offer oral arguments to the Court. Plaintiffs are directed to submit a list to the Court identifying such counsel by March 30, 2012.

8.      Interim Lead Defendants:  Based on a preliminary review of the complaints in the related actions, this Court endeavored to select interim lead defendants with a sufficient financial interest and who represent different classes of shareholders.  Accordingly, the Clerk is directed to list on the docket sheet of 12 MC 2296 only the following defendants: The Depository Trust & Clearing Corporation, *on behalf of A Putative Class of Former Tribune Company Shareholders*, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, *on behalf of A Putative Class of Former Tribune Company Shareholders*, and Mario J. Gabelli, *on behalf of A Putative Class of Former Tribune Company Shareholders*.

9.      Interim Liaison Counsel for Defendants:  This Court appoints Proskauer Rose LLP, Kaye Scholer, LLP, and Entwistle & Cappucci LLP to act as interim co-liaison counsel for defendants.  These firms are collectively referred to as "defendants' interim co-liaison counsel." The appointment of interim lead defendants and defendants' interim co-liaison counsel at this time is a provisional stop-gap measure that will be revisited on the submission of a proposed organizational structure for defendants as outlined in paragraphs 11 and 12 below.

10.     Until further order from this Court, the Clerk is directed to note the following appearances for defendants, and no others, on 12 MC 2296.

For The Depository Trust & Clearing Corporation:

> Gregg M. Mashberg
> Proskauer Rose LLP
> 11 Times Square
> New York, NY 10036

For Merrill Lynch, Pierce, Fenner & Smith, Incorporated:

    Jane W. Parver
    Kaye Scholer, LLP
    425 Park Avenue
    New York, NY 10022

For Mario J. Gabelli:

    Vincent Roger Cappucci
    Entwistle & Cappucci LLP
    280 Park Avenue, 26th Floor West
    New York, NY 10017

    11.    Defendants are directed to submit a proposed organizational structure comprised of an executive committee of counsel who will fairly represent each group of defendants in this multidistrict litigation whose interests are similarly aligned. See Manual for Complex Litig., § 10.221 (4th ed. 2004). There will likely be more than one such group of defendants whose interests and positions are sufficiently dissimilar to justify providing them representation in decision making. However, it is defendants' responsibility in the first instance to organize themselves into groups, and for each group to select lead or co-lead counsel to be members of the executive committee. The proposed organizational structure will be subject to this Court's approval and should be docketed on 12 MD 2296 by April 20, 2012.

    12.    If defendants cannot agree on a proposed organizational structure, competing applications for executive committees should be docketed on 12 MC 2296 and all related actions and submitted to chambers no later than April 27, 2012. Among the other factors courts normally consider in selecting class counsel, this Court will base its selection on whether each group of defendants is fairly represented by the proposed executive committee.

    13.    In accord with Panel Rule 2.1(c), all counsel appearing in any of the related

-7-

actions prior to their transfer to this district need not enter a notice of appearance or submit a pro

hac vice application to practice before this Court. No pro hac vice applications are to be

docketed on 12 MC 2296 or 11 MD 2296. All counsel who did not appear in a related action

prior to the Transfer Order are directed to enter a notice of appearance on 11 MD 2296. Those

counsel who are not a member of the Bar of this Court shall be deemed admitted pro hac vice,

upon the proper filings with the Clerk as provided by the Local Rules. All counsel are directed

to apply for an ECF password, which can be obtained by visiting the Court's website at

nysd.uscourts.gov and completing the on-line registration form. For assistance with the ECF

filing system, counsel should contact the Court's Help Desk, at 212-805-0800.

      14.     All pending motions for substitution of counsel are granted. Notwithstanding the

stay, parties may make motions to substitute counsel and all such motions shall be docketed only

on 11 MD 2296 and the relevant related actions and include a proposed order. Any party

submitting a motion for substitution of counsel is directed to send a courtesy copy of the

proposed order to chambers.

      15.     Given the liberal standard under Rule 15(a) for freely giving leave to amend

pleadings when justice so requires, and the preliminary stage of the related actions, all pending

motions to file amended complaints are granted. Accordingly, the briefing schedule for twelve

pending motions to amend as fixed in Section II of the Status Letter Order (ECF No. 386) is

rescinded and moot. Defendants will be afforded an opportunity to present arguments regarding

any defects in the pleadings later in these proceedings. Section III of the Status Letter Order

giving plaintiffs leave to seek relief concerning service issues continues in full force and effect.

      16.     This multidistrict litigation remains stayed in all other respects. However, this

-8-

Court welcomes suggestions from counsel to streamline case management.  Any such proposals should be delivered directly to chambers and should not be docketed.

      17.     All counsel are directed to become familiar with this Court's Individual Rules of Practice.  Those rules may be accessed via http://nysd.uscourts.gov/judge/Pauley.

Dated: February 23, 2012            SO ORDERED:
       New York, New York

_____
           WILLIAM H. PAULEY III
              U.S.D.J.

*All Counsel of Record.*