USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                  :

IN RE:  TRIBUNE COMPANY                                                     
FRAUDULENT CONVEYANCE             :
LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - - :

THIS DOCUMENT RELATES TO:        :
ALL MATTERS

                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Consolidated Multidistrict Litigation
11 MD 2296 (WHP)
12 MC 2296 (WHP)

MASTER CASE ORDER No. 3

WILLIAM H. PAULEY III, District Judge:

      WHEREAS by orders dated December 19, 2011, December 28, 2011, and

December 29, 2011, the United States Judicial Panel on Multidistrict Litigation (the "JPML")

transferred to the U.S. District Court for the Southern District of New York (the "Court") 43

actions asserting state-law constructive fraudulent conveyance ("SLCFC") claims commenced

by Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a

certain series of Senior Notes ("DBTCA"); Law Debenture Trust Company of New York, in its

capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture");

and Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series

of Exchangeable Notes commonly referred to as the PHONES Notes ("Wilmington Trust" and,

together with DBTCA and Law Debenture, the "Note Holders"), on behalf of the holders of such

notes of Tribune Company, for coordinated or consolidated pretrial proceedings with 4 related

actions asserting SLCFC claims commenced by the Note Holders, on behalf of the holders of

such notes of Tribune Company, and removed to this Court, as well as 1 related action asserting

SLCFC claims commenced by the Note Holders, on behalf of the holders of such notes of

Tribune Company, in this Court (collectively, the "Note Holder Actions");

WHEREAS by separate order dated December 19, 2011, the JPML transferred to this Court 3 actions asserting SLCFC claims commenced by William A. Niese, *et al.* on behalf of 186 former employees of Tribune Company (the "Retirees"), for coordinated or consolidated pretrial proceedings with a related action asserting SLCFC claims commenced by the Retirees (collectively, the "Retiree Actions" and with the Note Holder Actions, collectively, the "Individual Creditor Actions"[1]), on behalf of the Retirees;

WHEREAS by order dated March 20, 2012, the JPML transferred to this Court an action captioned *The Official Committee of Unsecured Creditors of Tribune Company, on behalf of Tribune Company, et al. v. Dennis J. FitzSimons, et al.* (the "Committee Action"), commenced by the Official Committee of Unsecured Creditors of Tribune Company (the "Committee"), on behalf of the bankruptcy estate of Tribune Company, for coordinated or consolidated pretrial proceedings with this multidistrict litigation;

WHEREAS, by order dated August 3, 2012, the JPML transferred to this Court an action captioned *Official Committee of Unsecured Creditors of Tribune Co. v. Citigroup Global Markets Inc. and Merrill Lynch, Pierce, Fenner & Smith Inc.* (the "Committee Advisor Action," and, together with the Committee Action, the "Committee Actions"), commenced by the Committee on behalf of the bankruptcy estate of Tribune Company, for coordinated or consolidated pretrial proceedings with this multidistrict litigation;

WHEREAS, the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Committee, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., confirmed by United States Bankruptcy Judge Kevin J. Carey on July 23, 2012 (the "DCL Plan"), provides

---

[1]     A schedule of the Individual Creditor Actions is annexed hereto as <u>Exhibit A</u>.

that, upon the Effective Date of the DCL Plan (as defined therein), Mark Kirschner, as Litigation

Trustee of the Litigation Trust created pursuant to the DCL Plan (the "Litigation Trustee"), will

replace the Committee as Plaintiff in the Committee Action;[2]

WHEREAS on July 10, 2012, the Court held an initial pretrial conference with

interim liaison counsel appointed by the Court and other counsel to consider, *inter alia*, the

organizational structure of the cases, a schedule for motions to dismiss and discovery, and other

issues relating to the administration of these cases;

It is ORDERED as follows:[3]

## I.   INDIVIDUAL CREDITORS ACTIONS[4]

1.      In Section I of this Order, "Defendants" means all existing defendants in the

Individual Creditor Actions, named or unnamed, including members of the putative defendant

class, and those that may be added to the Individual Creditor Actions hereafter.

### A.   Designation of Liaison Counsel and Executive Committee

2.      The Court designates the following firms as liaison counsel for the Plaintiffs in

the Individual Creditor Actions (in Section I of this Order, "Plaintiffs' Liaison Counsel"): (i)

Akin Gump Strauss Hauer & Feld LLP, on behalf of the Plaintiffs in the Note Holder Actions;

and (ii) Teitelbaum & Baskin, LLP, on behalf of the Plaintiffs in the Retiree Actions.

---

[2]      To the extent that the Litigation Trustee replaces the Committee as the Plaintiff in the
Committee Action, the term "Committee" as used herein shall include the Litigation Trustee.

[3]      The terms and descriptions used anywhere in this Order for cases, parties, or groups of
parties shall have no substantive, evidentiary, or other legal significance, and are not intended to
reflect whether any party does or does not have a valid claim or faces liability in any action.

[4]      Section I of this Order pertains only to the Individual Creditor Actions. Section II of this
Order pertains only to the Committee Actions. All other sections of this Order are equally
applicable to both the Individual Creditor Actions and the Committee Actions.

3.   The Court designates the following firms as liaison counsel for the Defendants in the Individual Creditor Actions (in Section I of this Order, "Defendants' Liaison Counsel"): (i) Proskauer Rose, LLP; (ii) O'Melveny & Myers LLP; and (iii) Entwistle & Cappucci LLP.

4.   The Court approves the following executive committee of Plaintiffs' counsel in the Individual Creditor Actions (in Section I of this Order, "Plaintiffs' Executive Committee"):[5]

| Individual Creditor Actions | |
| --- | --- |
| Plaintiff Group | Executive Committee Members |
| Note Holders | David M. Zensky<br>Mitchell Hurley<br>**Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, NY 10036-6745<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: dzensky@akingump.com;<br>mhurley@akingump.com<br><br>Robert J. Lack<br>**Friedman Kaplan Seiler & Adelman LLP**<br>7 Times Square<br>New York, NY 10036-6516<br>Telephone: (212) 833-1100<br>Facsimile: (212) 833-1250<br>E-mail: rlack@fklaw.com |
| Retirees | Jay Teitelbaum<br>**Teitelbaum & Baskin, LLP**<br>1 Barker Avenue, Third Floor<br>White Plains, NY 10601<br>Telephone: (914) 437-7670<br>Facsimile: (914) 437-7672<br>E-mail: jteitelbaum@tblawllp.com |

---

[5] Pursuant to footnote 3 of this Order, the names of the of the Plaintiff and Defendant groups shall have no substantive, evidentiary, or other legal significance, and are not intended to reflect whether any Defendant included in any such groups does or does not have liability in any action.

