*Tribune Company Fraudulent Conveyance litigation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Deutsche Bank
Plaintiffs

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

John Mulloly
OHlson enterprises
Gerald Aserma
Marcia Aserma

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

Docket No
11-MD-2296 (WHP)(JLC)

1:12 Civ. 06064 (WHP)(JLC)

**ANSWER**

Deny all claims

RECEIVED JAN 3 2013 PRO SE OFFICE

ELECTRONICALLY FILED
DOC #:
FILED: 1/3/13

## I
### ADMISSIONS AND DENIALS

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

1. Deny all claims - please see attachment
2.
3.
4.
5.
6.
7.
8.
9.
10.

# II
## DEFENSES

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case. Attach additional sheets of paper as necessary.*

FIRST DEFENSE: Failure to state a claim

SECOND DEFENSE: No evidence

THIRD DEFENSE: 

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims. See the Pro Se Manual for a further explanation.]*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 27 day of December, 2012.

Signature of Defendant /s/ M. Mulley

Address 4340 N. Oakley
Chicago, IL 60618

Telephone Number 630 675-7213

Fax Number (if you have one) _____

# CIVIL ACTION NO. 1:12-cv-00064 (WHP)(JLC) / FOURTH AMENDED COMPLAINT
IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION

I, John Mullooly, the defendant deny all claims of committing any fraudulent activity in regards to the Tribune company Leveraged buyout offer. I also deny having any information in regards to anyone else acting in a malevolent manner in this transaction, before, during and after the buyout. I will now attempt to address each individual complaint.

In paragraph 1, the defendant denies the LBO lined the shareholders pockets and also precipitated Tribune's careen into bankruptcy.

In paragraph 2, the defendant denies any information that transfers were fraudulent. The defendant denies Tribune wasn't given fair consideration in exchange. The defendant denies any information or knowledge that Tribune was rendered insolvent, that it engaged or was about to engage, in a business or a transaction for which any remaining property was an unreasonably small capital, or that The tribune could not pay of any debts it had or was about to incur as they matured.

In regards to paragraph 3, the defendant denies any information or knowledge that the largest shareholders desperately wanted an exit strategy. The defendant admits that on April 1, 2007, the tribune's board of directors approved a bid by Sam Zell to acquire Tribune.

In regards to paragraph 4, the defendant denies the plaintiff's characterization of an LBO as fraudulent transfer that benefits to shareholders and not the creditors.

In regards to paragraph 5, the defendant denies without significant knowledge the amount of debt owed by the Tribune company before and after the LBO.

In regards to paragraph 6, the defendant denies that the LBO was a textbook fraudulent transfer.

In regards to paragraph 7, the defendant denies that the Tribune received no value whatsoever in exchange for shareholder transfers and the characterization that the transaction was reckless.

In regards to paragraph 8, the defendant denies and rejects the characterizations made concerning the publishing industry and the Tribune's potential as an LBO candidate.

In regards to paragraph 9, the defendant denies having any information regarding the management's concerns about circulation or revenue.

In regards to paragraph10, the defendant denies having any knowledge i regards to management projections.

In regards to paragraph 11, the defendant denies the plaintiff's characterization of tribune's financial and operating performance .

In regards to paragraph 12, the defendant denies and rejects the plaintiff's characterization about the LBO and Tribune. The defendant admits that Tribune did file for bankruptcy in 2008.

In regards to paragraph 15, the defendant denies, due to a lack of sufficient knowledge, who the

plaintiff is and what notes they are owed, debentures due.

In regards to paragraph 16, the defendant denies, due to lack of knowledge, who or what the plaintiff law debenture is or what they are owed.

In regards to paragraph 17, the defendant denies which debt securities are owed for paragraphs 16 and 17.

In regards to paragraph 18, the defendant denies any knowledge that the plaintiff Wilmington Trust is a trust company, that it is incorporated in the state of Delaware, and that it is successor trustee fund for any funds due at anytime, concerning the tribune company and any trustees.

In regards to paragraph 19, the defendant denies the pre-LBO shareholders have unsatisfied claims against Tribune.

In regards to paragraph 20, the defendant denies any knowledge any senior notes or phone notes were issued and outstanding, concerning step one.

In regards to paragraph 21, the defendant denies any knowledge any senior notes or phone notes were issued and outstanding, concerning step two.

In regards to paragraphs 22 through 29, the defendant denies any information concerning who the other defendants are, or where the live or what they are also being sued for.

