IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL MATTERS | Consolidated Multidistrict Action<br>11 MD 2296 (WHP)<br><br>ECF Case |

**DECLARATION OF JAY TEITELBAUM IN SUPPORT OF PLAINTIFFS' THIRD OMNIBUS MOTION TO ENLARGE THE TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS**

JAY TEITELBAUM, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

   1.   I am a member of the bar of the State of New York and a partner at Teitelbaum & Baskin, LLP, counsel for the Retiree Plaintiffs, consisting of 165 individual retirees of The Times Mirror Company and the Tribune Company,[1] (who are individual creditors of Tribune holding claims in excess of $71 Million as a result of unpaid retirement benefits) and Plaintiffs' Liaison Counsel on behalf of all Retiree Plaintiffs, and submit this declaration in support of Plaintiffs' Third Omnibus Motion to Enlarge the Time for Service of Summonses and Complaints (the "Motion").[2]

---

[1] 22 of the original Retiree Plaintiffs have voluntarily withdrawn from this action either because they have been paid in full on their claims against one or more of the Tribune Entities, as of the Effective Date of December 31, 2012, or for other reasons.

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

{698.001-W0024304.}   1

2. Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, my review of pleadings, filings, and other relevant documents available to me as counsel to the Retiree Plaintiffs. I am fully familiar with the facts set forth herein.

3. I also refer to the declarations of counsel for the Note Holder Plaintiffs and the Trustee Plaintiff submitted in support of the Motion.

4. Since commencing the Retiree Actions, the Retiree Plaintiffs have made continuous and diligent efforts to identify, locate, and serve the 658 defendants that were named in the Retiree Actions. The defendants are individuals who allegedly received transfers of at least $1 million and business entities which allegedly received transfers of at least $250,000.00.

5. As of today's date—and despite diligent and, in most cases, repeated efforts—the Retiree Plaintiffs have been unable to serve approximately 268 of these defendants (the "<u>Unserved Retiree Defendants</u>"). This tally of Unserved Retiree Defendants includes some defendants who may have been effectively served, but for whom the Retiree Plaintiffs are still awaiting confirmation of effective service.

6. Retiree Plaintiffs have also encountered difficulty in locating defendants, either because, among other reasons, they may have ceased doing business or because their listed addresses are no longer in use. The Retiree Plaintiffs have searched and continue to search (i) multiple government and commercial databases to check addresses prior to service, (ii) have made and continue to make requests of counsel who may have appeared in other matters for named defendants to determine if they could accept service or provide addresses for service, and (iii) have made multiple attempts to serve certain of these defendants using a variety of service methods authorized under the Federal Rules. The Retiree Plaintiffs continue to receive updated

information from the Committee Plaintiff and Trustee Plaintiff regarding the identity and location of defendants.

7.     Obtaining the voluminous data necessary to effectuate nationwide service is an enormous undertaking by itself, and Retiree Plaintiffs anticipate that additional obstacles to perfecting service are likely to arise even once the necessary information has been gathered.  For example, Retiree Plaintiffs likely will be required to (x) make multiple attempts to serve defendants using a variety of service methods authorized under the Federal Rules, (y) deal with defendants who may seek to avoid or otherwise thwart Retiree Plaintiffs' attempts at service, and (z) engage in further investigative efforts where necessary.

8.     In addition to seeking to further amend the Complaints to add new parties as defendants based on information unavailable to Retiree Plaintiffs at the time the Complaints originally were filed, the Retiree Plaintiffs expect to amend the Retiree Action Complaints to delete defendants who have demonstrated that they are not proper parties and to delete certain plaintiffs who have determined not to proceed with the litigation for various reasons.

9.     Given the notoriety of the Tribune Bankruptcy Cases and the Avoidance Actions, it is submitted that present and future Unserved Retiree Defendants are aware of the claims which have been and will be asserted and that they will not be prejudiced by the relief requested in the Motion.

10.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2013

By: /s/ Jay Teitelbaum