IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (WHP) |
| | ECF Case |
| THIS DOCUMENT RELATES TO: ALL MATTERS | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' THIRD OMNIBUS MOTION TO ENLARGE THE TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS**

Plaintiffs Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Notes commonly referred to as the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Note Holder Plaintiffs"), 165 individual retirees of The Times Mirror Company and the Tribune Company (the "Retiree Plaintiffs"),[1] and Marc S. Kirschner as Litigation Trustee of the Tribune Litigation Trust (the "Trustee Plaintiff"[2]

---

[1] Twenty-two of the original Retiree Plaintiffs have voluntarily withdrawn from this action either because they have been paid in full on their claims against one or more of the Tribune Entities, as of the Effective Date of December 31, 2012, or for other reasons.

[2] On December 31, 2012, the Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official

{698.001-W0024281.2}   1

and, together with the Note Holder Plaintiffs and the Retiree Plaintiffs, the "Plaintiffs"), through their respective undersigned counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 4(m), for entry of an order—in a form substantially similar to that annexed to the Notice of Motion as Exhibit A—enlarging, through and including July 12, 2013, both: (i) the time for service of summonses and complaints in all actions (the "Avoidance Actions") commenced by Plaintiffs;[3] and (ii) the time period referenced in FRCP 15(c)(1)(C).

For the avoidance of doubt, this motion (the "Motion") is expressly permitted notwithstanding that the Avoidance Actions have been partially stayed.  First, on January 25, 2012, Judge Holwell entered an order clarifying that "the Master Stay Order does not prohibit plaintiffs from filing motions seeking: (i) a further extension of the relevant service-related periods as may be necessary in any action; (ii) authorization to serve specified defendants by alternate means; and/or (iii) similar relief related to service issues."  See Order, 4 (Jan. 25, 2012), ECF No. 386.  Second, this Court's Master Case Order No. 1 decreed that the foregoing aspect of Judge Holwell's order remains in effect.[4]  See Master Case Order No. 1 ¶ 15 (Feb. 23, 2012), ECF No. 569.  Third, at the July 10, 2012 status conference, this Court indicated its willingness to extend the FRCP 4(m) deadline if necessary, see Tr. of Initial Status Conf., 66-67 (July 10,

---

Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as confirmed July 23, 2012) (the "DCL Plan"), the Trustee Plaintiff was appointed as Litigation Trustee of the Tribune Litigation Trust.  Pursuant to the DCL Plan and paragraph 19 of Master Case Order No. 3, the Trustee Plaintiff became successor plaintiff to the Committee Plaintiff in the Committee Actions.  See Master Case Order No. 3 ¶ 19 (Sept. 7, 2012), ECF No. 1395.  The Trustee Plaintiff has submitted to the Clerk's office a Notice of Substitution of Party, Counsel, and Liaison Counsel in the Committee Actions, which has not yet been docketed.

[3] A schedule of the Avoidance Actions is annexed to the Notice of Motion as Exhibit B.

[4] Accordingly, Plaintiffs understand that they are permitted to file this Motion without the need to send a pre-motion letter and request a pre-motion conference.

2012), and subsequently extended that deadline through and including January 15, 2013, see Master Case Order No. 3 ¶ 46 (Sept. 7, 2012), ECF No. 1395.

## INTRODUCTION

On March 29, 2012, Plaintiffs moved the Court (the "First Omnibus FRCP 4(m) Motion") to extend the time for Plaintiffs to serve summonses and complaints in the Avoidance Actions through and including August 31, 2012. See Plaintiffs' Omnibus Motion to Enlarge the Time for Service of Summonses and Complaints (Mar. 29, 2012), ECF Nos. 698–702. On June 5, 2012, the Court granted the First Omnibus FRCP 4(m) Motion. See Master Case Order No. 2 ¶ 10 (June 5, 2012), ECF No. 1050.

On July 26, 2012, Plaintiffs sought the Court's leave (the "Discovery Motion") to "take (and/or move to compel previously served) discovery to obtain information" that, among other things, would have "enable[d] Plaintiffs to . . . serve[] a limited group of named defendants that Plaintiffs [have been] unable to serve due to inaccurate or incomplete information regarding a defendant's identity or location, or the identity or location of the party through whom the defendant must be served." See Letter from Plaintiffs to Hon. William H. Pauley III, at 1 (July 26, 2012). On August 10, 2012, Interim Co-Liaison Counsel for defendants named in the Individual Creditor Actions opposed the Discovery Motion. See Letter from Interim Co-Liaison Counsel for defendants in the Note Holder and Retiree Actions to Hon. William H. Pauley, III (Aug. 10, 2012). The Court has not yet ruled on the Discovery Motion.

