IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL MATTERS | Consolidated Multidistrict Action<br>11 MD 2296 (WHP)<br><br>ECF Case |

**DECLARATION OF DAVID ZENSKY IN SUPPORT OF PLAINTIFFS' THIRD OMNIBUS MOTION TO ENLARGE THE TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS**

I, David Zensky, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that:

1. I am a partner at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for the Note Holder Plaintiffs, and Plaintiffs' Liaison Counsel in the Individual Creditor Actions, and submit this declaration in support of Plaintiffs' Third Omnibus Motion to Enlarge the Time for Service of Summonses and Complaints (the "Motion").[1]

2. Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, my review of pleadings, filings, and other relevant documents available to Akin Gump as counsel to the Note Holder Plaintiffs, information provided to me by my colleagues at Akin Gump, and information provided to us by the Note Holder Plaintiffs' conflict attorneys at Friedman Kaplan Seiler & Adelman LLP; Kasowitz, Benson, Torres & Friedman

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

1

LLP; Aronauer, Re & Yudell, LLP; and Kelley, Wolter & Scott, P.A.  I am fully familiar with the facts set forth herein.

3. Since commencing the Note Holder Actions, the Note Holder Plaintiffs have made continuous and diligent efforts to identify, locate, and serve the approximately 3,000 defendants that were named in the Note Holder Actions before October 2012.

4. As of today's date—and despite diligent and, in most cases, repeated efforts—the Note Holder Plaintiffs have been unable to serve approximately 150 of these defendants.  This tally of unserved defendants includes some defendants who may have been effectively served, but for whom the Note Holder Plaintiffs are still awaiting confirmation of effective service.

5. On various dates in October and November 2012, the Note Holder Plaintiffs filed amended complaints (the "<u>Recently Amended Note Holder Complaints</u>") in sixteen Individual Creditor Actions.  The Recently Amended Note Holder Complaints reflect: (i) pursuant to paragraph 13 of Master Case Order No. 3, the Note Holder Plaintiffs' voluntary dismissal as named defendants, without prejudice, of all defendants that, based upon information currently in the possession, custody, or control of the Note Holder Plaintiffs, received less than $100,000 in Shareholder Transfers; (ii) the Note Holder Plaintiffs' voluntary dismissal of certain other defendants; and (iii) the addition of more than 550 newly discovered defendants that received greater than $100,000 in Shareholder Transfers.

6. As of today's date, the Note Holder Plaintiffs have effectuated service upon approximately 375 of the defendants that were added in the Recently Amended Note Holder Complaints, but have been unable to effectively serve approximately 175—despite diligent and, in most cases, repeated efforts.  This tally of unserved defendants includes some defendants who

may have been effectively served, but for whom the Note Holder Plaintiffs are still awaiting confirmation of effective service.

7. Although the Note Holder Plaintiffs have now served the vast majority of the named defendants in the Note Holder Actions, efforts to locate and serve the approximately 325 remaining defendants (the "Unserved Note Holder Defendants") is ongoing, and additional time is required. Specifically, additional research—and discovery, if necessary—must still be performed, including identifying: (i) addresses for any Unserved Note Holder Defendants whose contact information was not provided; and (ii) different addresses for any Unserved Note Holder Defendants upon whom service was attempted, but for whom summonses were returned as undeliverable.

8. In addition, on or about September 22, 2011, Note Holder Plaintiffs mailed all legal or beneficial owners of Tribune's common stock, as well as all direct or indirect recipients of proceeds of Step One or Step Two of the LBO, a notice (the "Classwide Notice") that advised of the pendency of the Note Holder Actions and provided a website address where a description of the Note Holder Actions could be found and the operative complaints could be downloaded.

9. Many of the Unserved Defendants were recipients of the Classwide Notice.

10. I declare under penalty of perjury that the foregoing is true and correct.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Dated:    January 11, 2013
         New York, NY

                                          /s/ *David Zensky*

David Zensky
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1075
Fax: (212) 872-1000
E-mail: dzensky@akingump.com

*Plaintiffs' Co-Liaison Counsel*
*on behalf of all Note Holder Plaintiffs*

4