```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
IN RE: TRIBUNE COMPANY        :    Consolidated Multidistrict Litigation
FRAUDULENT CONVEYANCE         :    11 MD 2296 (WHP)
LITIGATION                    :    12 MC 2296 (WHP)
------------------------------:
                              :    SCHEDULING ORDER
THIS DOCUMENT RELATES TO:     :
ALL MATTERS                   :
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

  The Court having received the attached letter request of Citadel Equity Fund Ltd., Camden Asset Management LP, and certain of their affiliates (collectively, the "Tendering PHONES Holders") to file a motion to intervene as plaintiffs in this multidistrict litigation, dated November 13, 2012, the following briefing schedule is entered:

  1. The Tendering PHONES Holders are directed to file their motion to intervene by January 29, 2013;

  2. Any oppositions to the motion are due February 15, 2013;

  3. Any replies are due February 22, 2013; and

    4. Any party wishing to be heard on the motion to intervene shall appear on March 1, 2013 at 11:00 a.m. in Courtroom 20B at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

Dated: January 29, 2013
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*

# EXHIBIT A



**ANDREWS**
ATTORNEYS **KURTH** LLP

450 Lexington Avenue
New York, New York 10017
212.850.2800 Phone
212.850.2929 Fax
andrewskurth.com

Paul N. Silverstein
212.850.2819 Phone
212.813.8158 Fax
paulsilverstein@andrewskurth.com

November 13, 2012



BY HAND

Honorable William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *In re* Tribune Company Fraudulent Conveyance Litigation (*11 MD 2296 (WHP); 12 MC 2296 (WHP)*) (S.D. N.Y.) (the "MDL")

Dear Judge Pauley:

      We represent Citadel Equity Fund Ltd, Camden Asset Management LP and certain of their affiliates (collectively, the "Tendering PHONES Holders"), holders of approximately $300 million initial principal amount of PHONES Notes (the "PHONES") issued by Tribune Company ("Tribune"). The holders of PHONES are plaintiffs in the above-referenced MDL and the "Note Holder Actions" through Wilmington Trust Company ("WTC"), the indenture trustee for the PHONES. At the time of the LBO which is the subject of the MDL, and when the MDL and the Note Holder Actions were commenced, the aggregate principal amount of PHONES outstanding was approximately $1.2 billion (including the approximately $300 million principal amount held by the Tendering PHONES Holders). WTC commenced the Note Holder Actions on behalf of the aggregate $1.2 billion principal amount of PHONES outstanding at such time and the complaints have not been amended to reduce such amount. As a consequence of a ruling in Tribune's bankruptcy, however, WTC recently informed the Tendering PHONES Holders of its view that WTC no longer represents them in the MDL and Note Holder Actions. The Tendering PHONES Holders write this letter pursuant to Rule III.A of Your Honor's Individual Practices, seeking a pre-motion conference in connection with a motion to intervene as plaintiffs in the MDL and the Note Holder Actions, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to ensure that their rights, as PHONES Holders, are not prejudiced.

      The Tendering PHONES Holders purchased their PHONES prior to the LBO which gave rise to the causes of action asserted in the complaints in the MDL and the Note Holder Actions. In November and December 2008, shortly before Tribune filed for bankruptcy (and well after the consummation of the LBO), the Tendering PHONES Holders (along with certain other PHONES holders) attempted to tender to, or exchange with, Tribune their PHONES for cash pursuant to the terms of the PHONES Indenture.

November 13, 2012
Page 2

Without paying the Tendering PHONES Holders the exchange amount for such PHONES, Tribune and certain of its affiliates filed for bankruptcy in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Tendering PHONES Holders never received any cash (or other satisfaction) in their unsuccessful attempt to tender their PHONES to Tribune.

