UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
                                                        :
IN RE: TRIBUNE COMPANY FRAUDULENT      :    Consolidated Multidistrict
CONVEYANCE LITIGATION                              :    Litigation
                                                        :
--------------------------------------------------------------------------x
                                                        :
THIS DOCUMENT RELATES TO:                   :    1:11-MD-02296-WHP
*Deutsche Bank Trust Company Americas, et al., v.*  :    1:12-MC-02296-WHP
*Long, et al.*,                                          :
1:11cv-09570                                       :    1:11-cv-09570
                                                        :    1:12-cv-00065
*Deutsche Bank Trust Company Americas, et al., v.*  :
*1994 Alicia P. Guggenheim*, et al.,               :    **REPLY**
1:12-cv-00065                                      :    **IN SUPPORT OF**
                                                        :    **MOTION TO DISMISS**
--------------------------------------------------------------------------x

Daniel G. Jarcho
Daniel J. Carrigan
Craig D. Rust
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006
djarcho@mckennalong.com
(202) 496-7500 (Telephone)
(202) 496-7756 (Facsimile)

*Attorneys for Defendants Blandina Rojek
and the 1994 Alicia Patterson Guggenheim
Trust*

February 4, 2013

# TABLE OF CONTENTS

Page

I. PLAINTIFFS HAVE NOT ESTABLISHED THAT THE COURT HAD "RELATED TO" JURISDICTION OVER THE ORIGINAL COMPLAINTS ................ 2

    A. Inferences From Facts Alleged in a Complaint Are Not a Sufficient Basis For Establishing Jurisdiction, Yet Plaintiffs Rely Solely On Such Inferences in Seeking to Establish "Related To" Jurisdiction .............................. 2

    B. The Minimal Facts Pleaded in the Original Complaints Do Not Even Give Rise to the Inferences Claimed by Plaintiffs............................................................ 3

II. PLEADING AMENDMENTS CANNOT RESURRECT PLAINTIFFS' CASES........... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*APWU v. Potter*,
  343 F.3d 619 (2d Cir. 2003)............................................................................................2

*Bender v. Williamsport Area Sch. Dist.*,
  475 U.S. 534 (1986)........................................................................................................2

*Broad v. DKP Corp.*,
  182 F.3d 898, 1999 WL 447632 (2d Cir. June 16, 1999) ..............................................1

*Cent. Pines Land Co. v. United States*,
  697 F.3d 1360 (Fed. Cir. 2012).......................................................................................5

*City of Rome, N.Y. v. Verizon Commc'ns, Inc.*,
  362 F.3d 168 (2d Cir. 2004)............................................................................................3

*Cortec Indus., Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991)..............................................................................................3

*Cunningham Charter Corp. v. Learjet, Inc.*,
  592 F.3d 805 (7th Cir. 2010) (Posner, J.) ......................................................................5

*Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*,
  706 F.2d 633 (5th Cir. 1983) .........................................................................................3

*In re European Aeronautic Defence & Space Co. Sec. Litig.*,
  703 F. Supp. 2d 348 (S.D.N.Y. 2010) (Pauley, J.) .......................................................2

*In re Mi-Lor Corp.*,
  233 B.R. 608 (Bankr. D. Mass. 1999) ...........................................................................5

*In re W.R. Grace & Co.*,
  591 F.3d 164 (3d Cir. 2009)............................................................................................4

*Morrison v. Nat'l Austl. Bank Ltd.*,
  547 F.3d 167 (2d Cir. 2008)............................................................................................2

*Pressroom Union-Printers League Income Sec. Fund v. Cont'l Assurance Co.*,
  700 F.2d 889 (2d Cir. 1983)............................................................................................5

*Rafuse v. Stryker*,
  No. 090107, 2010 WL 2431921 (Mass. Super. Ct. Apr. 21, 2010) .............................5

*Rockwell International Corp. v. United States*,
  549 U.S. 457 (2007).........................................................................................................5

      **Page**

*United States ex rel. Jamison v. McKesson Corp.*,
   649 F.3d 322 (5th Cir. 2011) ...................................................................................................5

*United States v. Bacon*,
   82 F.3d 822 (9th Cir. 1996) .....................................................................................................5

