IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>11 MD 2296 (WHP)(JLC)<br>12 MC 2296 (WHP)(JLC)<br><br>ECF Case |
| THIS DOCUMENT RELATES TO:<br><br>ALL INDIVIDUAL CREDITOR ACTIONS, AS DEFINED IN MASTER CASE ORDER NO. 3 (ECF NO. 1395) | |

**NOTE HOLDER PLAINTIFFS' RESPONSE TO THE
TENDERING PHONES HOLDERS' INTERVENTION MOTION**

  Plaintiffs Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Notes commonly referred to as the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, collectively the "Note Holders"), through their respective undersigned counsel, hereby submit the following response (the "Response") to the motion (the "Intervention Motion") of Citadel Equity Fund Ltd., a Cayman Islands company,

104019422 v4

Camden Asset Management LP, and certain of their affiliates (collectively the "Tendering PHONES Holders") to intervene as plaintiffs in the Note Holder Actions.[1]

Based upon the following statements and representations expressed by the Tendering PHONES Holders in the Intervention Motion, the Note Holders do not object to the Intervention Motion.

**First**, the Tendering PHONES Holders stated that they "have no intention of actively participating in the MDL or the Note Holder Actions (except as to matters that uniquely and directly affect them), and that "nothing will change in terms of the prosecution of the MDL and the Note Holder Actions by [the existing liaison counsel and executive committee structure]." Intervention Motion, at 3. On this basis, the Note Holders agree and consent to intervention.

**Second**, the Tendering PHONES Holders stated that "[a]ny dispute between the Tendering PHONES Holders and holders of PHONES that did not attempt to exchange their PHONES, whether relating to the amount of the Tendering PHONES Holders' claim in the Note Holder Actions or otherwise, is not an issue for today" and, "if it ever becomes 'ripe,' would be the subject of further proceedings before this Court." Id. The Tendering PHONES Holders further stated that "[t]his Court need not make any findings relevant to these issues at this juncture; further, to the extent any party seeks to challenge the merits of the claims asserted by the Tendering PHONES Holders, such motion practice would be best deferred to Phase 2 of these MDL proceedings." Id. The Note Holders agree that such issues should not be resolved until after Phase One, and, on this basis, agree and consent to intervention.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Master Case Order No. 3 (Sept. 7, 2012), ECF No. 1395.

2

For the avoidance of doubt, the Note Holders, on behalf of themselves and the individual parties holding Senior Notes or non-tendered PHONES Notes, reserve their rights to later address any issues relating to the claims of the Tendering PHONES Holders.

WHEREFORE, for the foregoing reasons, the Note Holders do not object to the Tendering PHONES Holders' request that the Court authorize them to intervene as plaintiffs in the Note Holder Actions.

Dated: February 15, 2013
New York, NY

Respectfully submitted,

 /s/ David Zensky

David Zensky
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Email: dzensky@akingump.com

*Plaintiffs' Co-Liaison Counsel on behalf of all Note Holders*