IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (WHP) |
| | ECF Case |
| THIS DOCUMENT RELATES TO: ALL MATTERS | |

## CERTIFICATE OF SERVICE

I, Christine Doniak, hereby certify under penalty of perjury that on February 19, 2013, a copy of the following attached were served via the Court's ECF filing system on all Defendants who have entered appearances in this matter by ECF: So Ordered Scheduling Order [Document No. 2251 (11 MD 2296 (WHP))]; Notice of Submission of Letter and Letter to the Court [Document No. 2321 (MD 2296 (WHP))]; and Note Holder Plaintiffs' Response to the Tendering Phones Holders' Intervention Motion [Document No. 2323 (11 MD 2296 (WHP))]. I also certify that on February 19, 2013, on behalf of all the Note Holder Plaintiffs, a true and correct copy of the same was served via electronic mail or regular mail upon all other Defendants in this matter who we are required to serve pursuant to Master Case Order No. 3.

/s/ Christine Doniak
Christine Doniak

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
IN RE: TRIBUNE COMPANY        :    Consolidated Multidistrict Litigation
FRAUDULENT CONVEYANCE         :    11 MD 2296 (WHP)
LITIGATION                    :    12 MC 2296 (WHP)
------------------------------:
                              :    SCHEDULING ORDER
THIS DOCUMENT RELATES TO:     :
ALL MATTERS                   :
                              :
------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/13

WILLIAM H. PAULEY III, District Judge:

      The Court having received the attached letter request of Citadel Equity Fund Ltd., Camden Asset Management LP, and certain of their affiliates (collectively, the "Tendering PHONES Holders") to file a motion to intervene as plaintiffs in this multidistrict litigation, dated November 13, 2012, the following briefing schedule is entered:

1. The Tendering PHONES Holders are directed to file their motion to intervene by January 29, 2013;

2. Any oppositions to the motion are due February 15, 2013;

3. Any replies are due February 22, 2013; and

4. Any party wishing to be heard on the motion to intervene shall appear on March 1, 2013 at 11:00 a.m. in Courtroom 20B at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

Dated: January 29, 2013
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>11 MD 2296 (WHP)(JLC)<br>12 MC 2296 (WHP)(JLC)<br><br>ECF Case |
| THIS DOCUMENT RELATES TO:<br><br>ALL INDIVIDUAL CREDITOR ACTIONS, AS DEFINED IN MASTER CASE ORDER NO. 3 (ECF NO. 1395) | |

**NOTE HOLDER PLAINTIFFS' RESPONSE TO THE
TENDERING PHONES HOLDERS' INTERVENTION MOTION**

Plaintiffs Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), Wilmington Trust Company, in its capacity as successor indenture trustee for a certain series of Exchangeable Notes commonly referred to as the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, collectively the "Note Holders"), through their respective undersigned counsel, hereby submit the following response (the "Response") to the motion (the "Intervention Motion") of Citadel Equity Fund Ltd., a Cayman Islands company,

104019422 v4

Camden Asset Management LP, and certain of their affiliates (collectively the "Tendering PHONES Holders") to intervene as plaintiffs in the Note Holder Actions.[1]

Based upon the following statements and representations expressed by the Tendering PHONES Holders in the Intervention Motion, the Note Holders do not object to the Intervention Motion.

**First**, the Tendering PHONES Holders stated that they "have no intention of actively participating in the MDL or the Note Holder Actions (except as to matters that uniquely and directly affect them), and that "nothing will change in terms of the prosecution of the MDL and the Note Holder Actions by [the existing liaison counsel and executive committee structure]." Intervention Motion, at 3. On this basis, the Note Holders agree and consent to intervention.

**Second**, the Tendering PHONES Holders stated that "[a]ny dispute between the Tendering PHONES Holders and holders of PHONES that did not attempt to exchange their PHONES, whether relating to the amount of the Tendering PHONES Holders' claim in the Note Holder Actions or otherwise, is not an issue for today" and, "if it ever becomes 'ripe,' would be the subject of further proceedings before this Court." Id. The Tendering PHONES Holders further stated that "[t]his Court need not make any findings relevant to these issues at this juncture; further, to the extent any party seeks to challenge the merits of the claims asserted by the Tendering PHONES Holders, such motion practice would be best deferred to Phase 2 of these MDL proceedings." Id. The Note Holders agree that such issues should not be resolved until after Phase One, and, on this basis, agree and consent to intervention.

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Master Case Order No. 3 (Sept. 7, 2012), ECF No. 1395.

For the avoidance of doubt, the Note Holders, on behalf of themselves and the individual parties holding Senior Notes or non-tendered PHONES Notes, reserve their rights to later address any issues relating to the claims of the Tendering PHONES Holders.

WHEREFORE, for the foregoing reasons, the Note Holders do not object to the Tendering PHONES Holders' request that the Court authorize them to intervene as plaintiffs in the Note Holder Actions.


Dated: February 15, 2013
New York, NY


Respectfully submitted,

 /s/ David Zensky

David Zensky
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Email: dzensky@akingump.com

*Plaintiffs' Co-Liaison Counsel on behalf of all Note Holders*

3

104019422 v4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>11 MD 2296 (WHP)(JLC)<br>12 MC 2296 (WHP)(JLC)<br><br>ECF Case |
| THIS DOCUMENT RELATES TO:<br><br>ALL INDIVIDUAL CREDITOR ACTIONS, AS DEFINED IN MASTER CASE ORDER NO. 3 (ECF NO. 1395) | |

**NOTICE OF SUBMISSION OF LETTER**

Pursuant to paragraph 47 of Master Case Order No. 3 (Sept. 7, 2012) [ECF No. 1395], please take notice that the undersigned submitted the attached letter to the Court in the above-captioned actions.

Dated: February 15, 2013        By:        /s/ David Zensky
       New York, NY

David M. Zensky, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Email: dzensky@akingump.com

*Plaintiffs' Co-Liaison Counsel on behalf of all Note Holder Plaintiffs*

\



DAVID M. ZENSKY
1.212.872.1075/fax: 1.212.872.1002
dzensky@akingump.com

February 15, 2013

**VIA MESSENGER**

Hon. William H. Pauley III
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *In re Tribune Co. Fraudulent Conveyance Litig.*
         Case Nos. 11-MD-2296 (WHP), 12-MC-2296 (WHP)

Dear Judge Pauley:

    We are counsel for the Note Holder Plaintiffs, and Plaintiff's Co-Liaison Counsel, in the above-referenced actions. We write on behalf of the Note Holder Plaintiffs and the Retiree Plaintiffs. Pursuant to paragraph 8 of Master Case Order No. 3 [ECF No. 1395], we identify the following attorneys who will be presenting the principal argument on each of the Phase One Motions: (1) Opposition To Phase One Omnibus Motion– David Zensky, Esq. of Akin Gump Strauss Hauer & Feld LLP; and (2) Opposition to Phase One Jurisdiction Motion– Mitchell Hurley, Esq. of Akin Gump Strauss Hauer & Feld LLP. In addition, Jay Teitelbaum, Esq. of Teitelbaum & Baskin LLP will be prepared to address the Court regarding the Phase One Omnibus Motion should circumstances warrant.

    Respectfully submitted,

    David M. Zensky

cc:    Defendants' Liaison Counsel
        Daniel G. Jarcho, Esq.
        Daniel J. Carrigan, Esq.
        Robert J. Lack, Esq.
        Jay Teitelbaum, Esq.