UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
IN RE: TRIBUNE COMPANY                      Consolidated Multidistrict Litigation
FRAUDULENT CONVEYANCE                    :  11 MD 2296 (WHP)
LITIGATION                                  12 MC 2296 (WHP)
------------------------------------------------------------------ :

THIS DOCUMENT RELATES TO:                   :

ALL "NOTE HOLDER ACTIONS"                   :
(AS DEFINED IN MASTER CASE ORDER
NO. 3, DATED SEPTEMBER 7, 2012)             :
------------------------------------------------------------------ x

**REPLY TO DEFENDANTS' EXECUTIVE COMMITTEE'S
MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF CERTAIN
"TENDERING PHONES HOLDERS" TO INTERVENE AS PLAINTIFFS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... 3

INTRODUCTION ................................................................................................................... 4

REPLY ..................................................................................................................................... 7

   I.    THE TENDERING PHONES HOLDERS SHOULD NOT BE REQUIRED TO FILE A SEPARATE COMPLAINT IN THE NOTE HOLDER ACTIONS ................................... 7

   II.   THE TENDERING PHONES HOLDERS' MOTION WAS TIMELY FILED AND SATISFIES FED. R. CIVIL P. 24(A) ................................................................................ 8

   III.  THE TENDERING PHONES HOLDERS SHOULD BE PERMITTED TO INTERVENE UNDER FED. R. CIVIL P. 24(B) ............................................................. 11

   IV.  THE TENDERING PHONES HOLDERS SHOULD BE PERMITTED TO INTERVENE *NUNC PRO TUNC* TO THE NOTE HOLDERS ACTIONS' FILING DATE ............... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Authors Guild v. Google Inc.*, No. 05 Civ. 8136 (DC), 2009 WL 3617732 (S.D.N.Y. 2009) .......9

*Cook v. Pan American World Airways, Inc.*, 636 F. Supp. 693 (S.D.N.Y. 1986) ..........................9

*Counihan v. Allstate*, 907 F.Supp. 54, 56 (E.D. N.Y. 1995) ........................................................10

*Lee v. Marvel Enters.,Inc.,* 765 F. Supp. 2d 440 (S.D. N.Y. 2011) ...............................................13

*Meyer v. Macmillan Pub. Co., Inc.*, 85 F.R.D 149 (S.D. N.Y. 1980) .......................................9, 10

*Mortgage Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381 (E.D. N.Y. 2003) ......................9

*N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.,* 2010 U.S. Dist. LEXIS 136142 (S.D. N.Y. Dec. 15, 2010) ...................................................................................................13

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 2003 U.S. Dist. LEXIS 21164 at *7 (S.D. N.Y. Dec. 1, 2003)................................................................................12

*Oneida Indian Nation of New York v. New York*, 201 F.R.D. 64 (N.D. N.Y. 2001) .....................10

*Stewart v. Atwood*, 834 F. Supp. 2d 171 (W.D. N.Y. 2011) .........................................................13

*U.S. v. Pitney Bowes, Inc.,* 25 F.3d 66 (2d Cir. 1994) ...................................................................9

**RULES AND STATUTES**

Fed. R. Civ. P. 24............................................................................................................... passim

Citadel Equity Fund Ltd., a Cayman Islands company, Camden Asset Management LP, and certain of their affiliates[1] (collectively, referred to herein as the "<u>Tendering PHONES Holders</u>" or "<u>Movants</u>"), by their undersigned counsel, for their Reply to Defendants' Executive Committee's (the "<u>Defendants</u>") Memorandum of Law in Opposition (the "<u>Objection</u>") to the Tendering PHONES Holders' Motion (the "<u>Motion</u>") pursuant to Federal Rule of Civil Procedure 24 for an Order Authorizing Intervention, as Plaintiffs, in the above-captioned action(s) (the "<u>MDL</u>"), respectfully represent:

**<u>INTRODUCTION</u>**

Whether the Tendering PHONES Holders hold PHONES claims against the Defendants in the Note Holder Actions is not in dispute. As set forth in the affidavit by Mark Holliday attached hereto as <u>Exhibit 1</u> (the "<u>Holliday Affidavit</u>"), Wilmington Trust Company ("<u>WTC</u>"), indenture trustee for the PHONES, seems to concede that the Tendering PHONES Holders are entitled to proceeds from this litigation and asserts that WTC holds a "charging lien" over funds payable to the Tendering PHONES Holders. The Tendering PHONES Holders are original holders of PHONES having held such PHONES since prior to the LBO which gave rise to the claims asserted in the Note Holder Actions. It is not disputed that WTC, as successor indenture trustee, commenced such actions during June and July 2011 on behalf of all such holders (including the Tendering PHONES Holders). The sole issues here with respect to the Tendering PHONES Holders are (i) whether the Tendering PHONES Holders hold PHONES claims in the "High PHONES" amount or the "Low PHONES" amount and (ii) whether the Bankruptcy Court's ruling that the Tendering PHONES Holders have bankruptcy claims in the "Low

