# ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

1801 K STREET, N.W., SUITE 411
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Michael L. Waldman

(202) 775-4525
mwaldman@robbinsrussell.com

May 17, 2013

*VIA E-MAIL*

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 905
New York, New York 10007

      Re:    <u>*In re Tribune Co. Fraudulent Conveyance Litigation*, 11 MD 2296 (RJS)</u>

Dear Judge Sullivan:

      We are liaison counsel to Marc S. Kirschner as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust, successor plaintiff to the Official Committee of Unsecured Creditors of Tribune Company (the "Committee") in *Kirschner v. FitzSimons*, No. 12 CV 2652, and *Kirschner v. Citigroup Global Markets, Inc.*, 12 CV 6055 (the "Actions"). The Actions were stayed by the Bankruptcy Court and remain stayed pursuant to this Court's Master Case Order No. 3 ("MCO 3") (ECF No. 45 on 12 MC 2296).

      Pursuant to Rule 2(A) of this Court's Individual Practices and Federal Rule of Civil Procedure 15(a)(2), the Litigation Trustee respectfully requests a pre-motion conference to seek leave to amend (i) the currently operative Fourth Amended Complaint in the *FitzSimons* Action (ECF No. 514 on 12 CV 2652) by filing a Fifth Amended Complaint in substantially the form attached hereto as Tab 1, and (ii) the original Complaint in the *Citigroup* Action (ECF No. 1-1 on 12 CV 6055) by filing a First Amended Complaint in substantially the form attached hereto as Tab 2.[1] The first four amendments to the *FitzSimons* Action all were undertaken by the Litigation Trustee's predecessor, and were directed at various ministerial changes, such as correcting typographical errors and adding, dropping, and amending individually named defendants. The Fifth Amended Complaint includes the first proposed substantive amendments since the original complaint was

---

[1] A copy of this letter attaching redacted versions of the Fifth Amended Complaint in *FitzSimons* and First Amended Complaint in *Citigroup* will be electronically filed on the 11 MD 2296, 12 CV 2652, and 12 CV 6055 dockets, sent by electronic mail to counsel for the Named Defendants' Executive Committee and the Exhibit A Defendants' Executive Committee, *see* MCO 3 ¶¶ 24, 25, and posted at www.tribunetrustlitigation.com. A copy of this letter without the two proposed amended complaints or Tab 3 will be served by U.S. Mail on all defendants in *FitzSimons*. Defendants who wish to review the proposed amended pleadings can do so by visiting www.tribunetrustlitigation.com.

**Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

Hon. Richard J. Sullivan
May 17, 2013
Page 2

filed in the Bankruptcy Court.  It also adds newly discovered defendants, corrects transfer amounts, improves defendant naming style, and deletes defendants, including duplicate defendants.

The standards for granting leave to amend are easily met here.  Under Rule 15(a)(2), the "court should freely give leave when justice so requires."  As this Court and numerous other courts have held, leave to amend the pleadings should therefore "be granted in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party."  *Schiller v. City of N.Y.*, No. 04 Civ. 79222009, 2009 WL 497580, at *1 (S.D.N.Y. Feb. 27, 2009) (Sullivan, J.) (citation and internal quotations omitted).

Granting leave to amend will not prejudice any defendant.  First, while the original complaints were filed in 2010, the cases are effectively brand-new.  The Actions were stayed immediately after they were commenced, and the parties have not engaged in any substantive discovery or merits-related activities of any kind.  *See, e.g.,* MCO 3 ¶¶ 31, 36, 38, 41; *Carson Optical, Inc. v. Electro-Optix, Inc.*, No. 09 CV 1625, 2012 WL 6720784, at *2 (E.D.N.Y. 2012) (permitting amendment where discovery had not yet "begun in earnest").  Hence, allowing the amendment will not cause any defendant to "expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (internal citation and quotation marks omitted).  To the contrary, MCO 3—which was jointly negotiated among counsel for the parties and approved by the Court—specifically anticipates a substantive amendment of the complaints, and provides that any further activity in these cases should follow those amendments.  *See, e.g.,* MCO 3 ¶ 31 (pre-answer motions to dismiss "will not be filed before the Litigation Trustee has replaced the Committee as the Plaintiff . . . and has either amended the complaints . . . or informed the Court in writing that it does not intend to amend such complaints").

