# TAB 3

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

1801 K STREET, N.W., SUITE 411 L
WASHINGTON, D.C. 20006
PHONE (202) 775-4500
FAX (202) 775-4510
www.robbinsrussell.com

Michael L. Waldman

(202) 775-4525
mwaldman@robbinsrussell.com

March 4, 2013

BY FEDEX

Hon. William H. Pauley III
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *In re Tribune Company Fraudulent Conveyance Litigation*
       Case Nos. 11 MD 2296 (WHP), 12 CV 2652 (WHP)

Dear Judge Pauley:

  We are counsel to Marc S. Kirschner as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust (the "Litigation Trust"), successor plaintiff to the Official Committee of Unsecured Creditors of Tribune Company (the "Committee") in *Kirschner v. FitzSimons*, No. 12 CV 2652, before this Court. Pursuant to Rule III(A)(ii) of Your Honor's Individual Practices, we submit this letter as a pre-motion request for relief under Rule 60 of the Federal Rules of Civil Procedure.

  We recently discovered that the predecessor plaintiff, the Committee, inadvertently omitted from Exhibit A to the Fourth Amended Complaint (ECF No. 514) 39 defendants (the "Omitted Defendants") that were previously named in Exhibit A to the Third Amended Complaint (ECF No. 25-42).[1] Five of the Omitted Defendants were also inadvertently included on the Committee's notice (the "Notice") (ECF No. 503) of defendants dismissed without prejudice pursuant to paragraph 29 of Master Case Order No. 3, 11 MD 2296, ECF No. 1395 ("MCO 3"). Pursuant to Federal Rule of Civil Procedure Rule 60, the Litigation Trustee intends to seek an order restoring the Omitted Defendants to Exhibit A to the Fourth Amended Complaint *nunc pro tunc* to its original filing on November 7, 2012, and deleting from the Notice the five Omitted Defendants that appear there *nunc pro tunc* to the Notice's original filing on November 7, 2012.

---

[1] The 39 Omitted Defendants are listed in the attached Appendix. The five Omitted Defendants inadvertently included in the Notice also are noted in the Appendix.

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

Hon. William H. Pauley III
March 4, 2013
Page 2

Committee Counsel has informed the Litigation Trustee that the elimination of the Omitted Defendants and the inclusion of certain of the Omitted Defendants in the Notice occurred inadvertently in the course of the extensive administrative processes required to review and organize the voluminous data contained in Exhibit A. Exhibit A to the Third Amended Complaint contained over 32,000 entries and was 672 pages long. As encouraged by the Court and memorialized in paragraph 39 of MCO 3, the Committee engaged in extensive review to identify those defendants who received less than $50,000 in shareholder transfers and dismissed them as named defendants without prejudice. As a result, Exhibit A to the Fourth Amended Complaint was reduced by approximately 80%, to 5,581 entries and 158 pages. In the process of making this massive revision and removing more than 26,000 entries from Exhibit A, certain Omitted Defendants with names similar to defendants who were being dismissed were erroneously identified as duplicates of named defendants and eliminated as a result. Certain other Omitted Defendants were eliminated from Exhibit A as a result of clerical error in the organization of the data.

The elimination of the Omitted Defendants was a clerical or administrative error, the correction of which is contemplated by and permissible under Rule 60. Rule 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Courts have allowed parties to seek relief under Rule 60(a) to correct mistakes that did not reflect the intention of the parties, including errors in the naming of defendants. *See United States v. Kellogg (In re W. Tex. Mktg. Corp.)*, 12 F.3d 497, 503 (5th Cir. 1994); *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 326 (2d Cir. 1973); *PacificCorp Capital v. Hansen Props.*, 161 F.R.D. 285, 288 (S.D.N.Y. 1995). The removal from the Fourth Amended Complaint of these defendants who received $50,000 or more in shareholder transfers was an inadvertent, clerical mistake that did not reflect the Committee's intentions. Thus, Rule 60(a) permits the correction of this clerical error by restoring the Omitted Defendants to the Fourth Amended Complaint.

The relief that the Litigation Trustee seeks is also permitted under Rule 60(b). Rule 60(b)(1) empowers the Court to relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." The omission of the Omitted Defendants from Exhibit A or their inclusion in the Notice may be considered to have resulted in their dismissal without prejudice from the lawsuit. *See, e.g., Wilson v. Toussie*, No. 01 CV 4568, 2003 WL 22466219, at *7 (E.D.N.Y. Oct. 8, 2003); *Baskerville v. Goord*, No. 97 Civ. 6413, 1998 WL 778396, at *1 n.3 (S.D.N.Y. Nov. 5, 1998); Fed. R. Civ. P. 41(a)(1)(B). Courts may treat a dismissal without prejudice as a final judgment, order, or proceeding for purposes of relief under Rule 60(b). *See Vasquez v. Carey*, No. 03 Civ. 3905, 2010 WL 1140850, at *7 (S.D.N.Y. Mar. 24, 2010); *Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch*, 633 F. Supp. 2d 37, 40 n.1 (S.D.N.Y. 2009).

