**MEMO ENDORSED**

June 4, 2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-4-13

*VIA E-MAIL*

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 905
New York, New York 10007

    Re:    *In re Tribune Co. Fraudulent Conveyance Litigation*, 11 MD 2296 (RJS)

Dear Judge Sullivan:

    We are liaison counsel to Marc S. Kirschner, as Litigation Trustee (the "Litigation Trustee") for the Tribune Litigation Trust, and liaison counsel for the Exhibit A Shareholder Defendants (the "Shareholder Defendants Liaison Counsel") in *Kirschner v. FitzSimons*, No. 12 CV 2652 (the "*FitzSimons* Action"). We write jointly about service of the Litigation Trustee's forthcoming motion for leave to file a Fifth Amended Complaint (the "Motion") and the procedure to notify Exhibit A Shareholder Defendants of the Motion and their opportunity to respond. In particular, we ask the Court to authorize the procedures described below.

### A.    Service Of The Motion By The Litigation Trustee

    The Litigation Trustee proposes to serve by mail only the notice of the Motion and his brief in support of the Motion. The documents accompanying the brief, including the proposed Fifth Amended Complaint and its exhibits, will be made available to defendants via ECF and on the Internet at www.tribunetrustlitigation.com. The Litigation Trustee will also post on the website a blackline showing the proposed changes in the proposed Fifth Amended Complaint. In addition, the Litigation Trustee will send by postal mail the Motion and all of the documents accompanying it to any defendant who requests them.

    This streamlined service will save the Litigation Trustee enormous administrative cost. The current master case order defers the obligation of the thousands of Exhibit A Shareholder Defendants to appear in the *FitzSimons* Action, and as a result many have not yet done so. *See* Master Case Order No. 3 ("MCO 3") ¶ 35 (Sept. 7, 2012) [ECF No. 1395]. To serve those defendants by mail with the Fifth Amended Complaint and its exhibits (totaling over 250 pages) would cost well over $150,000, exclusive of any professional and paraprofessional fees associated with that service. That expense is especially wasteful in light of the fact that the majority of the Exhibit A Shareholder Defendants are also defendants in the Individual Creditor Actions and should already be receiving notices relating to the MDL electronically, either through the ECF system or by e-mail. In addition, streamlining service as proposed above would spare defendants the inconvenience and potential confusion associated with receiving yet another voluminous mailing relating to the Tribune MDL.

36122598_2

Hon. Richard J. Sullivan
June 4, 2013
Page 2

### B. Notification Responsibilities Of Shareholder Defendants Liaison Counsel

By Order dated May 28, 2013, the Court directed liaison counsel for the defendants to inform the individual defendants of the Motion and, if any individual defendants wish to oppose the Motion, to coordinate and file a responsive pleading. To comply with the Order, Shareholder Defendants Liaison Counsel will post a notice on the Internet at www.tribune-defendants.com, which was established originally in connection with the Individual Creditor Actions, and will send that notice by e-mail to the list of e-mail addresses that the Executive Committee in the Individual Creditor Actions and the liaison counsel in those actions have collected. The notice will include a schedule by which a defendant must inform Shareholder Defendants Liaison Counsel of any intended opposition to the Motion so that arguments can be coordinated.

As noted, the shareholder defendants in the Individual Creditor Actions and the *FitzSimons* Action largely overlap. However, consistent with the master case order, many have not entered appearances or obtained counsel. Accordingly, although a number of defendants or their attorneys have communicated with the defendants' executive committee and provided contact information, Shareholder Defendants Liaison Counsel does not have a complete mailing list that will reach every Exhibit A Shareholder Defendant.

The Exhibit A Shareholder Executive Committee believes that posting a notice is the most practical way to proceed under the circumstances given the number of defendants the Litigation Trustee has named in the *FitzSimons* Action, the existing stay of that action (which has caused many defendants to hold off on any action, including retention of counsel), and the likely responses to the Motion.

\*   \*   \*

For these reasons, the undersigned have agreed upon the service and notification procedures described above and ask the Court to approve them. Of course, the undersigned are available to confer with the Court if the procedures suggested above are not satisfactory.

Respectfully,

Michael L. Waldman
Robbins, Russell, Englert, Orseck,
 Untereiner & Sauber LLP
Plaintiff's Liaison Counsel in *FitzSimons*
202-775-4500
mwaldman@robbinsrussell.com

D. Ross Martin
Ropes & Gray LLP
Shareholder Defendants' Liaison Counsel
 in *Fitzsimons*
617-951-7000
ross.martin@ropesgray.com

cc: Defendants' Liaison Counsel and Executive Committee in *Kirschner v. FitzSimons*
36122598_2

SO ORDERED
Dated: 6/4/13

RICHARD J. SULLIVAN
U.S.D.J.