```
                                        ┌────────────────────────────────┐
                                        │ USDS SDNY                       │
                                        │ DOCUMENT                        │
UNITED STATES DISTRICT COURT            │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK           │ DOC #: _____             │
                                        │ DATE FILED: 4/24/14             │
                                        └────────────────────────────────┘
```

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (RJS) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,<br><br>        Plaintiff,<br><br>   -against-<br><br>DENNIS J. FITZSIMONS, *et al.*,<br><br>        Defendants. | 12 CV 2652 (RJS) |

## CONDUIT PROTOCOL

Plaintiff has filed a complaint (the "Fifth Amended Complaint") against the Exhibit A Shareholder Defendants asserting claims for intentional fraudulent transfer. In the Fifth Amended Complaint, Plaintiff alleges that the total payments by Tribune Company ("Tribune") in connection with Tribune's 2007 leveraged buyout ("LBO") for the purchase or redemption of shares of Tribune stock exceeded $8 billion. The Exhibit A Shareholder Defendants have not admitted any liability. Counsel for Plaintiff and Liaison Counsel for the Exhibit A Shareholder Defendants, pursuant to Master Case Order No. 4 ("MCO 4") in the above litigation (the "Action"), hereby set forth the following voluntary protocol (the "Conduit Protocol") for the voluntary dismissal by Plaintiff, without prejudice, of Count One of the Fifth Amended Complaint against Exhibit A Shareholder Defendants that demonstrate, as provided herein, that they were "mere conduits," and thus not transferees, for Shareholder Transfers (as defined in the Fifth Amended Complaint) made in connection with the LBO. Exhibit A Shareholder Defendants are not required to invoke this

2923603.4

Conduit Protocol, and may assert arguments based on their status as "mere conduits" in motions for summary judgment, or at any trial in the Action. Invoking this protocol shall not affect a Defendant's right to bring a Phase Two Motion (as defined in MCO 4). An Exhibit A Shareholder Defendant who makes a Phase Two Motion may also invoke this protocol.

      1.    *Definition of Mere Conduit.*  The following provisions will apply for purpose of this protocol, without prejudice to or waiver of any position or argument by any party to the above-referenced litigation. A defendant's potential status as a mere conduit ("Conduit") will be based on Court of Appeals, District Court, or Bankruptcy Court authority to the extent consistent with the principles set forth in *Christy v. Alexander & Alexander of N.Y. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 57-59 (2d Cir. 1997), and any controlling Second Circuit or Supreme Court authority issued after the date this protocol is entered. A defendant may establish that it was a Conduit with respect to a portion of the Shareholder Transfers, even if it does not establish that it was a Conduit with respect to all of the Shareholder Transfers. A defendant shall not be required under this protocol to identify, and may establish that it was a Conduit even if it or the Plaintiff is unable to identify, some or all of (a) the defendant's own customers who received Shareholder Transfers due to Non-Disclosure Laws as defined in paragraph 2 below or (b) the ultimate transferees that received the Shareholder Transfers subsequent to such defendant transmitting the relevant Shareholder Transfers to others.

      2.    *Documentation of Conduit Status.*  Any Exhibit A Shareholder Defendant that believes it is a Conduit, in whole or in part, may submit to the undersigned Plaintiff's Liaison Counsel a declaration or declarations signed by an authorized officer, director, partner, employee, or agent of the defendant substantially in the form attached as Appendix I and subject to the possible redactions of information as provided in this paragraph. The declaration shall be e-mailed

2

to tribune@fklaw.com with the subject line "Conduit Protocol – [insert defendant name]" in both

PDF and Word format and accompanied by the following exhibits:

Exhibit 1:  An Excel spreadsheet listing each of the persons and entities to which the defendant transmitted, credited, or otherwise made available proceeds of $3,400 or more from Step One of the LBO, regardless of amount, showing for each person or entity its name, address, the amounts the defendant transmitted, credited, or otherwise made available to the person or entity, and the transaction's trade date and settlement date (to the extent trade date and settlement date data are available).

Exhibit 2:  An Excel spreadsheet listing each of the persons and entities to which the defendant transmitted, credited, or otherwise made available proceeds of $3,400 or more from Step Two of the LBO, regardless of amount, showing for each person or entity its name, address, the amounts the defendant transmitted, credited, or otherwise made available, to the person or entity, and the transaction's trade date and settlement date (to the extent trade date and settlement date data are available).

