**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TRIBUNE FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action |
| | 11 MD 2296 (RJS) |
| | 12 MC 2296  (RJS) |
| This Document Relates To: | |
| *Marc S. Kirschner, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,* | Associated case: |
| Plaintiff | 12 CV 2652 (RJS) |
| *v.* | |
| *Dennis J. Fitzsimons, et al.,* | |
| Defendants. | |

**REPLY MEMORANDUM OF DEFENDANT DURHAM J. MONSMA IN**

**SUPPORT OF MOTION TO DISMISS WITH PREJUDICE COUNTS TWELVE AND**

**THIRTEEN OF THE FIFTH AMENDED COMPLAINT (MOTION NO. 3)**

1

## <u>TABLE OF CONTENTS</u>

I.   PRELIMINARY STATEMENT ....................................................................... 1

II.  PLAINTIFF FAILS TO SHOW ANY BASIS FOR FRAUDULENT INTENT ......... 2

    (1)  Plaintiff's Failure to Show Breach of The Duty of Loyalty. ....................... 2

    (2)  Plaintiff's Failure to Show Breach of The Duty of Care. ........................... 2

III. PLAINTIFF FAILS TO PLEAD AIDING & ABETTING ..................................... 3

35389131.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comm'ns, Inc. v. Schaar Fund, Ltd,*
    *493 F.3d 87 (2d Cir. 2007)* ..........................................................................................1

*Granite Partners, L.P. v. Bear Stearns & Co., Inc.,*
    17 F. Supp. 2d 275 (S.D.N.Y. 1998)..........................................................................4

*In re Greater Southeast Community Hospital Corp. I, et al.,*
    353 B.R. 324 (Bankr. D.C. 2006) ...............................................................................2

*In re Healthco Int'l., Inc. v. Hicks, Muse & Co.,*
    208 B.R. 288 (Bankr. Mass. 1997) ........................................................................2, 4

*Kaye v. Lone Star Fund V (U.S.) L.P.,* 453
    B.R. 645 (N.D. Tex. 2011).........................................................................................3

*Kolbeck v. LIT America, Inc.,*
    939 F. Supp. 240 (S.D.N.Y. 1996).............................................................................3

*Trenwick America Litigation Trust v. Ernst & Young L.L.P.,*
    906 A.2d 168 (Del. 2006) ...........................................................................................3

*In re Verastar, Inc., et al.,*
    343 B.R. 444 (Bankr. S.D.N.Y. 2006)........................................................................1

35389131.3

# I.   PRELIMINARY STATEMENT

Plaintiff bases his Opposition to Defendant Durham J. Monsma's Motion to Dismiss on misstatements of both facts and law.  Nowhere does Plaintiff provide a single case where a director or officer of a wholly owned subsidiary was held to have a fiduciary duty to the creditors of the **parent** of that subsidiary.  The only cases Plaintiff cites involve the duty of a director to the creditors of the corporation he or she serves—either a director of a parent to the creditors of the parent or the director of the subsidiary to the creditors of that subsidiary.

But here, both the subsidiaries Mr. Monsma served were solvent.[1]  No creditors of those companies were harmed as the publicly filed Bankruptcy Schedules confirm.  (Exs. 1 and 2 to Decl. of Mark Neubauer in support of the Motion, DE 5943).  Plaintiff's rejoinder with blanket conclusionary references to his complaint regarding Tribune and its subsidiaries does not overcome that clear matter of judicial notice.

Equally fallacious is Plaintiff's attempt to evade Plaintiff's own admission that Mr. Monsma was the only defendant director **not** to receive "special monetary incentives triggered by the LBO" (Fifth Amended Complaint Par. 71) by claiming Mr. Monsma's stock was enough. Yet, as courts have found, Mr. Monsma's relatively small Tribune stock holdings are typical of any director/officer and do not create any presumption of improper conduct where his stock was redeemed just like any non-director/officer shareholder.

Similarly, Plaintiff fails to avoid long-standing Delaware law that mere conclusionary assertions will not take them outside Delaware's protective Business Judgment Rule for officers and directors.  *See, In re Verastar, Inc.*, *et al.*, 343 B.R. 444 at 473 (Bankr. S.D.N.Y. 2006).

---

[1] Plaintiff  fails to distinguish *Comm'ns, Inc. v. Schaar Fund, Ltd, 493 F.3d 87, 98 (2d Cir. 2007) cited in the Motion (p.3) which allows this Court to recognize the Bankruptcy Schedules showing the solvency of  both subsidiaries and makes clear there were no creditors to defraud.*

35389131.3

In short, Plaintiff does not overcome the issue raised in the Motion to Dismiss:  why was Mr. Monsma sued?  There are simply no facts nor any law that justify his being named.  He is conspicuously unlike any of the other officer/director defendants, and no attempt to hide that fact under group allegations can suffice to satisfy the particular requirements for claims of Breach of Fiduciary Duty or Aiding and Abetting Breaches of that Duty.  Accordingly,  the two counts against Mr. Monsma should be dismissed with prejudice.[2]

## II.  <u>PLAINTIFF FAILS TO SHOW ANY BASIS FOR FRAUDULENT INTENT</u>

Plaintiff fails to show either basis for breach of fiduciary duty:  (1) breach of the duty of loyalty or (2) the duty of care.

### (1)  <u>Plaintiff's Failure to Show Breach of The Duty of Loyalty.</u>

Having conceded in his own complaint that Mr. Monsma did not receive any special monetary payment for his alleged acts, Plaintiff relies solely on the fact that Mr. Monsma—like any other Tribune shareholder-  had his stock redeemed for cash as part of the LBO as the supposed basis for inferring an intent to breach fiduciary duty.

