USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/17



**Akin Gump**
STRAUSS HAUER & FELD LLP

DAVID M. ZENSKY
+1 212.872.1075/fax: +1 212.872.1002
dzensky@akingump.com

July 18, 2017

*VIA ECF AND E-MAIL*

The Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007

    Re:   *In re Tribune Co. Fraudulent Conveyance Litigation*, 11-MD-2296; *Kirschner v. FitzSimons, et al.*, No. 12-CV-2652 ("*FitzSimons*")

Dear Judge Sullivan:

We represent the Tribune Litigation Trustee, Marc S. Kirschner (the "Trustee"). We write to request that the Court schedule a pre-motion conference to address (1) the Trustee's proposed motion to amend the Complaint in the *FitzSimons* action in order to assert a constructive fraudulent conveyance claim under 11 U.S.C. § 548(a)(1)(B) against the shareholder defendants named in Count One of said Complaint (the "Shareholder Defendants") and (2) as a corollary, a modification to the Trustee's prior request for an order pursuant to Federal Rule of Civil Procedure 54(b) respecting this Court's opinion issued January 9, 2017 on the motion to dismiss Count One (the "January Opinion"). No. 11-MD-2296 [ECF No. 6924].

Under the law of the Second and Third Circuits[1] respecting 11 U.S.C. § 546(e) at the time the *FitzSimons* action was commenced and thereafter transferred to this Court, the Tribune unsecured creditors committee and thereafter the Trust were foreclosed from asserting a federal constructive fraudulent conveyance claim (*see* 11 U.S.C. § 548(a)(1)(B)) against the Shareholder Defendants because one or more financial institutions or financial participants acted as a conduit in the exchange of Tribune's cash for their shares. *E.g. In re Quebecor World (USA) Inc.*, 719 F.3d 94, 98 (2d Cir. 2013); *In re Plassein Int'l Corp.*, 590 F.3d 252, 256-57 (3d Cir. 2009).

Both the Eleventh Circuit, and now the Seventh Circuit, take the opposite interpretation of 11 U.S.C. § 546(e). *See In re Munford, Inc.*, 98 F.3d 604, 610 (11th Cir. 1996) (safe harbor did not apply where financial institution collected and disbursed funds and stock certificates in connection with acquisition but never acquired beneficial interest); *FTI Consulting, Inc. v. Merit Mgmt. Grp., LP*, 830 F.3d 690, 697 (7th Cir. 2016) ("*FTI Consulting*") (affirming judgment in

---

[1] The *FitzSimons* Action was originally commenced in the United States Bankruptcy Court for the District of Delaware, within the Third Circuit.



**Akin Gump**
STRAUSS HAUER & FELD LLP

July 18, 2017
Page 2

action by trustee to avoid transfer to debtor's former shareholder as a constructive fraudulent conveyance, despite use of a financial institution to consummate buyout; "[w]e will not interpret the safe harbor so expansively that it covers any transaction involving securities that uses a financial institution or other named entity as a conduit for funds"), *cert. granted*, 137 S. Ct. 2092 (2017).

On May 1, 2017, the United States Supreme Court granted *certiorari* to review the decision of the Seventh Circuit in *FTI Consulting*. If the Supreme Court affirms *FTI Consulting*, the Trust will no longer be barred from asserting a constructive fraudulent transfer claim against the Shareholder Defendants under 11 U.S.C. § 548.[2] Accordingly, an amendment by the Trust asserting such a claim, at least on a conditional basis, is clearly warranted by a non-frivolous argument for the extension, modification or reversal of existing law. Motions to amend under Federal Rule of Civil Procedure 15 are liberally construed, "particularly for the purpose of interposing an intervening change in the law." *Sys. Fed'n No. 152 v. Pa. R.R. Co.*, 272 F. Supp. 971, 974 (S.D.N.Y. 1967); *see also Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009); *Pactiv Corp. v. Multisorb Tech. Inc.*, No. 10 cv 461, 2011 WL 5244359, at *2 (N.D. Ill. Nov. 2, 2011).

Furthermore, the Trust's proposed new count is timely, as it arises out of the same conduct, transactions, and occurrences surrounding the Tribune LBO set forth in the original *FitzSimons* Complaint, and will seek the same relief against the same defendants previously sought by Count One, under an alternate legal theory. *See* Fed. R. Civ. P. 15(c)(1)(B); *see also In re Enron Corp.*, No. 03-93172, 2006 WL 2400369, at *11 (Bankr. S.D.N.Y. May 11, 2006) ("Courts generally allow amending pleadings to relate back where the new submissions only further expand upon a prior factual assertion already made."); *In re Alicea*, 230 B.R. 492, 498 (Bankr. S.D.N.Y. 1999) ("A revised pleading will also relate back if it asserts new legal theories based on the same series of transactions or occurrences."). Relation back under Rule 15(c) has been repeatedly allowed in connection with fraudulent conveyance claims. *See, e.g., In re Grube*, 500 B.R. 764, 775-76 (Bankr. C.D. Ill. 2013) (permitting addition of actual fraud claims where constructive fraud already pled; "[a]lthough the elements of the two claims and the evidence needed to prove those elements are largely different, the claims arise out of the same transfer—the same conduct,

---

[2] *See, e.g., Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993) ("When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."). The action against the Shareholder Defendants is plainly "open", as the Court's decision on Count One is still interlocutory and subject to revision, and no judgment has been entered or taken up on direct appeal to the Second Circuit.


