# EXHIBIT A

DRAFT                                                                                                                          JUNE 18, 2012

# AGREEMENT RESPECTING TRANSFER OF DOCUMENTS, INFORMATION, AND PRIVILEGES FROM DEBTORS AND REORGANIZED DEBTORS

This Agreement Respecting Transfer Of Documents, Information, And Privileges From Debtors, Debtors' Estates and Reorganized Debtors (this "<u>Agreement</u>"), dated as of [_____], 2012, by (a) the Litigation Trustee and (b) Tribune Company, on behalf of itself and the other Reorganized Debtors, is executed pursuant to the Confirmation Order to facilitate the implementation of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"), Oaktree Capital Management, L.P. ("<u>Oaktree</u>"), Angelo, Gordon & Co., L.P. ("<u>Angelo Gordon</u>"), and JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>") filed April 12, 2012 (the "<u>Plan</u>"), as amended and supplemented thereafter.  Each of the Reorganized Debtors and the Litigation Trustee are sometimes referred to individually as a "Party" and collectively as the "Parties."  Capitalized terms used in this Agreement but not otherwise defined herein shall have the meanings assigned to such terms in the Litigation Trust Agreement or the Plan, as applicable.

## RECITALS

WHEREAS, the Litigation Trustee is the trustee of the Litigation Trust established under the Litigation Trust Agreement, dated as of [_____], 2012, pursuant to the Plan and Confirmation Order;

WHEREAS, subsection 13.3.8 of the Plan and the Confirmation Order contemplate that an Agreement Respecting Transfer Of Documents, Information, And Privileges From Debtors and Reorganized Debtors will be executed between the Reorganized Debtors and the Litigation Trustee, and subsection 13.3.8 of the Plan provides that "[t]o effectively investigate, prosecute, compromise, and/or settle the Litigation Trust Assets on behalf of the Litigation Trust, the Litigation Trustee and its counsel and representatives may require reasonable access to the Debtors' and Reorganized Debtors' documents and information relating to the Litigation Trust Assets and, in such event, must be able to exchange such information with the Reorganized Debtors on a confidential basis and in common interest without being restricted by or waiving any applicable work product, attorney-client, or other privilege";

WHEREAS, subsection 1.2(b) of the Litigation Trust Agreement provides for reasonable access to copies of the Debtors' and Reorganized Debtors' records and information in each instance relating to the Litigation Trust Assets;

WHEREAS, by Order dated December 15, 2009, the Bankruptcy Court authorized the Debtors to establish and maintain a centralized document depository (the "<u>Document Depository</u>") and directed the Creditors' Committee to deliver certain documents to that depository pursuant to the Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a), dated December 15, 2009 (the "<u>Depository Order</u>") [D.I. 2858];

I.

GENERAL

A. <u>Definitions</u>

1. "<u>Access Request</u>" has the meaning set forth in Section II.B.2. of this Agreement.

2. "<u>Advisors Complaint</u>" has the meaning set forth in the Recitals to this Agreement.

3. "<u>Claims</u>" shall consist of any one or more of the Litigation Trust Assets, excluding those Preserved Causes of Action against (i) the Directors and Officers of the Tribune Company and its subsidiaries covered by the Insurance Policies and/or (ii) any other individuals or entities covered by the Insurance Policies.

4. "<u>Confidential Information</u>" has the meaning set forth in Section II.D.1. of this Agreement.

5. "<u>Confirmation Hearing</u>" has the meaning set forth in the Recitals to this Agreement.

6. "<u>Cooperate</u>" and "<u>Cooperation</u>" have the meanings set forth in Section II.A.1. of this Agreement.

7. "<u>DCL Plan Proponents</u>" has the meaning set forth in the Recitals to this Agreement.

8. "<u>Debtor(s)</u>" has the meaning set forth in Section 1.1.54 of the Plan. For the avoidance of doubt, "Debtors" includes the board of directors, or any special committee of the board of directors, of any of the Debtors.

9. "<u>Debtors' Estates</u>" has the meaning set forth in Section 1.1.85 of the Plan.

10. "<u>Depository Order</u>" has the meaning set forth in the Recitals to this Agreement.

11. "<u>Document Depository</u>" has the meaning set forth in the Recitals to this Agreement.

12. "<u>Documents</u>" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized compilations.

3

13. "Documents Relating to the Claims" means Documents which relate in full or in part to Tribune Company's 2007 leveraged buy-out transactions, or the transactions or events leading up to it, or the Claims.

14. "Examiner Report" has the meaning set forth in the Recitals to this Agreement.

15. "FitzSimons Complaint" has the meaning set forth in the Recitals to this Agreement.

16. "Information Relating to the Claims" means information which relates to (i) Tribune Company's 2007 leveraged buy-out transactions or the transactions or events leading up to it, or (ii) the Claims.

17. "Insurance Policies" are the policies listed in Exhibit A hereto.

18. "Lender Complaint" has the meaning set forth in the Recitals to this Agreement.