5.     The Court approves the following executive committee of Defendants' counsel in

the Individual Creditor Actions (in Section I of this Order, "Defendants' Executive Committee"):

| Individual Creditor Actions | |
| --- | --- |
| **Defendant Group** | **Executive Committee Members** |
| Large Private Beneficial Owners | David C. Bohan<br>**Katten Muchin Rosenman LLP**<br>525 West Monroe Street<br>Chicago, IL  60661<br>Telephone: (312) 902-5566<br>Facsimile:  (312) 902-1061<br>E-mail:  david.bohan@kattenlaw.com<br><br>Joel A. Feuer<br>**Gibson, Dunn & Crutcher LLP**<br>2029 Century Park East<br>Los Angeles, CA  90067<br>Telephone: (310) 551-8808<br>Facsimile:  (310) 552-7058<br>E-mail:  jfeuer@gibsondunn.com |
| Financial Institution Holders | P. Sabin Willett<br>Michael C. D'Agostino<br>**Bingham McCutchen LLP**<br>One Federal Street<br>Boston, MA 02110-1726<br>Telephone: (617) 951-8000<br>Facsimile:  (617) 951-8726<br>E-mail: sabin.willett@bingham.com<br>          michael.dagostino@bingham.com<br><br>Phil Anker<br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>7 World Trade Center, 250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 230-8800<br>Facsimile:  (212) 230-8888<br>E-mail: philip.anker@wilmerhale.com |

| Individual Creditor Actions | |
|---|---|
| **Defendant Group** | **Executive Committee Members** |
| Financial Institution Conduits | Gregg M. Mashberg<br>Stephen L. Ratner<br>**Proskauer Rose LLP**<br>Eleven Times Square<br>New York, NY 10036-8299<br>Telephone:  (212) 969-3000<br>Facsimile:  (212) 969-2900<br>E-mail: gmashberg@proskauer.com<br>         sratner@proskauer.com<br><br>Daniel Cantor<br>**O'Melveny & Myers LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 236-2000<br>Facsimile:  (212) 236-2061<br>E-mail: dcantor@omm.com<br><br>Elliot Moskowitz<br>**Davis Polk & Wardwell LLP**<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000<br>Facsimile:  (212) 701-5800<br>E-mail: elliot.moskowitz@davispolk.com |
| Pension Funds (including public, private and Taft-Hartley funds) | Matthew L. Fornshell<br>**Ice Miller LLP**<br>250 West Street<br>Columbus, OH 43215<br>Telephone: (614) 462-2700<br>Facsimile:  (614) 462-5135<br>E-mail: matthew.fornshell@icemiller.com<br><br>D. Ross Martin<br>**Ropes & Gray LLP**<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile:  (212) 596-9090<br>E-mail: ross.martin@ropesgray.com |

| Individual Creditor Actions | |
| --- | --- |
| **Defendant Group** | **Executive Committee Members** |
| Individual Beneficial Owners | Andrew Entwistle<br>**Entwistle & Cappucci LLP**<br>280 Park Avenue<br>26th Floor West<br>New York, NY 10017<br>Telephone: (212) 894-7200<br>Facsimile:  (212) 894-7272<br>E-mail: aentwistle@entwistle-law.com<br><br>David N. Dunn<br>**Potter Stewart. Jr. Law Offices, P.C.**<br>The Merchants Bank Building<br>205 Main Street, Suite 8<br>Brattleboro, VT 05301<br>Telephone: (802) 257-7244<br>E-mail: ddunn@potterstewartlaw.com<br><br>Mark A. Neubauer<br>**Steptoe & Johnson LLP**<br>2121 Avenue of the Stars<br>Suite 2800<br>Los Angeles, CA 90067<br>Telephone:  (310) 734-3200<br>Facsimile:  (310) 734-3300<br>E-mail: mneubauer@steptoe.com |
| Mutual Funds | Michael S. Doluisio<br>**Dechert LLP**<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>Telephone: (215) 994-4000<br>Facsimile:  (215) 994-2222<br>E-mail: michael.doluisio@dechert.com<br><br>Steven R. Schoenfeld<br>**Dorsey & Whitney LLP**<br>51 West 52nd Street<br>New York, NY 10019-6119<br>Telephone:  (212) 415-9200<br>Facsimile:  (212) 953-7201<br>E-mail: schoenfeld.steven@dorsey.com |

| Individual Creditor Actions | |
|---|---|
| **Defendant Group** | **Executive Committee Members** |
| At-Large | Alan J. Stone<br>Andrew M. LeBlanc<br>**Milbank, Tweed, Hadley & McCoy LLP**<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Telephone: (212) 530-5000<br>Facsimile:  (212) 530-5219<br>E-mail: astone@milbank.com<br>          aleblanc@milbank.com |

6.       Service as liaison counsel or as members of Defendants' Executive Committee, as designated herein, shall not create any professional, ethical, fiduciary, or legal obligations between any firm serving in such capacity and any party other than its own clients.  The right of each party to be represented by its own counsel is hereby expressly preserved.  Subject to paragraphs 9 and 42 of this Order, a party may request permission to address the Court regarding any issue.  Nothing herein shall prohibit: (i) any pro se Defendant from communicating directly with opposing counsel, or vice versa; or (ii) counsel for any Defendant from communicating directly with opposing counsel, or vice versa.

**B.       Duties and Responsibilities of Liaison Counsel and Defendants' Executive Committee Respecting the Phase One Motions**

7.       This Section I.B. delineates the role of liaison counsel and Defendants' Executive Committee respecting the Phase One Motions (as defined below) and pending further order of the Court, and shall apply except: (i) to the extent any liaison counsel or Plaintiffs' or Defendants' Executive Committee  counsel defer to conflict counsel as the result of business or ethical considerations arising from actual, potential or arguable conflicts of interest; (ii) for good cause shown; or (iii) as otherwise ordered or requested by the Court.

8.     The Defendants' Executive Committee shall: (i) confer with Plaintiffs' Liaison Counsel regarding any procedural issues relating to the Phase One Motions; and (ii) make reasonable efforts to communicate with interested counsel for other defendants regarding the Phase One Motions.  No less than 5 days in advance of oral argument respecting the Phase One Motions, Liaison Counsel for Plaintiffs and Defendants shall submit letters to the Court identifying the counsel who will be presenting the principal argument on the Phase One Motions and nothing more (such counsel designated by Defendants Liaison Counsel, for Section I of this Order, "Defendants' Phase One Liaison Counsel").

9.     Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, Defendants' Phase One Liaison Counsel, and members of the Defendants' Executive Committee shall be responsible for: (i) addressing the Court with regard to all matters respecting the Phase One Omnibus Motion; and (ii) briefing and arguing the Phase One Omnibus Motion.  Nothing herein shall prohibit any party from requesting permission to address the Court, for good cause shown, on procedural or substantive issues that are the subject of the Phase One Omnibus Motion.  Any such request shall be made in a letter to the Court (a "Letter Request") filed on the 11 MD 2296 docket at least 21 days in advance of oral argument on the Phase One Motions.  Any Letter Request shall be no more than 2 pages in length, and shall describe the requesting party's reasons for seeking permission to separately address the Court.  Any party that opposes a Letter Request may respond in a letter to the Court (a "Letter Response") filed on the 11 MD 2296 docket at least 14 days in advance of oral argument on the Phase One Motions.  Any Letter Response shall be no more than 2 pages in length, and shall describe the opposing party's basis for its opposition.  If the Court grants any Letter Request, opposing counsel shall be permitted equal time to respond pursuant to paragraph 12(v) of this Order.