In regards to paragraph 33, the defendant denies that Tribune did not receive reasonably equivalent value or fair consideration in exchange for shareholder transfers. The defendant denies that the sum of tribunes debts was greater than all of tribune's assets at affair valuation at the time the shareholder transfers were made. The defendant denies that at the time the transfers were made, the Tribune was left with unreasonably small capital in relation to the business transaction. The defendant also denies that at the time the shareholder transfers were made, the tribune intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

In regards to paragraph 35, the defendant denies that the shareholder class representatives have as much incentive to vigorously defend against the claims asserted fern than would any shareholder class member individually.

In regards to paragraph 42, the defendant admits the Tribune was founded in 1847 and has exposure to 80% of U.S. households.

In regards to paragraph 43, the defendant admits that the Tribune merged with Times Mirror.

In regards to paragraph 44, the defendant denies any knowledge of Tribune liquidating assets or shedding jobs or decreased circulation and revenue.

In regards to paragraph 45, the defendant denies any knowledge of the Chandler Trust' patience or if they complained about the Tribune's performance .

In regards to paragraph 46, the defendant denies any knowledge to the tribune board's attempts repurchase shares or the chandler trusts' misgivings concerning such an attempt.

2

In regards to paragraphs 47 through 50, the defendant denies any knowledge about further drama being the tribune's board and the chandler trust, or attempts to boost the stock price.

In regards to paragraph 51, the defendant admits that Sam Zell emerged a s potential buyer for the tribune: however, the defendant denies any action by the tribune board to placate the large shareholders.

In regards to paragraph 52, the defendant admits that an LBO was proposed: however, the defendant denies any knowledge about who proposed what to whom. The defendant denies any knowledge about the timeline about the proposition.

In regards to paragraph 53, the defendant denies having sufficient knowledge about how much money was to be borrowed and and who was to buy out the shareholders or how money Sam Zell was going to invest.

In regards to paragraph 54, the defendant denies any knowledge about management's alleged misgivings concerning the LBO.

In regards to paragraph 55, the defendant denies having any knowledge concerning the shareholders state of mind, or what they find "to hard to resist".

In regards to paragraph 56, the defendant admits the shares were to be repurchased at $34 a share.

In regards to paragraph 57, the defendant, denies the characterization that the LBO was set up to fool anyone into thinking it was less that a two step process.

In regards to paragraph 58, the defendant denies the allegation that tribune promoted the transaction as a single one.

In regards to paragraph 59, the defendant denies the allegation that the LBO was designed solely for generating certain tax benefits.

In regards to paragraph 60 and 61, the defendant denies any knowledge that the LBO was intended as one step process and that shareholder approval was virtually guaranteed.

In regards to paragraph 64. the defendant denies that the consequences of the LBO were foreseeable and foreseen. The defendant denies any knowledge that the shareholders reaped the financial benefits of the transfers and knew , or should have known or had any reason to know that these transfers would have rendered Tribune insolvent, inadequately capitalized and unable to satisfy its obligations.

In regards to paragraph 83, the defendant denies that Valuation research corporation (VRC) was the last ditch choice for tribune.

In regards to paragraph 84, the defendant, denies that VRC demanded higher fees based on higher risk involved in this transaction.

In regards to paragraph 86, the defendant denies due to insufficient evidence that the VRC was instructed to ignore generally accepted practices and use valuations preferable to LBO. The defendant denies That the VRC engaged in any activity that wasn't completely independent.

In regards to paragraph 87, the defendant denies any knowledge that VRC used projections that were

3

not accurate or reasonable.

In regards to paragraph 88, the defendant denies any knowledge on Tribune's revenues

In regards to paragraph 89, the defendant denies any knowledge that the management engaged in unethical behavior outlined in this paragraph.

In regards to paragraph 91, the defendant denies the opinions of VRC were substantially flawed and unreliable for any reasons.

In regards to paragraph 92, the defendant denies the plaintiff's valuation of Tribune's assets and liabilities and degree of insolvency.

In regards to paragraph 94, the defendant denies that the company's operating cash flows were also insufficient to meet its debt service obligations.

In regards to paragraph 95, the defendant denies the Company had insufficient capital resources to fund its operations and service its debt.

In regards to paragraph 96, the defendant denies VRC's Step Two solvency analysis exhibited many of the same flaws and skewed assumptions.

In regards to paragraph 97, the defendant denies VRC's Step Two solvency was based upon unreliable financial projections.