On August 30, 2012, Plaintiffs moved the Court (the "Second Omnibus FRCP 4(m) Motion") to extend the time for Plaintiffs to serve summonses and complaints in the Avoidance Actions through and including January 15, 2013 (the "Existing Omnibus FRCP 4(m) Deadline"). See Plaintiffs' Second Omnibus Motion to Enlarge the Time for Service of Summonses and

Complaints (Aug. 30, 2012), ECF Nos. 1364–68.  On September 7, 2012, the Court granted the Second Omnibus FRCP 4(m) Motion.  See Master Case Order No. 3 ¶ 46 (Sept. 7, 2012), ECF No. 1395.

Plaintiffs have continued to make diligent efforts—without the aid of discovery—to identify, locate, and serve all defendants who were not served as of the date the Second Omnibus FRCP 4(m) Motion was granted, as well as all defendants who were subsequently added by amendments to the Plaintiffs' complaints in October and November of 2012.  Nevertheless, Plaintiffs require additional time to complete this process.  Should the Court not issue an order granting this Motion before the Existing Omnibus FRCP 4(m) Deadline expires, Plaintiffs respectfully request that any such order, when issued, confirm that the FRCP 4(m) extension is retroactive to January 15, 2013.

## BACKGROUND

I.  **AVOIDANCE ACTIONS COMMENCED BY NOTE HOLDER PLAINTIFFS (THE "NOTE HOLDER ACTIONS")**

Since commencing the Note Holder Actions, the Note Holder Plaintiffs have made continuous and diligent efforts to identify, locate, and serve the approximately 3,000 defendants that were named in the Note Holder Actions before October 2012.  See Declaration of David Zensky (the "Zensky Declaration") ¶ 3.  As of the filing of this Motion—and despite diligent and, in most cases, repeated efforts—the Note Holder Plaintiffs have been unable to serve approximately 150 of these defendants.[5]  See id. ¶ 4.

On various dates in October and November 2012, the Note Holder Plaintiffs filed amended complaints (the "Recently Amended Note Holder Complaints") in sixteen Individual

---

[5] This tally of unserved defendants includes some defendants who may have been effectively served, but for whom the Note Holder Plaintiffs are still awaiting confirmation of effective service.

{698.001-W0024281.2}                               4

Creditor Actions.[6]  See id. ¶ 5.  The Recently Amended Note Holder Complaints reflect: (i) pursuant to paragraph 13 of Master Case Order No. 3, the Note Holder Plaintiffs' voluntary dismissal as named defendants, without prejudice, of all defendants that, based upon information currently in the possession, custody, or control of the Note Holder Plaintiffs, received less than $100,000 in Shareholder Transfers; (ii) the Note Holder Plaintiffs' voluntary dismissal of certain other defendants; and (iii) the addition of more than 550 newly discovered defendants that received greater than $100,000 in Shareholder Transfers.  See id.  Pursuant to FRCP 4(m), the time for the Note Holder Plaintiffs to serve the Recently Amended Note Holder Complaints expires on various dates in February and March 2013—120 days after the date on which each Recently Amended Note Holder Complaint was filed.  As of the filing of this Motion, the Note Holder Plaintiffs have effectuated service upon approximately 375 of the defendants that were added in the Recently Amended Note Holder Complaints, but have been unable to effectively serve approximately 175 defendants—despite diligent and, in most cases, repeated efforts.[7]  See id. ¶ 6.

Although the Note Holder Plaintiffs have now served the vast majority of the named defendants in the Note Holder Actions, efforts to locate and serve the approximately 325 remaining defendants (the "Unserved Note Holder Defendants") is ongoing, and additional time is required.  See id. ¶ 7.  Specifically, additional research—and discovery, if necessary—must still be performed, including identifying: (i) addresses for any Unserved Note Holder Defendants whose contact information was not provided; and (ii) different addresses for any Unserved Note

---

[6] Capitalized terms have the meaning ascribed to them in Master Case Order No. 3 (Sept. 7, 2012), ECF No. 1395.