In Tribune's bankruptcy cases, the Bankruptcy Court held, among other things, that the Tendering PHONES Holders surrendered their PHONES for exchange and that, solely for bankruptcy claim purposes, the Tendering PHONES Holders hold a claim against Tribune in the amount that Tribune was obligated to pay the Tendering PHONES Holders on the bankruptcy petition date, as opposed to the full principal amount of "exchanged" PHONES held by them. The Bankruptcy Court expressly declined to make a determination of the precedential impact, if any, its ruling should have in the MDL. WTC recently informed the Tendering PHONES Holders that, because of the Bankruptcy Court's ruling, WTC is taking the position that it no longer represents them in the MDL and the Note Holder Actions. WTC stated that the Tendering PHONES Holders should intervene in the MDL, as original plaintiffs, to protect their rights. Contrary to WTC's view, the Tendering PHONES Holders believe that WTC continues to represent them in the MDL, because the Tendering PHONES Holders held PHONES at the time the causes of action asserted in the Note Holder Actions accrued. However, to avoid unnecessary litigation and to ensure that the Tendering PHONES Holders' interests are represented in the MDL and the Note Holder Actions, the Tendering PHONES Holders seek to file a motion to intervene as plaintiffs in the MDL and the Note Holder Actions, effective as of the date the Note Holder Actions were commenced.

The Tendering PHONES Holders have no intention of actively participating in the MDL or the Note Holder Actions (except as to matters that uniquely and directly affect them). Lead counsel and lead plaintiffs have been designated and nothing will change in terms of the prosecution of the MDL and the Note Holder Actions. The sole purpose of the Tendering PHONES Holders' requested intervention is to ensure that the Tendering PHONES Holders are not prejudiced by being "dropped," as plaintiffs, by WTC. If there are sufficient recoveries for the PHONES, the Tendering PHONES Holders' interests need to be represented. To the extent any party seeks to challenge the Tendering PHONES Holders' position outlined here, such motion practice should and would be deferred to Phase 2 of these MDL proceedings.

The Tendering PHONES Holders have conferred with Akin Gump, counsel to the Noteholders in the MDL, with respect to their motion to intervene. Akin Gump has advised us that, while the Noteholders do not necessarily agree with all of the Tendering PHONES Holders' assertions, they would not object to the motion to intervene.

Fed. R. Civil P. 24(a)(2) provides that a court shall permit any party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(a)(2), intervention as of right is permitted when the applicant meets the following four requirements: (1) the application for intervention

November 13, 2012
Page 3

must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Harris v. Reeves*, 946 F.2d 214, 219 (3d Cir. 1991). Intervention under Fed. R. Civil P. 24(a)(2) is to be freely granted. *Greer v. Blum*, 462 F. Supp. 619, 624-25 (S.D.N.Y. 1978).

The Tendering PHONES Holders submit that all of the Rule 24(a) intervention factors are present here and support intervention. First, the request is timely. Only recently were the Tendering PHONES Holders informed that WTC was taking the position that the Tendering PHONES Holders were no longer a part of the plaintiff group or class of PHONES holders represented by WTC. Moreover, as a result of the Tribune bankruptcy cases, the MDL and the Note Holder Actions were effectively stayed for all purposes until not long ago. Second, the Tendering PHONES Holders have an interest in this litigation, as they held PHONES at the time the LBO occurred and when WTC commenced the Note Holder Actions on their behalf. They have identical claims against the Defendants in the MDL and the Note Holder Actions as those of all other holders of PHONES at the time of the LBO. Third, disposition of this litigation would impair or impede the Tendering PHONES Holders' ability to protect their interests, as any disposition would be binding on the Tendering PHONES Holders. If the Tendering PHONES Holders are not allowed to intervene, WTC and the other Noteholder plaintiffs may attempt to take actions that do not take into account, or would otherwise prejudice, the Tendering PHONES Holders' rights and interests in the MDL and the Note Holder Actions. Fourth, the Tendering PHONES Holders' interests are not being adequately represented, as WTC now disclaims representation of the Tendering PHONES Holders in the MDL (and would proceed in the MDL as if the Tendering PHONES Holders no longer exist).[1]

The Tendering PHONES Holders respectfully request, under Rule III.A of Your Honor's Individual Practices, that they be permitted to file their motion to intervene as plaintiffs in the MDL and the Note Holder Actions.

Respectfully,

*Paul N. Silverstein*
Paul N. Silverstein

cc: Counsel of Record in the MDL

---

[1] In addition to having a right to intervene under Fed. R. Civ. P. Rule 24(a)(2), the Tendering PHONES Holders should also be permitted to intervene under Fed. R. Civ. P. Rule 24(b)(1)(B). The Tendering PHONES Holders' claims and defenses in the MDL and the Note Holder Actions share identical questions of law and/or fact with those of the other PHONES holders.

NYC:243947.2