**STATUTES**

Unif. Fraudulent Transfer Act § 9, Comment (1), 7A U.L.A. 665-66 (1984) .................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 10(c) ........................................................................................................................3

Plaintiffs have made two major concessions that substantially narrow the issues the Court must consider in resolving this motion. The first is the express concession — characterized by Plaintiffs as "uncontroversial" — that "a party may not use section 1653 to create jurisdiction that did not exist at the time the original action was commenced." Pls.' Opp'n at 11 n.6. The second is Plaintiffs' tacit concession that they have not proved that jurisdiction existed, at the time these actions commenced, under either theory asserted in the original Complaints (diversity and Edge Act jurisdiction). Plaintiffs' Opposition does not even mention those two original theories, and its "fail[ure] to defend" them amounts to "conceding a defect in the jurisdictional facts" pertaining to diversity and Edge Act jurisdiction. *Broad v. DKP Corp.*, 182 F.3d 898, 1999 WL 447632, at *1 (2d Cir. June 16, 1999) (summary order).

The central remaining question is whether the Court should hold that it had jurisdiction over the original Complaints under an alternative theory — "related to" jurisdiction — even though Plaintiffs did not invoke that theory. Plaintiffs have offered no explanation for omitting this theory from the original Complaints, notwithstanding their extensive participation in the Tribune Company bankruptcy proceedings. Instead, Plaintiffs invite the Court to scour the original Complaints for snippets of factual assertions from which such jurisdiction allegedly can be inferred. The Court has discretion to reject, and should reject, that invitation under the circumstances of this case. *Cf. Broad*, 1999 WL 447632, at *1 (affirming dismissal of complaint and denial of leave to amend where plaintiff abandoned original ground for jurisdiction and sought to raise new federal basis for jurisdiction that plaintiff could have asserted earlier "but chose not to do so"). Alternatively, if the Court were to consider that new theory, it still should dismiss these cases, because Plaintiffs did not plead the facts necessary to establish "related to" jurisdiction over the original Complaints.

I.     **PLAINTIFFS HAVE NOT ESTABLISHED THAT THE COURT HAD "RELATED TO" JURISDICTION OVER THE ORIGINAL COMPLAINTS**

   A.   **Inferences From Facts Alleged in a Complaint Are Not a Sufficient Basis For Establishing Jurisdiction, Yet Plaintiffs Rely Solely On Such Inferences in Seeking to Establish "Related To" Jurisdiction**

Plaintiffs concede that the Court must determine "related to" jurisdiction by applying the "well-pleaded complaint" rule, under which the basis for federal jurisdiction must be apparent on the face of the complaint. *Compare* Defs.' Mem. at 8-9 *with* Pls.' Opp'n at 3-4, 7-8. To establish "related to" jurisdiction over the original Complaints, Plaintiffs must allege, on the face of their Complaints, that their claims have a significant connection with a bankruptcy case (among other things by alleging an effect on the bankruptcy estate). Defs.' Mem. at 9. In addressing the text of the original Complaints, Plaintiffs' Opposition does not cite to any *affirmative* allegations that their claims would have *any* connection to the bankruptcy case or *any* effect on the bankruptcy estate. Plaintiffs instead rely solely on claimed *inferences* from facts alleged affirmatively in the original Complaints. Pls.' Opp'n at 7-8. In so doing, Plaintiffs have utterly failed to meet their burden. This Court recently reaffirmed that a plaintiff cannot meet its burden to establish subject matter jurisdiction simply by drawing favorable inferences from facts alleged in a pleading:

> A court 'must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'

*In re European Aeronautic Defence & Space Co. Sec. Litig.*, 703 F. Supp. 2d 348, 355 (S.D.N.Y. 2010) (Pauley, J.) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)); *see also APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (same); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 547 (1986) ("it is not 'sufficient that jurisdiction

may be inferred argumentatively from averments in the pleadings'") (citation omitted).[1]

### B. The Minimal Facts Pleaded in the Original Complaints Do Not Even Give Rise to the Inferences Claimed by Plaintiffs

Whether or not Plaintiffs *could have* alleged sufficient facts to establish "related to" jurisdiction (*see* Pls.' Opp'n at 2-3), the minimal facts *actually pleaded* in the original Complaints do not even give rise to the inferences claimed by Plaintiffs (let alone the affirmative showing required to establish jurisdiction). *First*, the original Complaints' passing references to the bankruptcy case do not necessarily imply anything about an effect on the bankruptcy case or estate. Pls.' Opp'n at 7 (bullet 1). *See In re W.R. Grace & Co.*, 591 F.3d 164, 174 (3d Cir. 2009) ("existence of a bankruptcy proceeding itself" does not determine jurisdiction).