---

[1] The "affiliates" referenced herein and in the Motion are: (i) the following managed accounts that Camden Asset Management LP manages - - Yield Strategies Fund I, L.P.; Yield Strategies Fund II, L.P.; Bank of America Pension Plan; Equity Overlay Fund, LLC; and Redbourn Partners LTD; and (ii) Mark Holliday.

NYC:246373.7

1

PHONES" amount against Tribune Company has any bearing on the amount of their claims against the Defendants in this action.[2]

As a matter of fact and law, none of the arguments advanced by the Defendants in their Objection warrant denial of the relief the Tendering PHONES Holders seek in the Motion. First, the complaints filed by WTC in the Note Holder Actions were filed on behalf of all holders of PHONES at the time of the LBO. As a consequence, the Tendering PHONES Holders are true parties in interest with respect to, and entitled to the benefits of, such complaints. The Tendering PHONES Holders have been original plaintiffs to the Note Holder Actions since their commencement. The Movants filed the Motion in order to ensure that they cannot be prejudiced here, because WTC previously informed the Tendering PHONES Holders that it no longer represented them in this litigation. It would be senseless and unnecessarily duplicative for the Tendering PHONES Holders to be required to file separate complaints now that are identical to the original complaints in order for the Tendering PHONES Holders to participate in these proceedings. This is especially true when no other PHONES Holders (or other Note Holders) need to file separate complaints in order to have their rights recognized as original plaintiffs in these proceedings.

Second, the Tendering PHONES Holders' request to intervene was timely. Not only did the Tendering PHONES Holders not "sleep on their rights," as the Defendants contend, the Tendering PHONES Holders sought to intervene in these proceedings as soon as it became clear that their interests as PHONES holder plaintiffs might be jeopardized by the position taken by WTC, as indenture trustee - - a position that the Tendering PHONES Holders dispute. The

---

[2] As described in the Motion, such dispute can and should be decided at a later date after the Phase One Motions have been resolved by this Court (as the Defendants concede in footnote 2 in their Objection). *See* Objection, at p.3

Defendants' claim that the Tendering PHONES Holders have shown a "studied indifference" to this litigation is simply and unquestionably untrue. As described in the Holliday Affidavit, the Tendering PHONES Holders participated in this litigation from the outset as a member of the PHONES holder class of plaintiffs, including, among other things, by paying substantial attorneys' fees to WTC's counsel in the Note Holder Actions. Once the Tendering PHONES Holders determined that they could not dissuade WTC from its position that it no longer represented the Tendering PHONES Holders, they promptly sought to intervene in these proceedings to ensure that their rights would be protected. *See* Holliday Affidavit, at ¶ 14-15. None of the cases cited or arguments put forth by the Defendants supports a contrary view.

Third, allowing the Tendering PHONES Holders to intervene in these proceedings would not prejudice the Defendants. The Tendering PHONES Holders ' claims against the Defendants arose from ownership of PHONES at the time the LBO occurred and, consequently, they were part of the class of PHONES Holders on whose behalf the Note Holder Actions were filed. The Defendants do not have "statute of limitations" arguments against the Tendering PHONES Holders any more than they do against any of the other Note Holders that did not file separate complaints against the Defendants. As to the PHONES, WTC acted on behalf of all holders when this action was commenced. Therefore, granting the Tendering PHONES Holders' Motion would not result in the Defendants losing any defenses, dispositive or otherwise, in this action. Moreover, as described at length in the Motion, these proceedings are still in their "early stages." The Phase One Motions are set to be heard shortly.

Finally, intervention must be allowed as of the date the Note Holder Actions were filed. The Tendering PHONES Holders are "original parties to the action" and do not have "wholly separate claims" from those set forth in the original complaints filed by WTC on behalf of the

PHONES Holders. The Tendering PHONES Holders are not trying to use intervention to "circumvent statute of limitations issues" or get a "time-barred claim through the back door." The Tendering PHONES Holders seek intervention solely to preserve their rights as original plaintiffs, now that WTC, the fiduciary charged with acting on their behalf, contends that it no longer represents the Tendering PHONES Holders. As original plaintiffs, the appropriate date for which intervention would be proper is the date the original complaints were filed on their behalf. The Tendering PHONES Holders are merely trying to preserve the status quo and ensure that their rights are protected.