Second, the proposed amendments clarify the Litigation Trustee's claims and should aid the defendants in preparing their respective responses.  The allegations in the amendments arise from the same transaction as the allegations in all prior iterations of the complaints: the disastrous leveraged buyout ("LBO") of Tribune Company ("Tribune") in 2007 that caused Tribune to enter bankruptcy less than one year later.  The amended complaints expand upon the existing allegations concerning, among other things, the chronology of events leading to the LBO, the roles played by certain defendants in connection with the transaction, and the nature of the acts and omissions giving rise to the claims against the defendants.  *See Asoma Corp. v. SK Shipping Co.*, 53 F. App'x 581 (2d Cir. 2002) (additional allegations concerning same transaction set forth in original pleading should be allowed).  In addition, the proposed amended pleading in *FitzSimons* (i) raises the threshold for members of the putative defendant class of shareholders to $50,000; (ii) withdraws counts for breach of fiduciary duty against former Tribune officers Thomas D. Leach, Luis E. Lewin, R. Mark Mallory, and Ruthellyn Musil; and (iii) removes causes of action under Bankruptcy Code Section 510(b) for mandatory subordination of claims asserted by Tribune directors and

**Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP**

Hon. Richard J. Sullivan
May 17, 2013
Page 3

officers in the Tribune bankruptcy. *See Kamerman v. Steinberg*, 681 F. Supp. 206 (S.D.N.Y. 1988) (permitting amendments that will help focus issues for trial).[2]

  The motion to file the amended complaints is timely, and the Litigation Trustee clearly is acting in good faith. The Litigation Trustee succeeded the Committee as plaintiff in the Actions on December 31, 2012. Before he could revise the complaints, the Litigation Trustee was required to retain counsel, familiarize himself with an enormous amount of information concerning the complex LBO transaction and the many persons and entities that are defendants in the Actions, meet repeatedly and at length with representatives of the Committee, review a substantial number of documents recently turned over to the Litigation Trustee by the Committee and Tribune, consider the interplay between the facts and the law concerning dozens of causes of action, decide what changes should be made to the complaints, and execute those modifications. Under the circumstances, the Litigation Trustee has acted with speed and efficiency. In any event, the lapse of time between the filing of an original and amended pleading cannot by itself "provide a basis for a district court to deny the right to amend" unless the alleged delay is accompanied by "bad faith or undue prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal citations and quotations omitted). As described above, no such showing can be made here. *See State Farm Mut. Auto. Ins. Co. v. CPT Medical Servs., P.C.*, 246 F.R.D. 143, 149 (E.D.N.Y. 2007) (holding that defendants were not prejudiced by 2½ year period between filing of original complaint and amended complaint where "the case is nowhere near resolution" and "the only discovery that has been completed was conducted in an effort to determine the proper parties to this action, and significant discovery on the merits has yet to commence").

  In fact, the Litigation Trustee respectfully submits that leave to amend is so clearly warranted here that no motion practice is necessary. *Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 387 (E.D.N.Y. 2005) ("[T]he Court may *sua sponte* grant leave to amend."). Judge Pauley previously granted leave to make non-substantive amendments to the *FitzSimons* complaint— including the addition and deletion of defendants—without the need for a motion. MCO 3 ¶ 39(ii). Moreover, MCO 3 specifically assumes that the Litigation Trustee will be permitted to substantively amend the complaints. *Id.* ¶ 31. Under the circumstances, the interests of judicial economy would be served were the Court to grant leave to file the amended complaints without a formal motion.

  However, to the extent the Court deems it necessary or appropriate, the Litigation Trustee respectfully requests a near-term pre-motion conference, a schedule for submission of opening, opposition and reply briefs consistent with Southern District Local Rule 6.1(b), and an order requiring any defendants who wish to oppose the motion to file a single joint opposition brief limited to a total of 25 pages.

---

[2] Exhibit A to the proposed Fifth Amended Complaint includes 39 defendants that were inadvertently omitted from Exhibit A to the Fourth Amended Complaint, and that were the subject of the Litigation Trustee's pre-motion letter to this Court dated March 4, 2013. *See* ECF No. 2357, Ex. 1 (copy attached hereto as Tab 3). The Court has not yet acted on the March 4, 2013 letter, and, to the Litigation Trustee's knowledge, no objections or other responses to the letter were filed or otherwise submitted to the Court.

Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

Hon. Richard J. Sullivan
May 17, 2013
Page 4

                                                          Respectfully,

*[signature]*                                                *[signature]* /m.w.

Michael L. Waldman                           Robert J. Lack
Robbins, Russell, Englert, Orseck,          Friedman Kaplan Seiler & Adelman LLP
Untereiner & Sauber LLP                     Plaintiff's Liaison Counsel in *Citigroup*
Plaintiff's Liaison Counsel in *FitzSimons*

cc: Defendants' Liaison Counsel and Executive Committee in *Kirschner v. FitzSimons* and *Kirschner v. Citigroup*