Mistake, inadvertence, or excusable neglect by counsel qualifies for relief under Rule 60(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 397 (1993); *Heavey v. Chen*, No. 96 CIV. 8677(AJP), 2000 WL 124988, at *2 (S.D.N.Y. Feb. 3,

Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

Hon. William H. Pauley III
March 4, 2013
Page 3

2000). To determine whether the conduct falls within any of the three categories such that relief under Rule 60(b)(1) is appropriate, courts typically examine a number of factors, including (1) whether granting relief will prejudice the non-moving party; (2) the length of the delay caused by the error and its effect on the proceedings; (3) the reason for the error; and (4) whether the moving party acted in good faith. *See Pioneer*, 507 U.S. at 395.

Each of these factors heavily favors granting Rule 60(b) relief here. Reinstating the Omitted Defendants will not prejudice them in any way. Each of the Omitted Defendants was named in Exhibit A to the Third Amended Complaint, and nearly all of them were also named in Exhibit A to the First and Second Amended Complaints. All of the Omitted Defendants also were (and remain) included in the defendant class that has been named in each complaint since the original complaint was filed on November 1, 2010. In addition, proceedings in the Committee Action are essentially stayed, and no defendant is yet required to respond in any manner to the complaint.

The remaining factors also favor granting Rule 60(b) relief. The Litigation Trustee has acted promptly to correct the inadvertent mistake, which has not delayed the proceedings in any way because of the Court-ordered stay of the proceedings. The error is excusable in light of the sheer number of defendants listed on Exhibit A and the similarity of many of the defendant names. There also can be no question that prior Committee counsel, the Litigation Trustee, and his present counsel have acted and are acting in good faith to correct the mistake.

In sum, the Litigation Trustee believes there is ample support in the facts and law to grant Rule 60 relief. Permitting reinstatement of the Omitted Defendants under the circumstances will allow the Litigation Trustee to pursue, on behalf of the Litigation Trust, claims against the Omitted Defendants relating to approximately $180 million in shareholder transfers received by either beneficial holders or potential conduits. Counsel is available at the Court's convenience to discuss any questions it may have regarding this request.[2]

Respectfully,

*/s/ Michael L. Waldman*

Michael L. Waldman

cc: Defendants' Liaison Counsel and Executive Committee in *Kirschner v. FitzSimons*

---

[2] Apart from the Rule 60 relief sought here, the Litigation Trustee intends on or around April 30, 2013 (i) to seek leave to file substantive amendments to the complaint as contemplated by paragraphs 31-33 of MCO 3 and (ii) to file amendments as of right pursuant to paragraph 39(ii) of MCO 3 to add newly discovered defendants, correct transfer amounts, improve the style consistency in the listing of defendant names, and delete duplicate entries.

## APPENDIX -- List of Omitted Defendants[3]

1. Abbey National Securities, Inc.
2. ABN AMRO Clearing Chicago LLC
3. Alan L. Garner SEP/IRA
4. American Enterprise Investment Services Inc.
5. Argyll Research LLC
6. Ari Daniel Blum UGMA MD, Leonor Blum as Custodian of
7. Banc of America Securities LLC
8. Bank of Oklahoma NA
9. Blackrock, Inc.
10. City of Atlanta, General Employees Pension Fund
11. Claudia F. Gasparini IRA
12. Crowell Weedon & Co.
13. Dennis J. Britt Rollover IRA, Scottrade Inc. Tr.
14. Dorothy Dunklin Marting
15. Draper and Kramer Inc. a/k/a DK/Equity, LLC
16. Fiducie Desjardins Inc.
17. First Southwest Co.
18. First Trust Exchange-Traded Fund
19. Florida Retirement System
20. HSBC Securities Canada
21. Interactive Brokers Group
22. James B. Kerr III Trust U/W Agnes R. Kerr Dtd 7/2/1977, James B. Kerr III, Trustee
23. John J. Vitanovec Trust U/A Dtd 12/27/1996
24. Keybank National Association
25. Monetary Authority of Singapore
26. Nicholas P. Goschi Trust B U/A Dtd 08/21/1996 FBO Barbara V. Goschi, Peter E. Goschi, Trustee
27. Pat S. Phelps 1935 Tr. FBO R.S. Phelps
28. Peter R. Marino IRA Rollover, Charles Schwab & Co Inc, Custodian, and Peter R. Marino, Beneficiary
29. Pipefitters Local 274 Annuity
30. Progress Energy Inc.
31. Ralph H. Gibson and Mary E. Junck
32. RBC Dominion Securities, Inc.
33. Robert H. Farrington Marital Tr. UAD 09/05/05, Robert H. Farrington and Robert F. Farrington as Trustees
34. Sarah A. O'Brien Trust Dtd 8-18-03, Kevin D. O'Brien and Sarah A. O'Brien, Trustees
35. T. Rowe Price Balanced Fund, Inc.
36. TD U.S. Large Cap Value Fund
37. TD Waterhouse Canada Inc.
38. Trust by Scott C. Smith U/A Dtd 04/16/1983, Scott C. Smith, Trustee
39. William Blair & Co.

---

[3] The five Omitted Defendants inadvertently included on the Notice of Dismissal are: Banc of America Securities LLC; Bank of Oklahoma N.A.; City of Atlanta, General Employees Pension Fund; TD U.S. Large Cap Value Fund; and William Blair & Co.