If an Exhibit A Shareholder Defendant is unable to provide the name, address, or any other

information with regard to a person or entity encompassed in Exhibit 1 or 2 based on (i) foreign

data privacy laws, (ii) foreign bank secrecy laws, or (iii) other similar foreign laws (collectively,

the "Non-Disclosure Laws"), it shall (a) cite the applicable law(s) and state the reason for its

inability to provide such information; and (b) use an individualized code instead of disclosing such

information (i.e., "Customer 1," "Customer 2," etc.).  If there is any dispute as to whether

information may be provided due to Non-Disclosure Laws, the parties shall meet and confer in an

attempt to resolve the disagreement.  Notwithstanding anything herein to the contrary, no Exhibit

A Shareholder Defendant shall refuse to withhold information on the basis of Non-Disclosure

Laws to the extent the Exhibit A Shareholder Defendant previously provided such information to

Tribune's Official Committee of Unsecured Creditors.   Upon the request of an Exhibit A

Shareholder Defendant, Plaintiff shall serve a document request for the information called for in

Exhibit 1 or 2.  Plaintiff agrees that (a) a defendant's good faith belief that it is unable to voluntarily

provide the names, addresses, or any other identifying information of persons or entities

3

encompassed in Exhibit 1 or 2 based on the Non-Disclosure Laws, and/or (b) Plaintiff's inability to identify some or all of the ultimate transferees that received the Shareholder Transfers subsequent to such defendant transmitting the relevant Shareholder Transfers to one or more other persons or entities identified in Exhibit 1 or 2, will not preclude the Plaintiff from concluding that such defendant is a Conduit. In addition to any redaction of information based on Non-Disclosure Laws, a defendant need not produce information under this Conduit Protocol for persons or entities to which the defendant transmitted, credited, or otherwise made available less than $3,400 in proceeds from Step One or Step Two of the LBO, provided that the defendant produces information concerning the number of such transactions and their aggregate dollar total at each step.

3.    *Review of Documentation.*    Counsel for Plaintiff will review the documentation submitted by the defendant and will inform the defendant's counsel (or, in the case of an unrepresented defendant, the defendant) in writing, with a copy to Davis Polk & Wardwell LLP as the Coordinating Firm for Conduit Defendants, whether Plaintiff's counsel agrees that the defendant is a Conduit and if so, in what amount (the "Plaintiff Response"). Counsel for Plaintiff will make reasonable efforts to provide the Plaintiff Response within 60 days of receipt of all materials submitted by a defendant pursuant to paragraph 2, unless such time is extended as provided herein. Plaintiff's counsel may submit reasonable follow-up requests to the defendant's counsel for additional information that Plaintiff's counsel believes in good faith is needed to make a determination of Conduit status. In the event that Plaintiff makes a follow-up request, the Plaintiff's time to provide the Plaintiff Response shall be extended until 30 days after receipt of any additional materials that are provided. If there is any dispute with regard to such follow-up requests, the parties shall meet and confer in an attempt to resolve the disagreement. If the parties fail to consensually resolve the dispute, then Plaintiff may provide the Plaintiff Response based on

4

the information the defendant has provided, or may deny the defendant's request for dismissal without prejudice to reconsideration once additional materials are provided.

4.      *Execution of Stipulation and Notice of Dismissal.* If Plaintiff agrees that the defendant is eligible for dismissal because all the Shareholder Transfers the defendant received were received as a Conduit, or because the Shareholder Transfers the defendant received, after subtracting the Conduit Amount, were less than $50,000, counsel for Plaintiff and the defendant shall execute, and Plaintiff's counsel shall file with the Court, with a copy to the Coordinating Firm for Conduit Defendants, a Stipulation and Notice of Dismissal in the form attached as Appendix II. The dismissal shall not apply to instances where the defendant is expressly named in the Fifth Amended Complaint (or any future Amended Complaint) in its capacity as a nominal or representative defendant (such as a trustee or IRA or UTMA custodian) in order to pursue the claim set forth in Count One of the Fifth Amended Complaint (or the same claim set forth in any future Amended Complaint) against beneficial or legal recipients of Shareholder Transfers, or to the extent the defendant itself was a beneficial holder. If the defendant is named as the nominee or representative of a recipient of Shareholder Transfers, and that recipient of Shareholder Transfers is dismissed as a Conduit, the defendant shall also be dismissed in its nominal or representative capacity. The declaration or declarations submitted by the defendant shall not be filed with the Stipulation and Notice of Dismissal.