Even the case law Plaintiff relies on hold that mere stock ownership is not a conflict of interest.  *In re Healthco Int'l., Inc. v. Hicks, Muse & Co.,* 208 B.R. 288, 303 (Bankr. Mass. 1997).  To be "self-interested",  Plaintiff would have had to show Mr. Monsma received a benefit not received by other shareholders.  *In re Greater Southeast Community Hospital Corp. I, et al.*, 353 B.R. 324 at 346 (Bankr. D.C. 2006).  Again that is missing from Plaintiff's allegations.  Mr. Monsma received the same as any other Tribune shareholder.

### (2)  <u>Plaintiff's Failure to Show Breach of The Duty of Care.</u>

Plaintiff also fails on the duty of care standard.  Mr. Monsma's name is conspicuously

---

[2] Mr. Monsma is also a defendant in Count One like every other individual shareholder.  That claim is the subject of a separate Motion by all of the shareholders.

missing from the other allegations of supposed false income projections or any other alleged wrongful act. (*See* Opp. Pp. 12-14).  The sole act is his alleged signing of a guarantee of his subsidiaries to the parent Tribune Co.'s LBO debt.

The Court in *Trenwick America Litigation Trust v. Ernst & Young L.L.P.*, 906 A.2d 168 (Del.  2006) emphasized the limited role of a board of a wholly owned subsidiary in granting a motion to dismiss similar fiduciary duty breach claims, holding that  Delaware law does not require a director of a wholly owned subsidiary to "second-guess" the business judgment of a parent.  *Ibid* at 201, adding that the subsidiary board does not have to "replicate" the parent's deliberative process. *Ibid*  at 174.  The Court also warned that directors cannot be held to be guarantors of a business strategy under Delaware's Business Judgment Rule.  *Ibid* at 205.

Here, unlike every case cited,  no creditor of the two subsidiaries Mr. Monsma served were harmed.  No case cited ever held that any duty exists from a subsidiary corporation to the parent corporation's creditors.  Yet that is the novel duty Plaintiff relies on here—without any legal support.

### III.    PLAINTIFF FAILS TO PLEAD AIDING & ABETTING

Plaintiff again fails to address the need for specificity for the Thirteenth Count for Aiding and Abetting Breach of Fiduciary Duty.  Even the very cases Plaintiff cites rebut his claims that conclusionary statements can substitute for evidentiary facts.

Again, Plaintiff misstates the law by claiming only general conclusionary allegations can suffice in either the breach of fiduciary duty or the aiding and abetting claims.  See *Kolbeck v. LIT America, Inc.*, 939 F. Supp. 240, 245 (S.D.N.Y. 1996).   Even the very case law Plaintiff relies on,  *Kaye v. Lone Star Fund V (U.S.) L.P.*¸ 453 B.R. 645 (N.D. Tex. 2011),  warned, "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing the pleader is plausibly entitled to relief."  *Ibid.*  at

3

665.  In another case Plaintiff relies on, *In re Healthco Int'l, Inc.*,  208 B.R. 288 at 309 (Bankr. D. Mass. 1997), the Court  stated:

> To defeat a motion to dismiss, a plaintiff must plead specific facts showing the defendant knowingly participated in a fiduciary's breach; a conclusionary statement to that effect is not enough.

*Ibid*., at 309.  In *Granite Partners, L.P. v. Bear Stearns & Co., Inc.,* 17 F. Supp. 2d 275 (S.D.N.Y. 1998), the Court emphasized the importance of specific pleading when charging individuals with fraudulent conduct to protect a party's reputation from groundless accusations. *Ibid.*, at 286.

Accordingly, neither Plaintiff's Opposition nor Plaintiff's Complaint create any legal claim against Mr. Monsma.  The fact remains that he served his solvent subsidiaries appropriately.  Plaintiff cites no authority nor any facts which would hold a director of a wholly owned subsidiary liable to the creditors of the parent corporation.  Nor does Plaintiff contend he has any facts to amend this deficient complaint. The factual and legal distinctions differentiating Mr. Monsma from any other defendant in this case mandate that the claims against him in the Twelfth and Thirteenth Counts should be dismissed with prejudice.

Respectfully submitted,

Dated:  July 3, 2014               CARLTON FIELDS JORDEN BURT,  LLP

By:___/s/ Mark A. Neubauer_____
     MARK A. NEUBAUER

Mark A. Neubauer
CARLTON FIELDS JORDEN BURT,  LLP
2029 Century Park East, Suite 2000
Los Angeles, CA  90067-2901
Telephone:310-651-2147; Facsimile: 424-653-5105
Email:  mneubauer@cfjblaw.com
Attorneys for Defendant Durham J. Monsma

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2014, the foregoing REPLY MEMORANDUM OF

DEFENDANT DURHAM J. MONSMA IN SUPPORT OF MOTION TO DISMISS WITH

PREJUDICE COUNTS TWELVE AND THIRTEEN OF THE FIFTH AMENDED

COMPLAINT (MOTION NO. 3) was electronically filed through the CM/ECF system for the

United States District Court, Southern District of New York and will be sent electronically to

the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated:  July 3, 2014                          CARLTON FIELDS JORDEN BURT, LLP


                                    By:    /s/ Mark A. Neubauer
                                          MARK A. NEUBAUER

                                    Mark A. Neubauer
                                    CARLTON FIELDS JORDEN BURT,  LLP
                                    2029 Century Park East, Suite 2000
                                    Los Angeles, CA  90067-2901
                                    Telephone:     310-651-2147
                                    Facsimile:     424-653-5105
                                    Email: mneubauer@cfjblaw.com


                                    Attorneys for Defendant Durham J. Monsma

i