July 18, 2017
Page 3

transaction or occurrence, which is the standard use in Civil Rule 15(c)(1)(B)"); *In re THR & Assocs., Inc.*, No. 14-07008, 2016 WL 3134653, at *4 (Bankr. C.D. Ill. May 26, 2016).[3]

Assuming the Court permits the filing of the motion, the Trustee will move for leave to amend now, but ask the Court to stay the amended count pending the Supreme Court's ruling in *FTI Consulting*.[4] If the Supreme Court affirms, the amended count would proceed to litigation; if the Supreme Court reverses and applicable law respecting Section 546(e) remains unchanged, the Trustee would voluntarily dismiss the amended count. Allowing the motion/amendment now will ensure that the Shareholder Defendants are on notice of the amended count against them and prevent any potential prejudice to the Trust that could result from a delay.

As Your Honor is aware, the Trustee previously requested that this Court issue a certification pursuant to Rule 54(b) as to the January Opinion. On February 23, 2017, this Court determined that an interlocutory appeal of the January Opinion would be appropriate, but resolved to "wait to so certify until the remaining motions to dismiss are resolved." *See* Order, No. 11-MD-2296 [ECF No. 6944]. Given that the Trustee now seeks leave to amend the Complaint, we respectfully request that this Court defer Rule 54(b) certification as to the January ruling until (a) the proposed motion to amend is resolved, and assuming the amendment is allowed (b) the Supreme Court rules in *FTI Consulting*. Deferring a Rule 54(b) order until such time will promote judicial efficiency and avoid potential prejudice to the Trustee if jurisdiction over Count

---

[3] The right to bring a 11 U.S.C. § 548(a)(1)(B) claim was assigned to the Trust under Tribune's confirmed plan of reorganization. *See* Fourth Amended Joint Plan of Reorganization, *In re Tribune*, No. 08-13141 (KJC) (Bankr. D. Del.) (July 20, 2012) [ECF No. 12072] §§ 13.2, 1.1.67, 1.1.124, 1.1.174 (vesting in the Trust all "Litigation Trust Assets," defined to include "all LBO-Related Causes of Action that the Tribune Entities or the Debtors' Estates may have or are entitled to assert . . . (*whether or not asserted*) . . . under any provision of the Bankruptcy Code . . ., including without limitation, *any and all claims under chapter 5*," but excluding "Disclaimed State Law Avoidance Claims," which are in turn defined as a subset of "LBO-Related Causes of Action arising under *state fraudulent conveyance law*") (emphasis added). Individual Creditors of Tribune did assert *state* law fraudulent conveyance claims, but such claims were dismissed by this Court and such dismissal was affirmed by the Court of Appeals. *In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310 (S.D.N.Y. 2013), *aff'd*, 818 F.3d 98 (2d Cir. 2016), *pet. for cert. filed sub nom. Deutsche Bank Trust Co. Ams. v. Robert R. McCormick Found.*, No. 16-317 (U.S. Sept. 9, 2016). The Petition for a Writ of Certiorari filed by such creditors has been pending at the Supreme Court since September. The Trust (i) does not intend for its requested amendment to impede the Individual Creditor Plaintiffs from pursuing reinstatement of their state law fraud claims, and (b) acknowledges (as the Individual Creditor Plaintiffs also previously acknowledged) that no Shareholder Defendant could ever be required to disgorge the same fraudulent conveyance twice to different plaintiffs.

[4] Pursuant to Individual Rule 2(A), an excerpt of the proposed amendments in the Sixth Amended Complaint showing just the changed pages, along with a redline thereof, is attached hereto as **Exhibit 1**. If allowed, the amendment would also update Exhibit A to the complaint to (a) remove defendants that have settled; (b) conform to prior party substitutions entered pursuant to Federal Rule of Civil Procedure 25; and (c) update any further information respecting the individual shareholder defendants and transfer amounts.


**Akin Gump**
STRAUSS HAUER & FELD LLP

July 18, 2017
Page 4

**MEMO ENDORSED**

One and the Shareholder Defendants is assumed by the Second Circuit before the Trustee is permitted to move for leave to amend to assert the proposed new count.

We are available at the Court's convenience to discuss these matters. We believe the Court and parties would benefit from a conference at which the foregoing requests can be discussed.

Respectfully submitted,

/s/
David M. Zensky
Counsel for Marc S. Kirschner, Tribune Litigation Trustee

cc:  D. Ross Martin, Esq. (via e-mail)
     All counsel of record (via ECF)
     All pro se Trust Defendants (via first-class mail or e-mail)

```
Any Defendant who wishes to respond
to the Trustee's request shall do so
no later than July 28, 2017.
```

SO ORDERED
Dated: 7/18/17
RICHARD J. SULLIVAN
U.S.D.J.