19. "Litigation Trust Assets" has the meaning set forth in Section 1.1.124 of the Plan.

20. "Person" has the meaning set forth in Section 1.1.163 of the Plan.

21. "Privilege" means any attorney-client privilege, work product protection, or other privilege, protection or immunity (i) held by any or all of the Debtors, the Debtors' Estates or the Reorganized Debtors and (ii) attaching to any documents, communications, or thing (whether written or oral), including but not limited to all electronic information, relating to the Claims.

22. "Privileged Documents" means Documents subject to a Privilege.

23. "Privileged Documents Relating to the Claims" has the meaning set forth in Section II.B.3. of this Agreement.

24. "Privileged Information" means Information subject to a Privilege.

25. "Privileged Information Relating to the Claims" has the meaning set forth in Section II.C.3. of this Agreement.

26. "Reorganized Debtor(s)" has the meaning set forth in Section 1.1.191 of the Plan.

27. "Shared Information" has the meaning set forth in Section II.D.1. of this Agreement.

28. "State Law Constructive Fraudulent Conveyance Claims" are the law suits commenced pursuant to the authority of the order of the Bankruptcy Court issued April 25,

2011 [D.I. 8740] granting the motion of Aurelius Capital Management, LP, Deutsche Bank Trust Company Americas, and Law Debenture Trust Company of New York for authority to commence certain state law constructive fraudulent conveyance claims against former shareholders, which motion was joined in by Wilmington Trust Company, in its capacity as Successor Indenture Trustee for the PHONES Notes.

29. "Trustee Actions" means actions asserting Preserved Causes of Action brought by the Creditors' Committee or the Litigation Trustee, including without limitation the FitzSimons Complaint and the Advisors Complaint.

B. Purposes

The purposes of this Agreement are to implement the Plan and Litigation Trust Agreement by, *inter alia*, (i) facilitating the reasonable access of the Litigation Trustee and its counsel and its representatives to Documents Relating to the Claims and Information Relating to the Claims in the possession, custody or control of Reorganized Debtors, while preserving coverage under the Insurance Policies; and (ii) facilitating the exchange of such Documents Relating to the Claims on a confidential basis and without being restricted by or waiving any applicable work product, attorney-client or other privilege or protection, and (iii) transferring to the Litigation Trustee certain Privileges of the Debtors, the Debtors' Estates and/or the Reorganized Debtors respecting Privileged Documents or Privileged Information

C. Relationship to, and Incorporation of, the Confirmation Order, Plan and Litigation Trust Agreement.

This Agreement incorporates the provisions of the Litigation Trust Agreement, Plan and the Confirmation Order by reference. If any provisions of this Agreement are found to be inconsistent with the provisions of the Litigation Trust Agreement, the Plan or the Confirmation Order, each such document shall have controlling effect in the following order: (i) the Confirmation Order; (ii) the Plan; (iii) the Litigation Trust Agreement and (iv) this Agreement.

D. No Effect on Certain Parties.

For the avoidance of doubt, and notwithstanding anything to the contrary contained in this Agreement, the Parties hereby agree and acknowledge that nothing in this Agreement is intended to, does, or shall be construed to prejudice or harm in any way, the rights, remedies, or treatment (including any releases, exculpation, indemnification or otherwise), of any Released Parties, solely in their capacity as Released Parties, under the Plan.

II.

OBLIGATIONS AND RIGHTS

A. Cooperation.

1. On and after the Effective Date, the Reorganized Debtors agree to reasonably cooperate ("Cooperate" or, as a noun, "Cooperation") with the Litigation Trust in connection with the Litigation Trustee's pursuit of the Claims by providing reasonable access to

5

E. <u>Privileges and Immunities</u>.

1. Any Privilege or other protection from disclosure of the Debtors, the Debtors' Estates and/or the Reorganized Debtors that applies to any Privileged Documents Relating to the Claims or Privileged Information relating to the Claims, whether in the possession of the Debtors, the Debtors' Estates, the Reorganized Debtors, or any other Person, is hereby transferred, assigned, given over to, and shall vest exclusively in, the Litigation Trustee, and the Litigation Trustee shall have the exclusive authority and sole discretion to waive any such privilege or immunity. The Litigation Trustee is expressly authorized to formally or informally request or subpoena Privileged Documents Relating to the Claims or Privileged Information relating to the Claims from any Persons other than the Reorganized Debtors, including attorneys, professionals, consultants, and experts.

2. The disclosure and/or provision of Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims to the Litigation Trustee, whether from Debtors, the Debtors' Estates, the Reorganized Debtors, or any other Person, is not intended to and shall not void or waive any applicable Privilege. Documents Relating to the Claims and Information Relating to the Claims that would otherwise be protected from discovery by virtue of any applicable Privilege or protection shall remain protected by such Privilege or protection from disclosure to any third party, including, without limitation, any federal state or local government agency, any grand jury, any litigant and/or use of such protected Shared Information in any litigation concerning the Claims, subject to the Litigation Trustee's determination to waive any such Privilege or protection as to any Shared Information.