10.     Defendants' Liaison Counsel and Defendants' Executive Committee shall facilitate the organization of a group of counsel for those Defendants who may seek to move to dismiss the complaints filed in the Individual Creditor Actions on the grounds that the Court lacks subject matter jurisdiction (the "Jurisdiction Liaison Counsel"). Any such motion shall be heard during Phase One as described in paragraph 12(ii) of this Order. The Jurisdiction Liaison Counsel shall have duties and responsibilities with respect to any Phase One Jurisdiction Motion parallel to those set forth in paragraph 9 of this Order.

11.     In the event that any Liaison Counsel wishes to substitute another law firm for a law firm appointed as Liaison Counsel or to substitute or add an Executive Committee member pursuant to this Order, they shall file in 12 MC 2296 a notice requesting such substitution.

**C.     Initial Dispositive Motion Practice**

12.     Initial motion practice shall be bifurcated into "Phase One" and "Phase Two" as follows:

(i)     <u>Phase One Omnibus Motion</u>:  On or before November 6, 2012, Defendants' Liaison Counsel and the Defendants' Executive Committee may submit a single joint pre-answer motion to dismiss the Individual Creditor Actions for which the accompanying memorandum of law shall be limited to 40 pages in length (the "Phase One Omnibus Motion"), and shall include only the following grounds for dismissal:  11 U.S.C. § 546(e) and the preemptive effect thereof (if any), standing, and any other ground which, if successful, would dispose of the entirety of the Individual Creditor Actions.  All grounds for dismissal which, if successful, would not dispose of the entirety of the Individual Creditor Actions are reserved for Phase Two.  The Phase One Omnibus Motion shall be deemed to have been made on behalf of all Defendants in the Individual Creditor Actions, subject to paragraphs 6 and 9 of this Order.  The Defendants shall not:  (a) assert in Phase One any grounds for dismissal which, if successful,

10

would not dispose of the entirety of the Individual Creditor Actions, all such grounds (if any) being reserved for Phase Two, except as set forth in subparagraph (ii) of this paragraph 12; or (b) except for good cause being shown, move to dismiss after the close of Phase One on any ground which, if successful, would dispose of the entirety of the Individual Creditor Actions.

   (ii) <u>Phase One Jurisdiction Motion</u>:  On or before November 6, 2012, Jurisdiction Liaison Counsel may submit a single joint motion challenging the federal subject matter jurisdiction of this Court (the "Phase One Jurisdiction Motion," and together with the Phase One Omnibus Motion, the "Phase One Motions"), for which the accompanying memorandum of law shall be limited to 15 pages in length, and shall include only grounds for dismissal based on lack of federal subject matter jurisdiction.[6] No Defendant shall assert these grounds for dismissal after the close of Phase One, and the Phase One Jurisdiction Motion shall not include any other grounds for dismissal in addition to those set forth in the immediately preceding sentence, all other grounds (if any) being reserved for Phase Two, except as set forth in subparagraph (i) of this paragraph 12.

   (iii) <u>Phase One Oppositions</u>:  On or before December 21, 2012: (i) Plaintiffs' Liaison Counsel may submit a single memorandum of law, which shall be limited to 40 pages in length, in opposition to the Phase One Omnibus Motion; (ii) Plaintiffs' Liaison Counsel may submit a single memorandum of law, which shall be limited to 15 pages in length, in opposition to the Phase One Jurisdiction Motion; and (iii) any Defendants that object to any grounds for dismissal asserted in the Phase One Jurisdiction Motion may submit a single memorandum of law, which shall be limited to 15 pages in length, in opposition to the Phase One Jurisdiction

---

[6] The parties in the Individual Creditor Actions expressly acknowledge and agree that challenges to this Court's jurisdiction as to certain Defendants predicated on Sovereign Immunity are expressly preserved for briefing in Phase Two and shall not be waived by reason of not being presented and argued in any Phase One Motions.

Motion.  Defendants' Liaison Counsel shall facilitate the organization of any Defendants who intend to file an objection to the Phase One Jurisdiction Motion.

(iv)     Phase One Replies:  On or before February 4, 2013: (i) Defendants' Liaison Counsel and the Defendants' Executive Committee may submit a single memorandum of law, which shall be limited to 20 pages in length, in further support of the Phase One Omnibus Motion; and (ii) Jurisdiction Liaison Counsel may submit a single memorandum of law, which shall be limited to 5 pages in length, in further support of the Phase One Jurisdiction Motion.

(v)     Phase One Oral Argument:  Oral argument on the Phase One Motions shall be conducted on March 1, 2013 at 11:00 a.m.  It is anticipated that, in advance of oral argument on the Phase One Motions, the Court will advise the parties how much time the Court will schedule, in the aggregate, for oral argument on the Phase One Motions.  The aggregate time scheduled by the Court, including any additional time granted to any party at the oral argument on the Phase One Motions, shall be divided equally between Plaintiffs and Defendants.

(vi)     Phase Two Motions:  Following the entry of orders disposing of the Phase One Motions, Liaison Counsel shall meet and confer as necessary regarding any subsequent pre-answer motion to dismiss that may be filed.  Any such motions shall be filed at a time and in a manner to be determined in a future Master Case Order.

(vii)     In light of the foregoing, any motions to dismiss previously filed in the Individual Creditor Actions are deemed withdrawn without prejudice.

(viii)     The page limitations set forth above shall not apply to any exhibits that may otherwise properly be attached to or otherwise accompany any memorandum of law in support of or opposition to a motion to dismiss.

**D.   Dismissal of Certain Claims**

13.     Within 60 days of the entry of this Order, the Individual Creditor Plaintiffs shall

dismiss, without prejudice, any Defendant that -based upon information currently in the

possession, custody, or control of the Individual Creditor Plaintiffs - received less than $100,000

in Shareholder Transfers (as defined in the complaint filed in each Individual Creditor Action).

Such dismissal shall be without prejudice to: (i) each dismissed defendant's inclusion in the

putative class of defendants; and (ii) the Individual Creditor Plaintiffs' ability to reassert claims

against any dismissed defendant that subsequent information later reveals received greater than

$100,000 in Shareholder Transfers. Promptly thereafter, Plaintiffs shall file and serve a single

notice of dismissal listing all Defendants that have been dismissed pursuant to this paragraph 13.

## II.   COMMITTEE ACTIONS

### A.   Definitions

14.     In Section II of this Order, "Named Defendants" means all defendants named in

the Committee Action and the Committee Advisor Action, and those that may be added to the

Committee Action or the Committee Advisor Action hereafter, other than those defendants

named only in Count 13 and/or Exhibit A of the Third Amended Complaint in the Committee

Action or Exhibit A to any amended complaint in the Committee Action.