In regards to paragraph 101, the defendant denies the October projections were unreasonable and unreliable.

In regards to paragraph 102, the defendant rejects without sufficient knowledge that the Company was insolvent to the extent of approximately $3.32 billion.

In regards to Count One:

In regards to paragraph 109, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 112, the defendant denies that the Tribune did not receive fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 113, the defendant denies the value of the shares were less than the amount that would have been required to pay Tribune's probably liabilities on its existing debts as they became absolute and matured.

In regards to paragraph 114, the defendant denies the Shareholders Transfers should be set aside and recovered.

In regards to Count Two:

In regards to paragraph 115, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 118, the defendant denies that Tribune did not receive, and none of the

4

Shareholder Defendants gave, fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 119, the defendant denies at the time the Shareholder Transfers were made, Tribune was engaged or was about to engage in a business transaction for which the property remaining with Tribune after making the Shareholder Transfers was an unreasonably small capital.

In regards to paragraph 120, the defendant denies the Shareholder Transfers should be set aside and recovered.

In regards to Count Three:

In regards to paragraph 121, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 124, the defendant denies that Tribune did not receive, and none of the Shareholder Defendants gave, fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 125, the defendant denies at the time the Shareholder Transfers were made, Tribune was engaged or was about to engage in a business transaction for which the property remaining with Tribune after making the Shareholder Transfers was an unreasonably small capital.

In regards to paragraph 126, the defendant denies the Shareholder Transfers should be set aside and recovered.

In regards to Count Four:

In regards to paragraph 127, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 130, the defendant denies that Tribune did not receive, and none of the Shareholder Defendants gave, fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 131, the defendant denies at the time the Shareholder Transfers were made, Tribune was engaged or was about to engage in a business transaction for which the property remaining with Tribune after making the Shareholder Transfers was an unreasonably small capital.

In regards to paragraph 133, the defendant denies the Shareholder Transfers should be set aside and recovered.

In regards to Count Five:

In regards to paragraph 134, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 137, the defendant denies that Tribune did not receive, and none of the Shareholder Defendants gave, fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 138, the defendant denies at the time the Shareholder Transfers were made, Tribune was engaged or was about to engage in a business transaction for which the property

remaining with Tribune after making the Shareholder Transfers was an unreasonably small capital.

In regards to paragraph 139, the defendant denies the Shareholder Transfers should be set aside and recovered.

In regards to Count Six:

In regards to paragraph 140, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 144, the defendant denies that Tribune did not receive, and none of the Shareholder Defendants gave, fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 145, the defendant denies at the time the Shareholder Transfers were made, Tribune was engaged or was about to engage in a business transaction for which the property remaining with Tribune after making the Shareholder Transfers was an unreasonably small capital.

In regards to paragraph 147, the defendant denies the Shareholder Transfers should be set aside and recovered.

In regards to Count Seven:

In regards to paragraph 148, the defendant repeats every response to every allegation in all prior paragraphs.

In regards to paragraph 152, the defendant denies that Tribune did not receive, and none of the Shareholder Defendants gave, fair consideration in exchange for the Shareholder Transfers.

In regards to paragraph 153, the defendant denies at the time the Shareholder Transfers were made, Tribune was engaged or was about to engage in a business transaction for which the property remaining with Tribune after making the Shareholder Transfers was an unreasonably small capital.

In regards to paragraph 154, the defendant denies the Shareholder Transfers should be set aside and recovered.

Defense 1 - Failure to State a Claim

Defendant answering the Complaint herein, alleges at all allegation and counts brought forth therein fails to state a claim for which relief can be granted.

Wherefore, Defendant prays that the Plaintiff take nothing and the Defendant have judgment against the Plaintiff and recover the costs of suit herein, and such other relief the court may deem proper.



Dated this 27th day of December, 2012.


John P. Mullooly
4340 N. Oakley Ave #2
Chicago, IL 60618

**CERTIFIED MAIL**

7010 1870 0001 3429 5147

John Mulooly
4340 N. Oakley Ave #2
Chicago, IL 60618

$004.59 — PITNEY BOWES — DEC 29 2012 — MAILED FROM ZIP CODE 60618

United States Postage
First Class Mail
ComBasPrice

United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York
10007-1312

USM SDNY

PRO SE OFFICE
RECEIVE[D]
JAN X 3 2013

**Scotch**
**Scotch** Bubble Mailer

**HANDLE WITH CARE**