[7] This tally of unserved defendants includes some defendants who may have been effectively served, but for whom the Note Holder Plaintiffs are still awaiting confirmation of effective service.

Holder Defendants upon whom service was attempted, but for whom summonses were returned as undeliverable.  See id.

II.  **AVOIDANCE ACTIONS COMMENCED BY RETIREE PLAINTIFFS (THE "RETIREE ACTIONS")**

Despite multiple attempts at service and continued due diligence to identify correct party names and addresses, Retiree Plaintiffs have been unable to complete service upon approximately 268 defendants (the "Unserved Retiree Defendants") that are named in the Retiree Actions.  See Declaration of Jay Teitelbaum (the "Teitelbaum Declaration") ¶ 5.

Retiree Plaintiffs have encountered difficulty in locating defendants because, among other things, defendants may have ceased doing business or because their listed addresses are no longer in use.  See id. ¶ 6.  The Retiree Plaintiffs have: (i) searched and continue to search multiple government and commercial databases to check addresses prior to service; (ii) made and continue to make requests of counsel who may have appeared in other matters for named defendants to determine if they could accept service or provide addresses for service; and (iii) undertaken multiple attempts to serve certain of these defendants using a variety of service methods authorized under the FRCP.  See id.

Obtaining the voluminous data necessary to effectuate service is an enormous undertaking, and the Retiree Plaintiffs anticipate that substantially more time will be required to discover additional information and complete effective service on all defendants, including by re-serving certain defendants where necessary.  In addition, the Retiree Plaintiffs anticipate that further obstacles to perfecting service are likely to arise even once the necessary information has been gathered.  See id. ¶ 7.  For example, Retiree Plaintiffs likely will be required to make multiple attempts to serve defendants using a variety of service methods authorized under the

FRCP, serve defendants who may seek to avoid or otherwise thwart Retiree Plaintiffs' attempts at service, and engage in further investigative efforts where necessary.  See id.

III. **AVOIDANCE ACTION COMMENCED BY COMMITTEE PLAINTIFF (THE "COMMITTEE ACTION")**

Since commencing the Committee Action, the Trustee Plaintiff, including his predecessor the Official Committee of Unsecured Creditors of Tribune Company (the "Committee Plaintiff"), has made continuous and diligent efforts to identify, locate, and serve the approximately 30,000 defendants that were originally named in the Committee Action.  See Declaration of James S. Green, Jr. (the "Green Declaration") ¶ 3.  As of the filing of this Motion—and despite diligent and, in most cases, repeated efforts—the Trustee Plaintiff has been unable to serve approximately 265 of these defendants that were originally named in the Committee Action.  See id. ¶ 4.

On November 7, 2012, the Committee Plaintiff filed an amended complaint (the "Recently Amended Committee Complaint") in the Committee Action.  See id. ¶ 5.  The Recently Amended Committee Complaint reflects: (i) pursuant to paragraph 29 of Master Case Order No. 3, the Committee Plaintiff's voluntary dismissal as named defendants, without prejudice, of all defendants that, based upon information currently in the possession, custody, or control of the Committee Plaintiff, received less than $50,000 in Shareholder Transfers; (ii) the Committee Plaintiff's voluntary dismissal of certain other defendants; and (iii) the addition of almost 1,900 newly discovered defendants that received greater than $50,000 in Shareholder Transfers.  See id.  Pursuant to FRCP 4(m), the time for the Trustee Plaintiff to serve the Recently Amended Committee Complaint expires on March 7, 2013—120 days after the date on which the Recently Amended Committee Complaint was filed.  As of the filing of this Motion— and despite diligent and, in most cases, repeated efforts—the Trustee Plaintiff has been unable to

serve approximately 135 defendants that were added in the Recently Amended Committee Complaint.  See id. ¶ 6.

Although the Trustee Plaintiff has now served the vast majority of the defendants named in the Committee Action, efforts to locate and serve the approximately 400 remaining defendants (the "Unserved Committee Defendants" and, together with the Unserved Note Holder Defendants and the Unserved Retiree Defendants, the "Unserved Defendants") is ongoing, and additional time is required.  See id. ¶ 7.  Specifically, additional research—and discovery, if necessary—must still be performed, including identifying: (i) addresses for any Unserved Committee Defendants whose contact information was not provided; and (ii) different addresses for any Unserved Committee Defendants upon whom service was attempted, but for whom summonses were returned as undeliverable.  See id.