*Second*, the original Complaints' indication that Plaintiffs are creditors in the bankruptcy case does not necessarily imply anything about an effect on the bankruptcy case or estate. Pls.' Opp'n at 7 (bullet 2). Indeed, other allegations by Plaintiffs, incorporated into the original Complaints, expressly assert that the filing of Plaintiffs' Complaints would have no effect on the bankruptcy case or estate.[2]

---

[1] As noted above, a court has discretion to determine that it has jurisdiction under a *legal theory* that the plaintiff has not expressly identified if the necessary facts are affirmatively alleged in a complaint. *See* Pls.' Opp'n at 3-4 (citing *Harary v. Blumenthal,* 555 F.2d 1113 (2d Cir. 1977)). It is an entirely different situation where, as here, a plaintiff does not even affirmatively plead the *facts* necessary to establish jurisdiction and instead relies solely on inferences from pleaded facts. *See, e.g.*, *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc*., 706 F.2d 633, 636 (5th Cir. 1983) ("[E]ven though a particular statute or rule need not necessarily be cited by name[,] it is generally agreed that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'") (citations omitted).

[2] The "Standing Order," which was attached to the original Complaints, expressly refers to the Plaintiffs' March 2011 Motion in the Bankruptcy Court (attached as Ex. 1), and the Motion therefore is considered to be part of the original Complaints. *See* Ex. 2 at 1, 2; Fed. R. Civ. P. 10(c); *City of Rome, N.Y. v. Verizon Commc'ns, Inc*., 362 F.3d 168, 175 n.4 (2d Cir. 2004); *Cortec Indus., Inc. v. Sum Holding L.P*., 949 F.2d 42, 47 (2d Cir. 1991). In that Motion, Plaintiffs asserted that (1) Plaintiffs "regained the right to prosecute their own" constructive

*Finally*, the "Standing Order" incorporated into the original Complaints does not necessarily imply anything about an effect on the bankruptcy case or estate. Pls.' Opp'n at 7 (bullets 3-5). Plaintiffs asserted that no such Order was necessary to proceed with the constructive fraud actions (notwithstanding the automatic stay) and only sought the Order "out of an abundance of caution." (Ex. 1 at 5.) Similarly, the Bankruptcy Court took no position on whether the Order was necessary to allow the actions to proceed. (Ex. 2 at 3 ¶ 3.)

## II. PLEADING AMENDMENTS CANNOT RESURRECT PLAINTIFFS' CASES

Pleading amendments cannot cure the jurisdictional defects described above. Plaintiffs do not cite a single case in which a court resurrected a jurisdictionally-deficient complaint by granting a motion to amend such as that in *Guggenheim*, which sought to abandon and replace the original asserted basis for jurisdiction.[3] The Court therefore should dismiss *Guggenheim*.[4]

---

fraud claims and pursue those claims "to the same extent as if the bankruptcy had never been commenced" (Ex. 1 at 3, 15; *see also id.* at 5); (2) the bankruptcy estate has no "viable" constructive fraud claims, and no "interest in" or "right to commence" such claims, which are now "property of the individual creditors who hold those claims" (*id*. at 3, 5, 19, 22); (3) the filing of Plaintiffs' Complaints "would result in no prejudice to the Debtors or their estates" (*id*. at 19); and (4) the filing of Plaintiffs' Complaints would not allow the creditors to gain a preference for their claims against the debtor, deplete the debtor's assets or interfere with the rehabilitation of the debtor (*id*.). These assertions by Plaintiffs are inconsistent with the inferences Plaintiffs now seek to draw from the Standing Order and the two other facts cited at page 7 (bullets 1 and 2) of Plaintiffs' Opposition.