## REPLY

I.  **The Tendering PHONES Holders Should Not Be Required to File a Separate Complaint in the Note Holder Actions**

The Defendants contend that the Tendering PHONES Holders' Motion should be denied under Fed. R. Civil P. 24(c) because the Tendering PHONES Holders did not file a separate complaint in connection with their Motion. This argument is wholly without merit. The Note Holder Actions were commenced by WTC as an indenture trustee on behalf of the holders of PHONES at the time the causes of action asserted in the Note Holder Actions accrued. As original, pre-LBO holders, the Tendering PHONES Holders are beneficiaries of, and the true parties in interest with respect to, such complaints. The Tendering PHONES Holders should no more be required to file a separate complaint to take part in these proceedings than any other holder of PHONES claims.

In any event, many courts, including courts in this district, have allowed a party seeking to intervene as a plaintiff in a proceeding without filing a separate complaint (such plaintiffs have adopted the statements set forth in a previously-filed complaint or when the circumstances otherwise render filing such a complaint unnecessary). *See, e.g., Official Comm. of Asbestos*

4

*Claimants of G-I Holding, Inc. v. Heyman*, 2003 U.S. Dist. LEXIS 21164 at *7 (S.D. N.Y. Dec. 1, 2003). The Tendering PHONES Holders have agreed to adopt as their own the complaints filed in the Note Holder Actions by WTC (which is no surprise, given that such complaints were filed on the Tendering PHONES Holders' behalf).[3]

In addition, the Defendants' purported concerns with respect to "who the [Tendering PHONES Holders] are and why they are allegedly entitled to relief" are moot and/or irrelevant. The so-called "unidentified group of 'affiliates'" of the Tendering PHONES Holders are identified in this Reply. Further, the Tendering PHONES Holders have described at length why they are entitled to relief - - for the same reasons holders of PHONES are entitled to relief, as described at length in the complaints filed on behalf of PHONES holders in the Note Holder Actions.

**II.   The Tendering PHONES Holders' Motion
       Was Filed Timely and Satisfies Fed. R. Civil P. 24(a)**

Under Fed. R. Civil P. 24(a)(2), the Tendering PHONES Holders are entitled, as of right, to intervene in the Note Holder Actions as original plaintiffs if the conditions set forth in Fed. R. Civ. P. 24(a)(2) are satisfied. The Defendants do not contest that the Tendering PHONES Holders are parties who "claim[ ] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest" and that "existing parties [do not] adequately represent that interest." Fed. R. Civ. P. 24(a). The Defendants' only argument under Rule 24(a) that the relief sought in the Motion should be denied is that the Tendering PHONES

---

[3] The Tendering PHONES Holders submit that denying the Motion on non-substantive, procedural grounds such as those proposed by the Defendants, would be an example of "form over substance" and would result in significant waste of time and resources of this and other Courts (as well as the various parties in interest) and, as noted above, is senseless under the present circumstances.

5

Holders' request was not "timely." The Defendants' position, however, fails as a matter of fact and law.

Determination of whether a request to intervene is timely is determined on a case-by-case basis based on all the circumstances of the case. *See Mortgage Lenders Network, Inc. v. Rosenblum*, 218 F.R.D. 381, 383-84 (E.D. N.Y. 2003). "Timeliness" is a flexible concept and courts in this district have generally treated the requirement "leniently." *See Cook v. Pan American World Airways, Inc.*, 636 F. Supp. 693, 695 (S.D.N.Y. 1986) ("Given the leniency with which this court has treated the requirement of timeliness, the movants' delay does not warrant denial of the motion."); *Meyer v. Macmillan Pub. Co., Inc.*, 85 F.R.D 149, 150 (S.D. N.Y. 1980) (noting that "delay is insufficient alone to mandate denial of the motion to intervene.").

The key to the timeliness test is whether the parties to the case will be prejudiced by the intervention. *See Authors Guild v. Google Inc.*, No. 05 Civ. 8136 (DC), 2009 WL 3617732, at *2 (S.D.N.Y. 2009) (citing *U.S. v. Pitney Bowes, Inc.,* 25 F.3d 66, 72-73 (2d Cir. 1994)). The Defendants' sole argument that they would be prejudiced if the Motion is granted is that it would "depriv[e] them of a potentially dispositive [statute of limitations] defense." The Defendants, however, do not have any statute of limitations defenses with respect to the Tendering PHONES Holders' claims, as the Tendering PHONES Holders are original plaintiffs in these proceedings and entitled to the benefits of the timely complaints filed by WTC on their behalf in the Note Holder Actions. Ignoring this dispositive fact, the Defendants attempt to paint the Tendering PHONES Holders' request as untimely by noting several dates relating to these proceedings that are completely irrelevant to the relief the Tendering PHONES Holders seek. *See* Objection, at p.