5.      *Execution of Stipulation and Notice of Change in Exhibit A Amount.* If Plaintiff agrees that a portion of the Shareholder Transfers the defendant received was received as a Conduit, and the Shareholder Transfers the defendant received, after subtracting the Conduit Amount, were $50,000 or more, counsel for Plaintiff and the defendant shall execute, and Plaintiff's counsel shall file with the Court, a Stipulation and Notice of Change in Exhibit A

5

2923603.4

Amount in the form attached as Appendix III, in which the amounts of Shareholder Transfers for that defendant on Exhibit A of the currently operative complaint shall be revised to exclude Conduit Amounts. The declaration or declarations submitted by the defendant shall not be filed with the Stipulation and Notice of Change in Exhibit A Amount.

6.     *Resolution Procedure.* If in the Plaintiff Response Plaintiff  disagrees that the defendant is a Conduit, or disagrees as to the Conduit Amount, Plaintiff shall (a) set forth in reasonable detail in the Plaintiff Response Plaintiff's reasons for the disagreement, and (b) produce to counsel for the defendant all documents that Plaintiff believes are relevant to Plaintiff's determination, provided that any such letter and production of documents is wholly without prejudice to Plaintiff's ability to assert any other or different arguments and/or rely on any other documents or information in litigating its claims against such defendant or any other party. Within 30 days of the Plaintiff Response, the defendant shall meet and confer with the Plaintiff in an attempt to resolve the disagreement. Defendants who (a) are not dismissed in full pursuant to paragraphs 4 and 5 hereof following the receipt of the Plaintiff Response and the conclusion of such meet and confers or have not received a Plaintiff Response within 120 days after submission to Plaintiff of the declaration described in paragraph 2 and (b) believe they are nonetheless entitled to summary judgment or partial summary judgment may make a motion for summary judgment or partial summary judgment based on alleged Conduit status in such manner as may be agreed by the parties or directed by the Court pursuant to a future case management order. In addition to opposing such a motion on substantive grounds, Plaintiff may also oppose such a motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure if Plaintiff contends that additional information, or discovery, is needed to respond to the motion. A defendant's failure to move for

6

summary judgment shall not constitute a waiver by that defendant of any Conduit defense at any trial.

7. *Confidentiality.* Documents, information, and other communications exchanged pursuant to this protocol shall be governed by the Confidentiality Stipulation and Protective Order submitted to the Court on February 13, 2014 in this matter.

8. *Notice to Liaison Counsel and the Coordinating Firm for Conduit Defendants.* Complete copies of all declarations, motions, and other correspondence under this Conduit Protocol shall be sent to Liaison Counsel to the Exhibit A Shareholder Defendants via email to TribuneCommitteeActionLC@ropesgray.com and to the Coordinating Firm for Conduit Defendants via email to tribune.conduits@davispolk.com. Liaison Counsel to the Exhibit A Shareholder Defendants will maintain a consolidated record of submissions made pursuant to this protocol, but will not maintain a complete record of all documents exchanged between the parties.

Dated: February 13, 2014
New York, New York

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP

ROPES & GRAY LLP

By:_____
        Michael L. Waldman

By:_____
        D. Ross Martin

*Liaison Counsel to the Litigation Trustee in Kirschner v. FitzSimons, et al.*

*Liaison Counsel to the Exhibit A Shareholder Defendants in Kirschner v. FitzSimons, et al.*

SO ORDERED.

Dated: April 22, 2014
New York, New York

RICHARD J. SULLIVAN
United States District Judge

7

2923603.4

## Appendix I – Form of Conduit Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:  TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (RJS) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, <br><br>                               Plaintiff, <br><br>            -against- <br><br> DENNIS J. FITZSIMONS, *et al.*, <br><br>                               Defendants. | 12 CV 2652 (RJS) |

## DECLARATION OF [Name of Deponent]

[Name of Deponent], under penalty of perjury, declares:

1.       I am a [title] of [Defendant] ("Defendant"), one of the defendants in the above-captioned action, and I have personal knowledge of all facts set forth herein.  If called to testify as a witness in this action, I could competently testify to the following facts based on my review of Defendant's relevant securities records.

2.       With respect to the amounts set forth in Exhibits 1 and 2 hereto and Paragraph 5 of this declaration (the "Conduit Amounts"), Defendant (i) acted as [describe role] with respect to common stock of Tribune Company ("Tribune"); (ii) did not hold an interest, directly or indirectly, as a beneficial owner of common stock of Tribune (including by holding an interest in a security entitlement, including puts, calls, options, swaps, and other derivatives,

related to such common stock) that was purchased, repurchased, or redeemed by Tribune in connection with Tribune's leveraged buyout in 2007 (the "LBO") in which shareholder transfers occurred on or about June 4, 2007 ("Step One") and December 20, 2007 ("Step Two"), and did not receive proceeds for its own account from those transactions; (iii) did not have dominion and control over the funds, or the right to put the money to its own purposes, and had no discretion or authority to do anything else but transmit the amount to another person or entity; and (iv) in the ordinary course of its business and consistent with its contractual undertaking in respect of the funds in question, transmitted or credited the funds to another person or entity, or otherwise made the funds available to that other person or entity.