3. Any right to preserve or enforce a Privilege applying to Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims that arises from any joint defense, common interest, or similar agreement is hereby transferred, assigned, given over to, and shall vest exclusively in, the Litigation Trustee.

4. Except to the extent that Section II.E.1, II.E.2 or II.E.3 provide otherwise, this Agreement and the Confirmation Order are not intended to, and shall not be construed to (a) create any Privilege that does not currently exist; (b) revive any Privilege that was waived prior to the date of this Agreement; or (c) determine that any specific documents or information are protected by any Privilege.

5. If the Debtors, the Reorganized Debtors or the Litigation Trustee inadvertently produce Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims to any third party, such production shall not be deemed to destroy any Privilege, or be deemed a waiver of any confidentiality protections afforded to such Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims. In such circumstances, the disclosing Party shall promptly upon discovery of the production notify the Litigation Trustee of the production and shall demand of all recipients of the inadvertently disclosed Shared Information, Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims that they return or confirm the destruction of the Shared Information, Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims.

6.      If at any point the Litigation Trustee disputes the Reorganized Debtors' decision to withhold Documents Relating to the Claims or Information Relating to the Claims, including Privileged Documents Relating to the Claims or Privileged Information Relating to the Claims, the Litigation Trustee shall notify the Reorganized Debtors of such dispute in writing. If the parties are not able to agree, either Party shall be entitled to submit the dispute to the Bankruptcy Court for a determination on whether the Reorganized Debtors may withhold such Documents Relating to the Claims or Information Relating to the Claims that are subject to the dispute. Until such time as the matter is resolved by the Bankruptcy Court, the Reorganized Debtors may continue to withhold such Documents Relating to the Claims or Information Relating to the Claims pending the outcome of such dispute.

F.      Return of Shared Materials

Within ninety (90) calendar days of the termination of the Litigation Trust, all Documents Relating to the Claims and all other Documents containing Shared Information exchanged under the provisions of this Agreement, shall be returned to the Reorganized Debtors, or, at the direction of the Reorganized Debtors, destroyed except to the extent that any of the foregoing includes or reflects work product of the Litigation Trustee or parties to the action(s) filed by the Litigation Trustee (which one copy of such work product may be maintained by outside counsel for the Litigation Trustee or the parties, but not by the Litigation Trustee or the parties themselves), and except to the extent that such material has been filed with a court in which proceedings filed by the Litigation Trustee are being conducted, provided such information is stored in a manner so as to preserve its confidentiality. Any Privilege or other protection from disclosure to any third party that applies to any Privileged Documents Relating to the Claims or Documents containing Shared Information returned to the Reorganized Debtors pursuant to this Section II.F., shall, after the return of such Documents, vest exclusively in the Reorganized Debtors, and the Reorganized Debtors shall have the exclusive authority to waive any such privilege or immunity.

G.      No Limitation on Access.

Notwithstanding anything in this Agreement to the contrary, the Parties acknowledge and agree that nothing herein shall limit the full exercise of the rights under applicable law of the Litigation Trustee to seek and obtain information, documents or to take depositions of any person by subpoena or otherwise pursuant to legal process, regardless of whether or not an obligation of Cooperation is owed hereunder with respect to such information, documents or depositions or any demands made under this Agreement shall have been complied with in full or in part or any remedy with respect to any actual or purported breach or noncompliance with this Agreement has been sought; provided, however, that in connection with any exercise of rights by the Litigation Trustee to seek and obtain information, documents or to take depositions of any person by subpoena or otherwise pursuant to legal process, the Reorganized Debtors shall retain any objections or defenses to such exercise of rights that they may have under applicable law.

H.      Reservation of Rights.

The Parties acknowledge and agree that nothing herein shall limit, in any way, (i) the Litigation Trustee's rights under applicable law to seek Documents Relating to the Claims or

14

The section titles used herein are for convenience only and shall not be considered in construing or interpreting any of the provisions of this Agreement.

K.     Binding Effect.

The Parties agree that this Agreement is for the benefit of and shall be binding upon the Parties and their respective representatives, transferees, successors, and assigns.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement Respecting Transfer Of Documents, Information, And Privileges From Debtors, and, Reorganized Debtors, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

TRIBUNE COMPANY (for itself and on behalf of the other Debtors, as Debtors and Debtors in Possession, and the Guarantor Non-Debtors and Non-Guarantor Non-Debtors, and, as reorganized under chapter 11 of the Bankruptcy Code)

By: _____
Title:

[INSERT NAME], LITIGATION TRUSTEE OF THE LITIGATION TRUST ESTABLISHED UNDER THE LITIGATION TRUST AGREEMENT DATED [ ],2011 PURSUANT TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.

_____
[INSERT NAME], as

LITIGATION TRUSTEE