15.     In Section II of this Order, "Exhibit A Shareholder Defendants" means all

"shareholder defendants" identified only in Exhibit A to the Third Amended Complaint in the

Committee Action and those that may be added to Exhibit A to any amended complaint in the

Committee Action.

16.     In Section II of this Order, "Defendants" means: (i) the Named Defendants; (ii)

the Exhibit A Shareholder Defendants; and (iii) all other defendants in the Committee Actions,

named or unnamed, including members of the putative defendant class.

13

**B.**     **Organizational Structure**

    **1.**     **Liaison Counsel**

        **(a)**     **Designation of Liaison Counsel**

17.     The Court designates the following firms as Liaison Counsel:  Zuckerman Spaeder LLP for the Committee and Grippo & Elden LLC for the Named Defendants.  No later than 10 days after the earlier of the appointment of the Litigation Trustee or the entry of orders disposing of the Phase One Motions, the Exhibit A Shareholder Defendants' Executive Committee (defined below) shall select Liaison Counsel for the Exhibit A Shareholder Defendants.  Prior to such selection, shareholders who are defendants in the Committee Action shall be referred to the relevant Exhibit A Shareholder Defendants' Executive Committee member (by group identified in the chart below).

18.     Pursuant to the DCL Plan, the Litigation Trustee will select counsel to prosecute the Committee Action, and after this selection such counsel shall act as Liaison Counsel in the Committee Action.  The Litigation Trustee shall have the rights and obligations set forth in the DCL Plan.

19.     The Litigation Trustee shall have the rights and obligations of a successor plaintiff in accordance with applicable law.

        **(b)**     **Duties and Responsibilities of Liaison Counsel**

20.     Liaison Counsel shall generally be responsible for taking the lead in coordinating and organizing the parties.

21.     Service as Liaison Counsel, as designated herein, shall not create any professional, ethical, fiduciary, or legal obligations between any firm serving in such capacity and any party other than its own clients. The right of each party to be represented by its own counsel is hereby expressly preserved.

14

22.     Nothing herein shall prohibit: (i) any pro se Defendant from communicating directly with opposing counsel, or vice versa; or (ii) counsel for any Defendant from communicating directly with opposing counsel, or vice versa.  Liaison Counsel for the Named Defendants shall not be deemed to speak for, act for, or bind any Named Defendant (other than a Named Defendant represented by such Liaison Counsel) on any matters absent express authority.

23.     In the event that any Liaison Counsel or the Defendants' Executive Committees, defined below, wish to substitute another law firm for a law firm appointed as Liaison Counsel pursuant to this Master Case Order No. 3, they shall file in 12 MC 2296 a notice requesting such substitution.

### 2.     Defendants' Executive Committees

24.     The Court approves the following executive committee for the Named Defendants (in Section II of this Order, the "Named Defendants' Executive Committee"):

| Committee Actions: Named Defendants | |
|---|---|
| **Defendant(s)** | **Executive Committee Member** |
| **CURRENT & FORMER DIRECTORS AND OFFICERS** | |
| Betsy D. Holden; Christopher Reyes; Dudley S. Taft; Enrique Hernandez Jr.; Miles D. White; Robert S. Morrison; William A. Osborn | Matthew R. Kipp<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 407-0728<br>Facsimile:    (312) 407-8575<br>E-mail:  matthew.kipp@skadden.com |
| Harry Amsden; Stephen D. Carver; Dennis J. FitzSimons; Robert Gremillion; Donald C. Grenesko; David Dean Hiller; Timothy J. Landon; Thomas D. Leach; Luis E. Lewin; R. Mark Mallory; Richard H. Malone; Ruthellyn Musil; John E. Reardon; Scott C. Smith; John J. Vitanovec; Kathleen M. Waltz; David D. Williams | John R. McCambridge<br>**Grippo & Elden LLC**<br>111 South Wacker Drive<br>Chicago, IL  60606<br>Telephone:  (312) 704-7750<br>Facsimile:    (312) 558-1195<br>E-mail:  jmccambridge@grippoelden.com |

| Committee Actions: Named Defendants | |
|---|---|
| **Defendant(s)** | **Executive Committee Member** |
| Mark Hianik; Irving Quimby | Michael Dockterman<br>**Edwards Wildman Palmer LLP**<br>225 West Wacker Drive, Suite 3000<br>Chicago, IL  60606<br>Telephone:  (312) 201-2652<br>Facsimile:   (855) 572-1961<br>E-mail:  mdockterman@edwardswildman.com |
| Crane Kenney | Richard A. Saldinger<br>**Shaw Gussis Fishman Glantz Wolfson &**<br>**Towbin LLC**<br>321 North Clark Street, Suite 800<br>Chicago, IL  60654<br>Telephone:  (312) 276-1321<br>Facsimile:   (312) 980-3888<br>E-mail:  rsaldinger@shawgussis.com |
| Chandler Bigelow | Steven C. Florsheim<br>**Sperling & Slater, P.C.**<br>55 West Monroe Street, Suite 3200<br>Chicago, IL  60603<br>Telephone:  (312) 641-3200<br>Facsimile:   (312) 641-6492<br>E-mail:  SFlorsheim@sperling-law.com |
| Daniel Kazan | Sheldon L. Solow<br>**Kaye Scholer LLP**<br>70 West Madison Street, Suite 4200<br>Chicago, IL  60602<br>Telephone:  (312) 583-2320<br>Facsimile:   (312) 583-2520<br>E-mail:  ssolow@kayescholer.com |
| Timothy Knight | Blake T. Hannafan<br>**Hannafan & Hannafan, Ltd.**<br>One East Wacker Drive, Suite 2800<br>Chicago, IL  60601<br>Telephone:  (312) 527-0055<br>Facsimile:   (312) 527-0220<br>E-mail:  bth@hannafanlaw.com |

| Committee Actions: Named Defendants | |
|---|---|
| **Defendant(s)** | **Executive Committee Member** |
| Thomas Finke | Leonard A. Gail<br>**Massey & Gail LLP**<br>50 East Washington Street, Suite 400<br>Chicago, IL 60602<br>Telephone: (312) 283-1590<br>Facsimile: (312) 379-0467<br>E-mail: lgail@masseygail.com |
| **SAM ZELL AND AFFILIATED ENTITIES** | |
| EGI-TRB, L.L.C.; Equity Group Investments, L.L.C.; Sam Investment Trust; Samuel Zell; Tower CH, L.L.C.; Tower DC, L.L.C.; Tower DL, L.L.C.; Tower EH, L.L.C.; Tower Greenspun DGSPT, LLC; Tower Greenspun JGGSTP, LLC; Tower Greenspun SGFFT, LLC; Tower Greenspun, L.L.C.; Tower HZ, L.L.C.; Tower JB, L.L.C.; Tower JK, L.L.C.; Tower JP, L.L.C.; Tower JS, L.L.C.; Tower KS, L.L.C.; Tower LL, L.L.C.; Tower LM, L.L.C.; Tower LZ, L.L.C.; Tower MH, L.L.C.; Tower MS, L.L.C.; Tower MZ, L.L.C.; Tower NL, L.L.C.; Tower PH, L.L.C.; Tower PT, L.L.C.; Tower SF, L.L.C.; Tower TT, L.L.C.; Tower VC, L.L.C.; Tower WP, L.L.C. | David J. Bradford<br>**Jenner & Block LLP**<br>353 North Clark Street<br>Chicago, IL 60654<br>Telephone: (312) 222-9350<br>Facsimile: (312) 840-7375<br>E-mail: dbradford@jenner.com |
| **LARGE SHAREHOLDERS** | |
| McCormick and Cantigny Foundations | David C. Bohan<br>**Katten Muchin Rosenman LLP**<br>525 West Monroe Street<br>Chicago, IL 60661<br>Telephone: (312) 902-5566<br>Facsimile: (312) 902-1061<br>E-mail: david.bohan@kattenlaw.com |