## ARGUMENT

Plaintiffs respectfully request that the Court enter an order enlarging, through and including July 12, 2013, both: (i) the time for service of the summonses and complaints in the Avoidance Actions; and (ii) the time period referenced in FRCP 15(c)(1)(C).  This relief is consistent with the relief requested and granted in connection with the First and Second Omnibus FRCP 4(m) Motions.

The requested enlargement of time is justified by FRCP 4(m), which provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But **if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period**.

FRCP 4(m) (emphasis added).  The second sentence of FRCP 4(m) makes clear that "an extension is always warranted upon a showing of good cause, but good cause is not required in every case for a Rule 4(m) extension to be granted."  <u>Kalra v. City of New York</u>, No. 05 Civ. 1563 (RJS)(JCF), 2009 WL 857391, at *3 (S.D.N.Y. Mar. 31, 2009); <u>accord</u> <u>DeLuca v. AccessIT Group, Inc.</u>, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("[T]he Court must extend the time to serve if plaintiff has shown good cause, and may extend the time to serve even in the absence of good cause."); FED. R. CIV. P. 4(m) Advisory Committee's Note (1993 Amendments) ("[FRCP 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [FRCP 4(m)] even if there is no good cause shown.").

As discussed below, the Court should enlarge the time to serve the summonses and complaints pursuant to FRCP 4(m) because Plaintiffs have shown good cause for such an enlargement, and such an enlargement is warranted even in the absence of good cause.  Further, an enlargement of the time to serve a summons and complaint pursuant to FRCP 4(m) also operates to extend the period referenced in FRCP 15(c)(1)(C) without the need for a further order of the court.  <u>See</u> <u>Baez v. Kahanowicz</u>, 469 F. Supp. 2d 171, 177 n.6 (S.D.N.Y. 2007) (finding that enlargements of time to serve pursuant to FRCP 4(m) extend to FRCP 15(c) amendments); <u>PCT v. New Eng. Confectionary Co. (In re Fleming Cos.)</u>, No. 05-78096 (KJC), 2006 WL 1062476, at *1 (Bankr. D. Del. Apr. 20, 2006) (same); <u>Allen v. Nat'l R.R. Passenger Corp. (Amtrak)</u>, No. Civ. A. 03-CV-3497, 2004 WL 2830629, at *8 (E.D. Pa. Dec. 7, 2004) (same).  Nevertheless, out of an abundance of caution, Plaintiffs request that the Court expressly confirm that it is granting an extension of the time period referenced in FRCP 15(c)(1)(C) which is

coextensive with any enlargement of time to serve a summons and complaint pursuant to FRCP 4(m).

## I. PLAINTIFFS HAVE SHOWN GOOD CAUSE FOR AN ENLARGEMENT OF TIME

"In determining whether a plaintiff has shown good cause, courts [in this District] weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." DeLuca, 695 F. Supp. 2d at 66. Here, Plaintiffs have made continuous and diligent efforts to serve all of the Unserved Defendants, and there would be no cognizable prejudice to the Unserved Defendants.

The First Omnibus FRCP 4(m) Motion and the Second Omnibus FRCP 4(m) Motion described Plaintiffs' extensive efforts to discover, identify, locate, and serve the Unserved Defendants by the use of private investigators, skip tracers, researchers, and process servers. See First Omnibus FRCP 4(m) Motion at 6; Second Omnibus FRCP 4(m) Motion at 9. In addition, Plaintiffs diligently filed the Discovery Motion in an effort—that was opposed by the defendants—to obtain information that, among other things, could have enabled Plaintiffs to serve many of the Unserved Defendants. See Discovery Motion, at 1.

Despite all of these efforts, Plaintiffs have not yet been able to perfect service upon all of the Unserved Defendants. See Zensky Declaration ¶¶ 4, 6, 7; Green Declaration ¶¶ 4, 6, 7; Teitelbaum Declaration ¶¶ 5, 6. Plaintiffs are confident, however, that with the benefit of additional time, they will be able to effectuate service on many—if not most—of the Unserved Defendants. See, e.g., DLC DermaCare LLC v. Castillo, No. CV-10-333-PHX-DGC, 2010 WL 5148073, at *1 (D. Ariz. Dec. 14, 2010) (granting extension of time for service on certain defendants because, among other things, of the large number of defendants named in the

complaint and the plaintiff's diligent efforts to effectuate service on some of the defendants, which included the use of process servers and private investigation techniques).