[3]     Plaintiffs' pleading amendment cases are distinguishable because they concern amendments that either (1) perfected a jurisdictional basis established initially in the original complaint or (2) retained a legitimate jurisdictional basis asserted in the original complaint while abandoning others. *Compare* Defs.' Mem. at 11 with Pls.' Opp'n at 8-11.

[4]     The significance of dismissal, questioned by Plaintiffs, is beyond the scope of this motion. Plaintiffs' "savings statute" argument is premature, because the Court would need to review a *future* complaint (refiled following dismissal) to determine whether particular claims are extinguished, and no such complaint exists. In any event, substantial authority indicates that "savings statutes" would not apply to the claim extinguishment provisions in state constructive fraudulent conveyance statutes (which establish the time limit after which a claim is abolished if it has not been filed). Unlike statutes of limitations, the claim extinguishment provisions at issue establish a substantive condition on, and a new (temporal) element of, a fraudulent conveyance

4

The Court also should dismiss *Long*, in which Plaintiffs unilaterally amended the complaint (without filing a motion). Jurisdiction is not, as Plaintiffs suggest, determined from the face of the amended complaint when the plaintiff unilaterally amends as in *Long*. Following that procedure here would create jurisdiction where it did not exist before, contrary to the principle that Plaintiffs describe as "uncontroversial." Pls.' Opp'n at 11 n.6.[5]

Even assuming *arguendo* that the Court were to deny dismissal in *Long* and determine jurisdiction based on the first amended complaint, the Court should deem *Long* filed as of the date that amended complaint was filed. Otherwise the amendment would create jurisdiction *retroactively*, back to the date the original (jurisdictionally-deficient) complaint was filed. The Second Circuit has never permitted such a result.[6]

---

claim; that substantive dimension of the claim is not subject to extension like a statute of limitations. *See, e.g., United States v. Bacon*, 82 F.3d 822, 823-24 (9th Cir. 1996); *In re Mi-Lor Corp.*, 233 B.R. 608, 616 (Bankr. D. Mass. 1999); *Rafuse v. Stryker*, No. 090107, 2010 WL 2431921, at *5-6 (Mass. Super. Ct. Apr. 21, 2010); *see also* Unif. Fraudulent Transfer Act § 9, Comment (1), 7A U.L.A. 665-66 (1984). Presenting this issue properly for adjudication could require briefing on choice of law, statutory construction, and other issues. To the extent that the Court wishes to reach the "savings statute" question, we respectfully request the opportunity to submit supplemental briefing.

[5]   Plaintiffs cite the Supreme Court's *dicta* in *Rockwell International Corp. v. United States*, 549 U.S. 457, 474 (2007), which discussed determining jurisdiction by reference to a voluntarily-amended complaint. Pls.' Opp'n at 2. In *Rockwell*, an original complaint *established* jurisdiction but an amended complaint later *divested* the court of jurisdiction. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) (Posner, J.) (citing *Rockwell* for situation when "the plaintiff amends away jurisdiction"). "*Rockwell* did not speak to the question" whether an "amended complaint [can] establish jurisdiction when the original complaint is lacking" — that would violate the "longstanding rule" that an amendment cannot "'create jurisdiction retroactively where it did not previously exist.'" *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 328 (5th Cir. 2011) (citation omitted). *See also Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1365 n.3 (Fed. Cir. 2012) (refusing to apply *Rockwell* where amended complaint would create jurisdiction that did not previously exist).

[6]   The Second Circuit has "never allowed [section 1653] to create jurisdiction retroactively where none existed." *Pressroom Union-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983). Plaintiffs' "relation back" cases do not hold otherwise; they fall into the same categories described *supra* at n.3 and therefore have no application here.

Dated:  February 4, 2013                                Respectfully Submitted,

                 /s/  Daniel G. Jarcho
                Daniel G. Jarcho
                Daniel J. Carrigan
                Craig D. Rust
                MCKENNA LONG & ALDRIDGE LLP
                1900 K Street, NW
                Washington, DC 20006
                djarcho@mckennalong.com
                (202) 496-7500 (Telephone)
                (202) 496-7756 (Facsimile)

*Attorneys for Defendants Blandina Rojek and the 1994 Alicia Patterson Guggenheim Trust*