7.[4] None of the events or dates that the Defendants contend support their claim that the Motion was untimely are in any way relevant to the Tendering PHONES Holders' Motion. At the time of each such event, the Tendering PHONES Holders were represented by WTC, as indenture trustee for the PHONES.[5]

None of the cases the Defendants cite support denial of the Motion. Such cases include requests for intervention following periods of varying length (from four months to fifteen months) following filing of the action. Delay alone is insufficient to deny a motion to intervene. *See Meyer*, 85 F.R.D. at 150. Accordingly, courts have granted requests to intervene under Rule 24 that were filed as much as *twenty-six* years after the original action was commenced. *See Oneida Indian Nation of New York v. New* York, 201 F.R.D. 64 (N.D. N.Y. 2001); *see also Counihan v. Allstate*, 907 F.Supp. 54, 56 (E.D. N.Y. 1995) (motion to intervene was not untimely when filed two and one half years following commencement of the suit); *see also Meyer*, 85 F.R.D. 149 (motion to intervene was granted when filed five years after original complaint was filed). Here, there was no delay.

As described in the Holliday Affidavit, the Tendering PHONES Holders filed their Motion promptly after becoming aware of WTC's position that it no longer represented them in the MDL and after discussions with WTC's counsel with respect to such issues failed. Moreover, and most significantly, the Defendants ignore that the Tendering PHONES Holders do not seek

---

[4] Noting that, among other things, the Motion was filed nearly (i) five years following the LBO's Step Two Closing, (ii) four years after the Tendering PHONES Holders unsuccessfully attempted, but were not able to, exchange their PHONES, (iii) three years after Tribune scheduled the Tendering PHONES Holders' bankruptcy claims in the "Low PHONES" amount, and (iv) seven months following the Bankruptcy Court's ruling that the Tendering PHONES Holders held PHONES claims in the "Low PHONES" amount.

[5] As noted above, in the Motion and in the Holliday Affidavit, the Tendering PHONES Holders paid substantial attorneys' fees in connection with such representation to counsel to WTC throughout Tribune's bankruptcy cases and in these proceedings.

7

to intervene to assert "separate claims" against the Defendants. The Tendering PHONES Holders have PHONES claims covered under the original complaints filed here (as WTC appears to concede by agreeing that the Tendering PHONES Holders are entitled to receive proceeds payable to the PHONES and asserting a charging lien over such payments). The Tendering PHONES Holders merely filed the Motion in the abundance of caution to ensure that their rights were not harmed to the extent WTC succeeds in establishing that it no longer represents the Tendering PHONES Holders in this action and/or that the Bankruptcy Court's "Low PHONES" ruling has any bearing on this action. The Tendering PHONES Holders' request cannot be considered to be untimely or prejudicial to any party herein.

### III.   The Tendering PHONES Holders Should Be Permitted to Intervene Under Fed. R. Civil P. Rule 24(b)

The Defendants concede that the standard for permissive intervention under Fed. R. Civil P. 24(b) is satisfied here. Nonetheless, the Defendants ask this Court to deny the Motion on the grounds that allowing the Tendering PHONES Holders to intervene would "unduly prejudice" the Defendants by "possibly curing any statute of limitations issues, thereby depriving [the Defendants] of a possibly dispositive defense." As discussed, the Defendants would not be prejudiced in any way (let alone, unduly) by the granting of the Tendering PHONES Holders' Motion. The Tendering PHONES Holders are original plaintiffs in the Note Holder Actions. WTC's recent decision to take the position that it no longer represents the Tendering PHONES Holders in these proceedings does not change that fact and does not retroactively render the timely and properly-filed original complaints in the Note Holder Actions inapplicable to the Tendering PHONES Holders. As a consequence, the Defendants do not have any "statute of limitations" defenses against the Tendering PHONES Holders that would be impacted by granting the Motion.

### IV. The Tendering PHONES Holders Should Be Permitted to Intervene *Nunc Pro Tunc* the Note Holder Actions' Filing Date.