3. In its role as described above, Defendant received funds for the benefit of the persons and entities whose names and addresses are listed on Exhibit 1 hereto in connection with Step One of the LBO on [date] in the aggregate amount of $[amount] and thereafter transmitted, credited, or otherwise made those proceeds available to the persons and entities whose names and addresses are listed on Exhibit 1 hereto (subject to the redaction of any identifying information, as set forth in paragraph 2 of the Conduit Protocol), together with the amounts (of $3,400 or more) so transmitted, credited, or otherwise made available to such persons and entities, and the transactions' trade and settlement dates (to the extent trade date and settlement date data are available, and all subject to the redaction of any identifying or specific information, as set forth in paragraph 2 of the Conduit Protocol).

4. In its role as described above, Defendant received funds for the benefit of the persons and entities whose names and addresses are listed on Exhibit 2 hereto in connection with Step Two of the LBO on [date] in the aggregate amount of $[amount] and thereafter transmitted, credited, or otherwise made those proceeds available to the persons and entities whose

2

names and addresses are listed on Exhibit 2 hereto (subject to the redaction of any identifying information, as set forth in paragraph 2 of the Conduit Protocol), together with the amounts (of $3,400 or more) so transmitted, credited, or otherwise made available to such persons and entities, and the transactions' trade and settlement dates (to the extent trade date and settlement date data are available, and all subject to the redaction of any identifying or specific information, as set forth in paragraph 2 of the Conduit Protocol).

5.      Defendant transmitted, credited, or otherwise made available to [number] persons or entities funds of less than $3,400, aggregating $[amount], in connection with Step One of the LBO and to [number] persons or entities funds of less than $3,400, aggregating $[amount], in connection with Step Two of the LBO.

6.      The amounts listed in Exhibits 1 and 2 and Paragraph 5 were transmitted, credited, or otherwise made available to the identified persons and entities by crediting customer accounts, internal transfer, wire transfer, or check.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2014

_____
[Name of Deponent]

3

2923603.4

**Appendix II – Form of Stipulation and Notice of Dismissal (Conduit Protocol)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (RJS) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, <br><br> Plaintiff, <br><br> -against- <br><br> DENNIS J. FITZSIMONS, *et al.*, <br><br> Defendants. | 12 CV 2652 (RJS) |

## STIPULATION AND NOTICE OF DISMISSAL

Plaintiff Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust

("Plaintiff"), and defendant [defendant name] ("Defendant," and together with Plaintiff, the

"Parties"), through the Parties' respective undersigned counsel, for good and valuable

consideration, the receipt of which is hereby acknowledged, hereby enter into this Stipulation and

Notice of Dismissal.

WHEREAS, Defendant is a named defendant in the above-captioned action (the

"Action"), a civil action that was filed in the United States Bankruptcy Court for the District of

Delaware and currently is pending in the United States District Court for the Southern District of

New York;

2923603.4

WHEREAS, Defendant has not filed an answer or a motion for summary judgment in the Action; and

WHEREAS, Defendant represents that it is entitled to dismissal of Count One of the Fifth Amended Complaint filed in the Action ("Count One") based on an alleged "mere conduit" defense, as set forth in the Declaration of [name of declarant], dated [date] (the "Declaration"), and Plaintiff has agreed to dismiss without prejudice Count One against Defendant based on Defendant's representations, and subject to, and in accordance with, the terms and conditions set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, as follows:

1.      Defendant hereby incorporates herein the representations in the Declaration.

2.      In consideration for Plaintiff's agreement voluntarily to dismiss without prejudice Count One against Defendant, Defendant acknowledges and agrees that Plaintiff shall have the right to reassert such claim(s) in the future against Defendant, in any capacity at any time up until four months after the close of fact discovery in the Action, if Plaintiff makes the determination in good faith that the information provided pursuant to the Conduit Protocol was incorrect or incomplete by 5% or $100,000, whichever is less, and that therefore Defendant is not a Conduit, as defined in the Conduit Protocol. In such case, Plaintiff's claim shall be limited to the amount that Plaintiff determines in good faith not to be Conduit Amounts. If Plaintiff does so: (i) Defendant shall not seek any relief, and shall waive and relinquish any right to any relief, pursuant to Rules 41(a)(1)(B) and 41(d) of the Federal Rules of Civil Procedure; (ii) Defendant shall not assert any defense to the reassertion of the dismissed claims which (a) relates to the

2

expiration of any applicable statute of limitations, statute of repose, or other rule or principle based upon the passage of time, whether that defense is statutory, contractual, equitable, or otherwise, including without limitation, waiver, estoppel, and laches, and (b) arose between and including the date of filing of the voluntary dismissal and the date four months after the close of fact discovery in the Action; and (iii) Defendant authorizes its undersigned counsel to accept service, on Defendant's behalf, of any such complaint in which Plaintiff reasserts such claims against Defendant in this Action. Nothing herein is intended to revive a claim that was time-barred as of the date of such voluntary dismissal.