| Committee Actions: Named Defendants | |
|---|---|
| **Defendant(s)** | **Executive Committee Member** |
| Chandler Trusts and Their Representatives | Joel A. Feuer<br>**Gibson Dunn & Crutcher LLP**<br>2029 Century Park East<br>Los Angeles, CA 90067<br>Telephone: (310) 551-8808<br>Facsimile: (310) 552-7058<br>E-mail: jfeuer@gibsondunn.com |
| **FINANCIAL ADVISORS** | |
| Valuation Research Corporation | David Neier<br>**Winston & Strawn LLP**<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 294-5318<br>Facsimile: (212) 294-4700<br>E-mail: dneier@winston.com |
| Duff & Phelps, LLC | Stephen V. D'Amore<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5934<br>Facsimile: (312) 558-5700<br>E-mail: sdamore@winston.com |
| Morgan Stanley & Co. Inc. and Morgan Stanley Capital Services, Inc. | Jonathan D. Polkes<br>**Weil, Gotshal & Manges LLP**<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8881<br>Facsimile: (212) 310-8007<br>E-mail: jonathan.polkes@weil.com |
| GreatBanc Trust Company | Roger H. Stetson<br>**Barack Ferrazanno Kirschbaum & Nagelberg LLP**<br>200 West Madison Street, Suite 3900<br>Chicago, IL 60606<br>Telephone: (312) 629-7339<br>Facsimile: (312) 984-3150<br>E-mail: roger.stetson@bfkn.com |

| Committee Actions: Named Defendants | |
|---|---|
| **Defendant(s)** | **Executive Committee Member** |
| Citigroup Global Markets, Inc. | Andrew G. Gordon<br>**Paul, Weiss, Rifkind, Wharton &**<br>**Garrison LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: (212) 373-3543<br>Facsimile: (212) 492-0543<br>E-mail: agordon@paulweiss.com |
| Merrill Lynch, Pierce, Fenner & Smith Inc. | Daniel L. Cantor<br>**O'Melveny & Myers LLP**<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 408-2483<br>Facsimile: (212) 326-2061<br>E-mail: dcantor@omm.com |

25.     The Court approves the following executive committee for the Exhibit A
Shareholder Defendants (in Section II of this Order, the "Exhibit A Shareholder Defendants'
Executive Committee" and, together with the Named Defendants' Executive Committee, the
"Defendants' Executive Committees"):

| Committee Actions: Exhibit A Shareholder Defendants | |
|---|---|
| **Defendant Group** | **Executive Committee Members** |
| Financial Institution Holders | P. Sabin Willett<br>Michael C. D'Agostino<br>**Bingham McCutchen LLP**<br>One Federal Street<br>Boston, MA 02110-1726<br>Telephone: (617) 951-8000<br>Facsimile:  (617) 951-8726<br>E-mail: sabin.willett@bingham.com;<br>        michael.dagostino@bingham.com<br><br>Seamus C. Duffy<br>**Drinker Biddle & Reath LLP**<br>One Logan Square, Ste. 2000<br>Philadelphia, PA 19103-6996<br>Telephone: (215) 988-24440<br>Facsimile:  (215) 988-2757<br>E-mail:  seamus.duffy@dbr.com |
| Financial Institution Conduits | Gregg M. Mashberg<br>Stephen L. Ratner<br>**Proskauer Rose LLP**<br>Eleven Times Square<br>New York, NY 10036-8299<br>Telephone: (212) 969-3000<br>Facsimile:  (212) 969-2900<br>E-mail: gmashberg@proskauer.com;<br>        sratner@proskauer.com<br><br>Elliot Moskowitz<br>**Davis Polk & Wardwell LLP**<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000<br>Facsimile:  (212) 701-5800<br>E-mail: elliot.moskowitz@davispolk.com |

| Committee Actions: Exhibit A Shareholder Defendants | |
|---|---|
| **Defendant Group** | **Executive Committee Members** |
| Pension Funds (including public, private and Taft-Hartley funds) | Matthew L. Fornshell<br>**Ice Miller LLP**<br>250 West Street<br>Columbus, OH 43215<br>Telephone: (614) 462-2700<br>Facsimile: (614) 462-5135<br>E-mail: matthew.fornshell@icemiller.com<br><br>D. Ross Martin<br>**Ropes & Gray LLP**<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>E-mail: ross.martin@ropesgray.com |
| Individual Beneficial Owners | Andrew Entwistle<br>**Entwistle & Cappucci LLP**<br>280 Park Avenue<br>26th Floor West<br>New York, NY 10017<br>Telephone: (212) 894-7200<br>Facsimile: (212) 894-7272<br>E-mail: aentwistle@entwistle-law.com<br><br>Mark A. Neubauer<br>**Steptoe & Johnson LLP**<br>2121 Avenue of the Stars<br>Suite 2800<br>Los Angeles, CA 90067<br>Telephone: (310) 734-3200<br>Facsimile: (310) 734-3300<br>E-mail: mneubauer@steptoe.com |

| Committee Actions: Exhibit A Shareholder Defendants | |
| --- | --- |
| **Defendant Group** | **Executive Committee Members** |
| Mutual Funds | Michael S. Doluisio<br>**Dechert LLP**<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>Telephone: (215) 994-4000<br>Facsimile: (215) 994-2222<br>E-mail: michael.doluisio@dechert.com<br><br>Steven R. Schoenfeld<br>**Dorsey & Whitney LLP**<br>51 West 52nd Street<br>New York, NY 10019-6119<br>Telephone: (212) 415-9200<br>Facsimile: (212) 953-7201<br>E-mail: schoenfeld.steven@dorsey.com |

26. The Defendants' Executive Committees are directed to take reasonable steps to streamline case management and to eliminate duplication of efforts and redundant filings. To that end, where there are issues that are common to multiple Defendants, the Defendants' Executive Committees shall endeavor to eliminate duplication of efforts by, for example, presenting common issues through a single filing; or, where issues for argument apply to more than one party, presenting oral argument through one Defendant, subject to the right of any Named Defendant to address the Court on any issue that may pertain to that particular Named Defendant.