Moreover, the Unserved Defendants will not be prejudiced by the requested enlargement of time to serve the summonses and complaints. The Avoidance Actions are in their infancy: the parties have not yet conducted substantive discovery, and the Court has not yet conducted any substantive hearings or issued any substantive rulings. The Court also has issued Master Case Order No. 3, which holds in abeyance: (i) substantive discovery with respect to all actions; (ii) the defendants' time to answer the complaints in the Note Holder Actions; and (iii) the defendants' time to answer or respond to the complaints in the Committee Actions. Because of the stay and the nascent procedural posture of the Avoidance Actions, the Unserved Defendants would not be prejudiced by an extension of Plaintiffs' time to serve the amended complaints in the Avoidance Actions. See Redtail Leasing, Inc. v. Thrasher (In re Motel 6 Sec. Litig.)*,* No. 93 Civ. 2183(JFK), 1995 WL 649930, at *1-2 (S.D.N.Y. Nov. 6, 1995) ("The stay . . . supports a finding that even if Plaintiffs have failed to show good cause, Defendant has not been prejudiced and therefore equity warrants an extension of time"). Finally, pursuant to Master Case Order No. 3, and in light of the two-stage structure of initial dispositive motions practice the Court has adopted, all defendants' interests will be adequately represented by one or more Court-appointed liaison counsel for all defendants. See Master Case Order No. 3 ¶¶ 3, 5, 17, 24-25 (Sept. 7, 2012), ECF No. 1395; see also MANUAL ON COMPLEX LITIGATION § 10.22 (4th ed. 2004).

Plaintiffs, on the other hand, would be severely prejudiced without the requested enlargement of time to serve the amended complaints in the Avoidance Actions because some Unserved Defendants might later argue that fraudulent-transfer claims arising out of Step One and Step Two are subject to a four-year statute of limitations that expired on June 4, 2011, and

December 20, 2011, respectively. These circumstances militate strongly in favor of further extending Plaintiffs' time to serve the Unserved Defendants. See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 109-10 (S.D.N.Y. 2000) ("Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. . . . The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." (internal quotations and citations omitted)). Finally, given the number of Avoidance Actions and the number of parties involved in them, uniformly extending the FRCP 4(m) Deadline to July 12, 2013 for all parties will promote the orderly and efficient management of this multidistrict litigation.

Plaintiffs have encountered substantial challenges in their efforts to discover, locate, and serve the defendants in the Avoidance Actions. Because Plaintiffs have made continuous and diligent efforts to serve all of the Unserved Defendants, and there would be no prejudice to the Unserved Defendants, Plaintiffs have shown good cause for an enlargement of the time to serve the summonses and complaints pursuant to FRCP 4(m). See DeLuca, 695 F. Supp. 2d at 66.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT AN ENLARGEMENT OF TIME EVEN IN THE ABSENCE OF GOOD CAUSE

"Courts in this Circuit consider the following four factors when deciding whether to exercise their discretion to extend time in the absence of good cause: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting of plaintiff's request for relief from the provision." Kalra, 2009 WL 857391, at *3. Consideration of these factors—with the exception of the third, which Plaintiffs do not contend is applicable here—

militates in favor of granting an enlargement of the time to serve the summonses and complaints pursuant to FRCP 4(m), even in the absence of good cause.

First, as discussed above, although Plaintiffs timely commenced the Avoidance Actions, if the complaint were to be dismissed with respect to any Unserved Defendants as a result of the expiration of the time period specified in FRCP 4(m), such defendants might later argue that the statute of limitations for certain claims had lapsed. See AIG Managed Mkt. Neutral Fund, 197 F.R.D. at 109-10.