Finally, with respect to the Tendering PHONES Holders' request to intervene as of the original filing date of the Note Holder Actions, the Defendants misconstrue the relief that the Tendering PHONES Holders seek. The Tendering PHONES Holders do not seek "retroactive relief" to "revive time-barred claims" or "circumvent applicable statutes of limitations." The Tendering PHONES Holders seek intervention as of the date the Note Holder Actions were commenced because the Tendering PHONES Holders were (and remain) members of the class of beneficiaries on whose behalf WTC, as indenture trustee, commenced the Note Holder Actions. As shown by the exhibits attached to the Holliday Affidavit, this issue is fundamentally an inter-creditor, or inter-plaintiff, issue among the Tendering PHONES Holders and WTC, as indenture trustee, acting at the direction of certain non-tendering PHONES Holders, regarding (i) the amount of the Tendering PHONES Holders' claims and (ii) whether the Bankruptcy Court's ruling that the Tendering PHONES Holders have Bankruptcy claims in the "Low PHONES" amount against Tribune Company has any bearing on the amount of their claims against the Defendants in this action.

The Defendants disingenuously suggest that, by granting the Tendering PHONES Holders' Motion, this Court would be conveying rights upon the Tendering PHONES Holders that they do not presently have. The Tendering PHONES Holders are *original* pre-LBO holders of PHONES and held PHONES at the time of the LBO which gave rise to the causes of action asserted in the Note Holder Actions. The Tendering PHONES Holders' claims against the Defendants are included in, and constitute part of, the complaints filed by WTC in the Note Holder Actions. Whether the Tendering PHONES Holders have claims against the Defendants is not in dispute. The sole issue that is in dispute is the amount of such claims and whether WTC

9

continues to act for the Tendering PHONES Holders in this action. The Tendering PHONES Holders' recourse in the face of WTC's position was to file the present Motion when they did to preserve the *status quo*. That issue or dispute can and should be resolved at a later date in these proceedings and is not a proper basis for denying the Tendering PHONES Holders' request to intervene.

The Defendants cite several Fed. R. Civ. P. 24 "relation back" cases for the proposition that a plaintiff cannot use intervention to "take advantage of an earlier filed complaint." *See* Objection, p. 4. None of the cases cited by the Defendants, however, is similar to the present facts. The common theme running through the cases the Defendants cite is that *new* parties to an action may not use Fed. R. Civ. P. 24 to "bootstrap" their way into a claim they would not otherwise be able to assert.[6] Here, the Tendering PHONES Holders are not new parties trying to "back door" their way into this action. The Tendering PHONES Holders do not have "separate claims" that would be subject to a "separate action." The Tendering PHONES Holders are and have been original plaintiffs in these proceedings since their commencement. Simply because WTC, at the direction of certain holders, has taken the position that they no longer represent the Tendering PHONES Holders does not render the Tendering PHONES Holders non-parties such that they are required to file new actions against the Defendants. As a consequence, none of the cases cited by the Defendants is applicable to the Motion or warrant denial thereof.

---

[6] *See Stewart v. Atwood*, 834 F. Supp. 2d 171, 181 (W.D. N.Y. 2011) (not allowing intervention when the statute of limitations would prohibit the party seeking intervention from filing a "separate action"); *Lee v. Marvel Enters.,Inc.,* 765 F. Supp. 2d 440, 455 (S.D. N.Y. 2011) (holding that intervention may not be used to "circumvent the statute of limitation for its *wholly separate claims*" is not allowed) (emphasis added); *N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.,* 2010 U.S. Dist. LEXIS 136142, at *8 (S.D. N.Y. Dec. 15, 2010) (holding that a party may not take advantage of relation back "if it is not actually a party to the action in the first instance.")

WHEREFORE, the Tendering PHONES Holders respectfully request that the Court (i) overrule the Defendants' Objection, (ii) authorize the Tendering PHONES Holders to intervene as plaintiffs in the MDL and the Note Holder Actions for all purposes as of the date the Note Holder Actions were commenced, and (iii) grant such other and further relief as is just, proper and equitable.

Dated: February 22, 2013
New York, New York

ASCHETTINO STRUHS LLP

By: /s/ Naomi D. Johnson
Stephen A. Aschettino
Naomi D. Johnson
1500 Broadway, 21st Floor
New York, New York 10036
Telephone: (212) 354-7600
Facsimile: (866) 260-5527

*Counsel to Citadel Equity Fund Ltd., Camden Asset Management LP and Their Affiliates*

## CERTIFICATE OF SERVICE

I, Naomi D. Johnson, an attorney admitted to practice in the State of New York and associated with the law firm of Aschettino Struhs LLP, hereby certify that on February 22, 2013, I caused a copy of Reply to Defendants' Executive Committee's Memorandum of Law in Opposition to Motion of Certain "Tendering Phones Holders" to Intervene as Plaintiffs to be served via the Court's PACER system on all parties entitled to receive electronic notice in these actions.

Dated:  February 22, 2013
          New York, New York

                                                            /s/ Naomi D. Johnson
                                                            Naomi D. Johnson