3.      In further consideration for Plaintiff's agreement to dismiss without prejudice Count One against Defendant, Defendant acknowledges and agrees that in the event that Plaintiff or his counsel determines to serve discovery on Defendant in connection with the Action: (i) Defendant authorizes its undersigned counsel to accept service of such discovery on Defendant's behalf; and (ii) Defendant will respond to such discovery in accordance with and pursuant to the Federal Rules of Civil Procedure and other applicable rules. Defendant reserves all rights with respect to any such request.

4.      Plaintiff and Defendant reserve all other rights and defenses not explicitly addressed in this Stipulation.

5.      Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff hereby dismisses this Action [substitute Count One here if the subject Defendant is named in any other Count] without prejudice solely against Defendant. This dismissal does not apply to instances where Defendant is expressly named in the Fifth Amended Complaint in its capacity as a nominal or representative defendant (such as a trustee or IRA or UTMA custodian) in order to pursue the claim set forth in Count One against beneficial or legal recipients of Shareholder Transfers, or to

3

the extent Defendant itself was a beneficial holder of Shareholder Transfers.  If Defendant is named as the nominee or representative of a recipient of Shareholder Transfers, and that recipient of Shareholder Transfers is dismissed as a Conduit, Defendant shall also be dismissed in its nominal or representative capacity.

Dated: _____, 2014

_____

Robert J. Lack
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
(212) 833-1100
rlack@fklaw.com

*Counsel for Plaintiff*

_____

*Counsel for Defendant*

SO ORDERED.

Dated: _____, 2014
        New York, New York

_____

RICHARD J. SULLIVAN
United States District Judge

**Appendix III – Form of Stipulation and Notice of Change in Exhibit A Amount**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action 11 MD 2296 (RJS) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST, <br><br> Plaintiff, <br><br> -against- <br><br> DENNIS J. FITZSIMONS, *et al.*, <br><br> Defendants. | 12 CV 2652 (RJS) |

**STIPULATION AND NOTICE OF CHANGE IN EXHIBIT A AMOUNT**

Plaintiff Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust ("Plaintiff"), and defendant [defendant name] ("Defendant," and together with Plaintiff, the "Parties"), through the Parties' respective undersigned counsel, hereby enter into this Stipulation and Notice of Change in Exhibit A Amount.

WHEREAS, Defendant represents that, as set forth in the Declaration of [name of declarant], dated [date] (the "Declaration"), it was a mere conduit with respect to the specific Shareholder Transfers and amounts it received in Step One and/or Step Two of the 2007 Tribune leveraged buyout as set forth below (the "Conduit Amounts"):

| Defendant | Step One Conduit Amount | Step Two Conduit Amount |
|---|---|---|
| | | |

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, as follows:

1.      Defendant hereby incorporates herein the representations in the Declaration.

2.      Exhibit A to the Fifth Amended Complaint ("Complaint") is hereby amended to eliminate the Conduit Amounts set forth above solely with respect to Defendant.  This amendment is without prejudice to later amendment if Plaintiff obtains information indicating that the amounts as hereby amended are incorrect by 5% or $100,000, whichever is less.  In such case, Plaintiff's later amendment shall be limited to the amount that Plaintiff determines in good faith not to be Conduit Amounts.

3.      Nothing herein is intended to revive a claim that was time-barred as of the date of this amendment.

4.      The Step One and Step Two amounts for Defendant in Exhibit A to the Complaint after giving effect to the above eliminations, which are not set forth in this publicly filed notice because of their confidentiality, shall (unless subsequently further amended) be incorporated in any subsequent Exhibit A filed with the Court.

5.      Plaintiff and Defendant reserve all other rights and defenses not explicitly addressed in this Stipulation.

2

Dated: _____, 2014


_____          _____

Robert J. Lack
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
(212) 833-1100
rlack@fklaw.com

*Counsel for Plaintiff*                    *Counsel for Defendant*

SO ORDERED.

Dated: _____, 2014
          New York, New York


                                          _____
                                          RICHARD J. SULLIVAN
                                          United States District Judge

3

2923603.4