27. To the extent necessary, the Exhibit A Shareholder Defendants' Executive Committee will coordinate with the Named Defendants' Executive Committee in accordance with this order. The Exhibit A Shareholder Defendants' Executive Committee will also coordinate with the Individual Creditor Defendants' Executive Committee, as necessary, via

Liaison Counsel for the Exhibit A Shareholder Defendants, as assigned in paragraph 17 of this Order.

28.     Service as members of the Defendants' Executive Committees, as designated herein, shall not create any professional, ethical, fiduciary, or legal obligations between any firm serving in such capacity and any party other than its own clients.

### C.     Dismissal of Certain Claims

29.     Within 60 days of the entry of this Order, by way of amendment filed pursuant to paragraph 39 of this Order, the Committee shall dismiss, without prejudice, any Exhibit A Shareholder Defendant that is not named in any count in the complaint filed in the Committee Action other than Count 13, and that – based upon information currently in the possession, custody, or control of the Committee – received less than $50,000 in Shareholder Transfers (as defined in the complaint filed in the Committee Action). Such dismissal shall be without prejudice to: (i) each dismissed defendant's inclusion in the putative class of defendants; and (ii) the Committee's ability to reassert claims against any dismissed defendant that subsequent information later reveals received greater than $50,000 in Shareholder Transfers. Such amendment will be accompanied by a notice identifying all Exhibit A Shareholders who have been dismissed without prejudice pursuant to this paragraph and shall be served on all Exhibit A Shareholders who are being dismissed pursuant to this paragraph and who have previously been served.

30.     The Litigation Trustee shall determine whether to dismiss (if at all) any Exhibit A Shareholder Defendant that – based upon information currently in the possession, custody, or control of the Committee – received between $50,000 and $100,000 in Shareholder Transfers.

### D.     Motions to Dismiss

31.     Because Defendants have advised the Court that no motion could be made which, if successful, would dispose of the entirety of the Committee Action, Defendants shall not file any dispositive motions prior to the entry of orders disposing of the Phase One Motions described in more detail in paragraph 12 of this Order.  Following entry of orders disposing of the Phase One Motions, Liaison Counsel shall meet and confer as necessary regarding any pre-answer motions to dismiss that Defendants in the Committee Action may wish to file.  Such pre-answer motions to dismiss, if any, will be filed at a time and in a manner to be determined in a future Master Case Order, provided, however, that such motions will not be filed before the Litigation Trustee has replaced the Committee as the Plaintiff in the Committee Actions and has either amended the complaints in the Committee Actions or informed the Court in writing that it does not intend to amend such complaints as of the deadline set by the Court for filing motions to dismiss in Phase Two.

32.     After the Litigation Trustee appears and either amends the Committee Action complaints or informs the Court in writing that the Litigation Trustee does not intend to amend such complaints as of the deadline set for the filing of Phase Two motions to dismiss, this Court will fix a briefing schedule for Defendants Sam Zell and Affiliated Entities' Rule 11 motion.  In the interim, Defendants Sam Zell and Affiliated Entities' Rule 11 motion is stricken without prejudice and the Clerk is directed to terminate the motion pending at Docket No. 275 in Case No. 12 Civ 2652.

33.     Any Defendant may make an application to the Court to advance the filing and consideration of any dispositive motion on a showing of unreasonable delay in either the appointment of the Litigation Trustee or the Litigation Trustee's amendment of the Committee Action complaints.

## III.   **APPEARANCES**

34.     The Clerk is directed to note the appearances of all members of the Executive Committees in the Individual Creditor Actions and the Committee Actions on the docket of 12 MC 2296.

35.     Pursuant to the December 28, 2011 Order of this Court (Holwell, J.) [Docket No. 2], section IV of the January 27, 2012 Order of this Court (Holwell, J.) [Docket No. 6], paragraph 13 of Master Case Order No. 1 [Docket No. 9], any Defendant who has not been dismissed pursuant paragraph 13 or 29 of this Order, and who has not already registered with the Court for electronic case filing ("ECF") shall, on or before the later of 90 days from the entry of this Order, 30 days after the amendment of any complaint pursuant to paragraph 39 of this Order, or 30 days after the date of service of the complaint in which such Defendant is first named:

(i)  if such Defendant is not appearing pro se, counsel shall file a notice of appearance on the docket of 11 MD 2296 and register with the Court for ECF access; and

(ii)  if such Defendant is appearing pro se, that Defendant should file a notice of appearance on the docket of 11 MD 2296 stating the following:  (a) that Defendant is appearing as a pro se litigant, (b) whether such Defendant has access to email, and (c) Defendant's email address.

Any Exhibit A Shareholder Defendant who has not yet appeared shall not be required to file an appearance in 11 MD 2296 or the Committee Action until the entry of a subsequent Master Case Order that shall set forth the time and manner such appearances may be required.

Except for the summons and complaint in which a Defendant initially is named, Plaintiffs shall not be required to serve — other than by electronic means via the ECF system or, with respect to Defendants that appear pro se, via email — any docket entry upon any Defendant

25

who does not file a notice of appearance in accordance with this paragraph; provided that Plaintiffs shall be required to serve by postal mail any Defendant who is both appearing pro se and who does not have access to email.

## IV.   DISCOVERY

36.     Merits discovery in the Individual Creditor Actions and the Committee Actions is stayed until after the Court decides the Phase One Motions and pursuant to further order of the Court, provided, however, that a party may move the Court for permission to take discovery of any party or third-party witness who the moving party believes, in good faith, will be unavailable to provide testimony at a later date for one of the reasons set forth in Federal Rule of Civil Procedure 32(a)(4)(A) or (C).[7]

37.     All Discovery Disputes shall be governed by this Court's Individual Rules of Practice.

38.     The exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) is stayed pending consideration in connection with a future Master Case Order.

## V.   MOTIONS TO AMEND

39.     Plaintiffs are hereby granted leave to amend as follows:

(i)     Plaintiffs in the Individual Creditor Actions are hereby granted leave to amend any complaint filed in any Individual Creditor Action solely in order to: (i) add or drop a Defendant; (ii) alter the names, transfer amounts or other identifying information associated with an existing Defendant; (iii) correct non-substantive typographical errors; or (iv) with respect to the Retirees, delete a Plaintiff, or alter the way in which a Plaintiff is named.

---

[7] Plaintiffs have filed a letter memorandum with the Court seeking leave to take limited discovery (the "Discovery Letter"), and Defendants' opposition to the Discovery Letter (if any) must be filed by August 16, 2012. This Court has not yet issued a decision on the Discovery Letter, and this Order shall have no bearing on the Discovery Letter.

(ii)     The Committee is hereby granted leave to amend the complaints in the

Committee Actions to: (i) substitute a new Plaintiff for the Committee pursuant to the DCL Plan,

or any other plan of reorganization for Tribune Company that is confirmed by the U.S.