Second, Plaintiffs believe that many, if not most, of the Unserved Defendants have actual notice of the claims asserted against them in the Avoidance Actions. For example, on or about September 22, 2011, Note Holder Plaintiffs mailed all legal or beneficial owners of Tribune's common stock, as well as all direct or indirect recipients of proceeds of Step One or Step Two of the LBO, a notice (the "Classwide Notice") that advised of the pendency of the Note Holder Actions and provided a website address where a description of the Note Holder Actions could be found and the operative complaints could be downloaded. See Zensky Declaration ¶ 8. Many of the Unserved Defendants were recipients of the Classwide Notice. See id. ¶ 9. Similarly, in November and December 2010, the Committee Plaintiff sponsored a nationwide print media campaign, supported by an Internet website with additional information, to notify potential defendants of the pendency of the Committee Action. See Green Declaration ¶ 8. In addition, both print and online media outlets have published countless news articles regarding the commencement and pendency of the Avoidance Actions. See e.g., Rachel Chitra & Renju Jose, Tribune's Former Shareholders Sued By Retirees, Deutsche Bank, Reuters, June 3, 2011, available at http://www.reuters.com/article/2011/06/03/tribune-idUSL3E7H305120110603; Steven Church & Sophia Pearson, Tribune Retirees, Deutsche Bank Sue Shareholders Over

Buyout, Bloomberg, June 3, 2011, available at http://www.bloomberg.com/news/2011-06-02/tribune-retirees-file-109-million-suit-against-bofa-in-new-york.html.

Third, as discussed above, the Unserved Defendants would not be prejudiced by the requested enlargement of time to serve the summonses and complaints because the parties have not yet conducted substantive discovery, the Court has not yet conducted any substantive hearings or issued any substantive rulings, and the Court also has issued Master Case Order No. 3 which holds in abeyance the defendants' time to answer the complaints.  See Redtail Leasing, Inc., 1995 WL 649930, at *1-2.

Because the applicable statutes of limitation could potentially bar a refiled action or claim, many of the Unserved Defendants have actual notice of the claims asserted against them, and the Unserved Defendants would not be prejudiced by the requested relief, the Court should exercise its discretion to grant an enlargement of time to serve the summonses and complaints pursuant to FRCP 4(m) even if the Court finds that the Plaintiffs have not demonstrated good cause for such an enlargement.  Kalra, 2009 WL 857391, at *3.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: (i) enlarging, through and including July 12, 2013, both (a) the time for service of the summonses and complaints in the Avoidance Actions, and (b) the time period referenced in FRCP 15(c)(1)(C), retroactive to January 15, 2013; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 11, 2013

s/ Robert J. Lack
Robert J. Lack
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, NY 10036-6516
Tel.: (212) 833-1100
Email: rlack@fklaw.com

*Conflicts Counsel for the Note Holder Plaintiffs and Co-Counsel for the Tribune Litigation Trust in the Committee Action*

David Zensky
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1075
Email: dzensky@akingump.com

*Plaintiffs' Co-Liaison Counsel on behalf of all Note Holder Plaintiffs*

    David S. Rosner
    Sheron Korpus
    Christine A. Montenegro
    Matthew B. Stein
    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
    1633 Broadway
    New York, New York 10019
    Tel: (212) 506-1700
    Email: cmontenegro@kasowitz.com

    *Conflicts Counsel for the Note Holder Plaintiffs*

Joseph Aronauer
Kenneth S. Yudell
R. Christopher Owens
ARONAUER, RE & YUDELL, LLP
444 Madison Avenue, 17th Floor
New York, NY 10022
Tel: (212) 755-6000
Email: jaronauer@aryllp.com

*Conflicts Counsel for the Note Holder Plaintiffs*


Daniel M. Scott
Kevin M. Magnuson
KELLEY, WOLTER & SCOTT, P.A.
431 S. 7th Street, Suite 2530
Minneapolis, MN 55415
Tel: (612) 371-9090
Email: dscott@kelleywolter.com

*Conflicts Counsel for the Note Holder Plaintiffs*


Jay Teitelbaum
TEITELBAUM & BASKIN, LLP
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Email: jteitelbaum@tblawllp.com

*Plaintiffs' Co-Liaison Counsel*
*On behalf of all Retiree Plaintiffs*


Lawrence S. Robbins
Michael L. Waldman
ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
(202) 775-4500
Email: lrobbins@robbinsrussell.com
       mwaldman@robbinsrussell.com

*Liaison Counsel for the Tribune Litigation Trust in the Committee Action*