Bankruptcy Court for the District of Delaware; (ii) add or drop an Exhibit A Shareholder

Defendant in the Committee Action or dismiss one or more claims against any Defendant; (iii)

alter the names, transfer amounts or other identifying information associated with an existing

Exhibit A Shareholder Defendant in the Committee Action; or (iv) add clarifying language to

paragraph 79 and Count 13 of the complaint in the Committee Action, to make clear that the

Committee's intentional fraudulent transfer claim is being brought against the individual parties

listed on Exhibit A to the Committee Action complaint, as well as those described in footnote 2

on page 27 of that complaint.

## VI.     **CONFIDENTIAL INFORMATION**

40.     Consistent with a Protective Order issued by the U.S. Bankruptcy Court for the

District of Delaware, any Plaintiff may file under seal any complaint or amended complaint in

the Individual Creditor Actions or the Committee Actions that discloses information relating to

either: (i) the amount of any payment made to any Defendant in connection with the leveraged

buyout of Tribune Company in 2007; or (ii) any link between any Defendant and the entity that

produced such information (collectively, "Confidential Information"), provided that the Plaintiff

publicly files a redacted version of the pleading that redacts only such Confidential Information

and such other information required to be redacted by this Court's local rules. Additionally, any

Plaintiff may serve upon any Defendant a redacted version of any pleading that discloses

Confidential Information, provided that the redacted version of the pleading being served on

each Defendant shall not redact any Confidential Information that relates to the specific

Defendant being served.

27

## VII.   ANSWERS AND OTHER DISPOSITIVE MOTIONS

41.    No party in the Individual Creditor Actions or the Committee Actions shall file any answers, motions for judgment on the pleadings, motions for summary judgment, or motions to dismiss other than as contemplated in this Order, until further order of the Court.  A schedule for these filings will be determined as part of a future Master Case Order.

## VIII.   CLASS CERTIFICATION

42.    No party in the Individual Creditor Actions or the Committee Actions shall file any motions pursuant to Federal Rule of Civil Procedure 23 until after the conclusion of Phase Two.  A schedule for these proceedings will be determined as part of a future Master Case Order. Before the certification of any class under Federal Rule of Civil Procedure 23 in the Individual Creditor Actions or the Committee Actions, any putative class representatives shall owe no duties to any potential member of a putative defendant class.

## IX.   PRESERVATION OF EVIDENCE HELD BY THIRD PARTIES

43.    In addition to any other discovery that may be permitted by the Court, parties may, pursuant to Rule 45 of the Federal Rules of Civil Procedure, serve subpoenas upon third parties, solely for the purpose of commanding such third parties to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation.

## X.   PRIVILEGES

44.    "LBO-Related Documents" means documents that relate to the Tribune Company's 2007 leveraged buyout transactions or the transactions or events leading to it, including, but not limited to, documents that may be transferred pursuant to (1) the Agreement Respecting Transfer of Documents, Information, and Privileges from Debtors and Reorganized

Debtors and (2) the Agreement Respecting Transfer of Documents, Information, and Privileges from the Official Committee of Unsecured Creditors, exhibits to the DCL Plan.

45.     Communications among and between counsel for the Plaintiffs in the Individual Creditor Actions and the Committee Actions, or among and between counsel for the Defendants in the Individual Creditor Actions and the Committee Actions, relating to the conduct of this MDL proceeding, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product. Notwithstanding the foregoing, this provision does not, and is not intended to, (a) limit the rights of any party or counsel to assert the attorney-client privilege, the attorney-work-product doctrine, or the common-interest doctrine; or (b) determine whether the transfer or disclosure of any LBO-Related Documents, either before or after the entry of this Order, or as part of any communications among and between counsel for the Plaintiffs in the Individual Creditor Actions and the Committee Actions, or among and between counsel for the Defendants in the Individual Creditor Actions and the Committee Actions, constitutes a waiver or abandonment of any applicable privilege or protection that may attach to any such documents.

## XI.   EXTENSION OF TIME TO SERVE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)

46.     For good cause shown based upon the reasons set forth in Plaintiffs' Omnibus Motion pursuant to Federal Rule of Civil Procedure 4(m) [Docket No. 699], the Court hereby further enlarges, through and including January 15, 2013, both: (i) the time for service of any complaints already filed in any of the Individual Creditor Actions or any of the Committee Actions; and (ii) the time period referenced in Federal Rule of Civil Procedure 15(c)(1)(c) for purposes of all Individual Creditor Actions and all Committee Actions.

## XII.   MISCELLANEOUS

47.    In the event that liaison counsel submit any letter or letter memorandum to the Court, in connection with case management, scheduling, discovery matters, or otherwise, the submitting counsel shall simultaneously file on the ECF docket of 11 MD 2296 under the Filing Event "Notice (Other)" a notice of the submission of such letter or letter memorandum, with the letter or letter memorandum and any attachments thereto filed as exhibit(s) to such notice.

48.    Other than as is explicitly set forth herein, the agreement of the parties' in the Individual Creditor Actions and the Committee Actions to this schedule shall not be construed as a waiver of any applicable right, privilege, rule or law, including any right to move to compel or preclude discovery.

49.    Upon good cause shown, and on notice to all parties, any party in the Individual Creditor Actions or the Committee Actions may seek to have this Order modified by the Court.

50.    All pending motions to withdraw as counsel or to substitute counsel are granted.

51.    The Clerk is directed to terminate all pending motions on 11 MD 2296 and all related cases. The Clerk is further directed to strike and delete Docket No. 43 on 12 MC 2296.

52.    Upon the entry of orders deciding the Phase One Omnibus Motion and the Phase One Jurisdiction Motion, if any, in the Individual Creditor Actions, the parties shall: (i) meet and confer regarding the contours and contents of a Master Case Order that addresses the timing and procedure for the submission in Phase Two of any motions to dismiss; and (ii) within 14 days after the entry of orders deciding the Phase One Omnibus Motion and the Phase One Jurisdiction Motion, shall submit to the Court an agreed-upon proposed Master Case Order that addresses the timing and procedure for the submission in Phase Two of any motions to dismiss.  If the parties cannot reach agreement, they shall submit a joint document to the Court describing the areas of agreement and disagreement.

CONCLUSION

This Master Case Order No. 3, <u>inter alia</u>, establishes Liaison Counsel and

Executive Committees for the parties in the Individual Creditor Actions and the Committee

Actions, and fixes the following briefing schedule for Phase One Motions in the Individual

Creditor Actions:  (1) Phase One Motions by November 6, 2012; (2) Phase One oppositions by

December 21, 2012; (3) Phase One replies by February 4, 2013; and (4) Oral argument on the

Phase One Motions will be heard on March 1, 2013 at 11:00 a.m.

Dated: September 7, 2012
       New York, New York

SO ORDERED:


WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*

31

**EXHIBIT A**

**SCHEDULE OF INDIVIDUAL CREDITOR ACTIONS**

| Transferor Court | Caption | SDNY Case Number |
|---|---|---|
| AZ | Deutsche Bank Trust Co. Americas, et al. v. King, et al. | 1:11-cv-09410-WHP |
| CA | Deutsche Bank Trust Co. Americas, et al. v. First Republic Bank, et al. | 1:11-cv-09572-WHP |
| CO | Deutsche Bank Trust Co. Americas, et al. v. Fushimi, et al. | 1:12-cv-00549-WHP |
| CT | Deutsche Bank Trust Co. Americas, et al. v. Sirius Int'l Ins. Corp., et al. | 1:11-cv-09583-WHP |
| DC | Deutsche Bank Trust Co. Americas, et al. v. Anderson, et al. | 1:11-cv-09510-WHP |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Sowood Alpha Fund LP, et al. | 1:11-cv-09586-WHP |
| FL | Deutsche Bank Trust Co. Americas, et al. v. Waterman Broadcasting Corp., et al. | 1:12-cv-00061-WHP |
| IL | Deutsche Bank Trust Co. Americas, et al. v. Ohlson Enters., et al. | 1:12-cv-00064-WHP |
| IN | Deutsche Bank Trust Co. Americas, et al. v. Robert Dishon Family Trust, et al. | 1:11-cv-09581-WHP |
| IN | Deutsche Bank Trust Co. Americas, et al. v. 1st Source Bank, et al. | 1:11-cv-09582-WHP |
| MA | Deutsche Bank Trust Co. Americas, et al. v. Richard Paniagua, et al. | 1:11-cv-09409-WHP |
| MD | Deutsche Bank Trust Co. Americas, et al. v. McGurn, et al. | 1:12-cv-00063-WHP |
| MN | Deutsche Bank Trust Co. Americas, et al. v. Ameriprise Trust Co., et al. | 1:11-cv-09590-WHP |
| NC | Deutsche Bank Trust Co. Americas, et al. v. The Burroughs Wellcome Fund, et al. | 1:11-cv-09511-WHP |
| NJ | Deutsche Bank Trust Co. Americas, et al. v. Sumitomo Trust & Banking Co. (U.S.A.), et al. | 1:11-cv-09406-WHP |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Adaly Opportunity Fund TD Securities Inc. C/O Adaly Investment Management Co. et al | 1:11-cv-04784-WHP |
| OH | Deutsche Bank Trust Co. Americas, et al. v. Huntington National Bank, et al. | 1:11-cv-09589-WHP |
| OH | Deutsche Bank Trust Co, Americas, et al. v. American Electric Power, et al. | 1:11-cv-09592-WHP |
| PA | Deutsche Bank Trust Co. Americas, et al. v. Ametek Inc Employees Master Retirement Trust, et al. | 1:11-cv-09598-WHP |
| TX | Deutsche Bank Trust Co. Americas, et al. v. Employees Retirement Fund of the City of Dallas, et al. | 1:11-cv-09568-WHP |
| VA | Deutsche Bank Trust Co. Americas, et al. v. Ader, et al. | 1:11-cv-09571-WHP |
| VT | Deutsche Bank Trust Co. Americas, et al. v. Long, et al. | 1:11-cv-09570-WHP |

| Transferor Court | Caption | SDNY Case Number |
|---|---|---|
| WA | Deutsche Bank Trust Co. Americas, et al. v. Automotive Machinists Pension Trust Fund, et al. | 1:11-cv-09588-WHP |
| WI | Deutsche Bank Trust Co. Americas, et al. v. Assoc. Bank Green Bay, NA, et al. | 1:11-cv-09514-WHP |
| WI | Deutsche Bank Trust Co. Americas, et al. v. Mazur | 1:11-cv-09515-WHP |
| NY | Deutsche Bank Trust Co. Americas, et al. v. CIBC World Markets Corp., et al. | 1:11-cv-05136-WHP |
| CA | Deutsche Bank Trust Co. Americas, et al. v. AG Edwards & Sons, et al. | 1:11-cv-09593-WHP |
| CO | Deutsche Bank Trust Co. Americas, et al. v. Oppenheimer Main Street Select Fund, et al. | 1:12-cv-00550-WHP |
| CT | Deutsche Bank Trust Co. Americas, et al. v. Aetna, Inc., et al. | 1:11-cv-09584-WHP |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Verizon Inv. Mgmt. Corp., et al. | 1:11-cv-09594-WHP |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Alliance Capital Mgmt LLC, et al. | 1:11-cv-09595-WHP |
| IL | Deutsche Bank Trust Co. Americas, et al. v. 1994 Alicia P. Guggenheim, et al. | 1:12-cv-00065-WHP |
| MA | Deutsche Bank Trust Co. Americas, et al v. Eaton Vance Multi Cap Growth Portfolio, et al. | 1:11-cv-09408-WHP |
| MD | Deutsche Bank Trust Co. Americas, et al. v. National Electrical Benefit Fund, et al. | 1:12-cv-00062-WHP |
| MN | Deutsche Bank Trust Co. Americas, et al. v. Pandora Select Partners LP, et al. | 1:11-cv-09599-WHP |
| NC | Deutsche Bank Trust Co. Americas, et al. v. Aqua America-Gabelli Asset Mgt, et al. | 1:11-cv-09512-WHP |
| NJ | Deutsche Bank Trust Co. Americas, et al. v. Merrill Lynch Trust Co., et al. | 1:11-cv-09407-WHP |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Abu Dhabi Investment Authority, et al. | 1:11-cv-04522-WHP |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Blackrock Institutional Trust Company, N.A., et al. | 1:11-cv-09319-WHP |
| OH | Deutsche Bank Trust Co. Americas, et al. v. Goodrich Corp MAS TR QUAL EMPL BEN, et al. | 1:11-cv-09591-WHP |
| PA | Deutsche Bank Trust Co. Americas, et al. v. ING Trust Equity Inc. Port et al | 1:11-cv-09597-WHP |
| TX | Deutsche Bank Trust Co. Americas, et al. v. Bank of America N.A. / GWIM Trust Operations, et al. | 1:11-cv-09569-WHP |
| TX | Deutsche Bank Trust Co. Americas, et al. v. AIG Life Insurance Company, et al. | 1:12-cv-00552-WHP |
| CA | Deutsche Bank Trust Co. Americas, et al v. Wells Fargo Bank, N.A. et al | 1:11-cv-09585-WHP |

| Transferor Court | Caption | SDNY Case Number |
|---|---|---|
| DE | Deutsche Bank Trust Co. Americas, et al. v. RBS Securities, et al. | 1:11-cv-09587-WHP |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Wells Fargo Investments, LLC, et al. | 1:11-cv-09596-WHP |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Cantor Fitzgerald & Co., et al. | 1:11-cv-04900-WHP |
| MN | Deutsche Bank Trust Co. Americas, et al. v. U.S. Bank, N.A., et al. | 1:11-cv-09600-WHP |
| CA | William A. Niese et al. v. Chandler Trust No. 1 | 1:12-cv-00554-WHP |
| DE | William A. Niese et al. v. A.G. Edwards Inc. | 1:12-cv-00551-WHP |
| IL | William A. Niese et al. v. ABN AMRO Clearing Chicago LLC | 1:12-cv-00555-WHP |
| NY | William A. Niese et al. v. Alliance Bernstein L.P. | 1:11-cv-04538-WHP |