# ALSTON & BIRD

90 Park Avenue
New York, NY  10016
212-210-9400 | Fax: 212-210-9444

Brett D. Jaffe                              Direct Dial: 212-210-9547                         Email: brett.jaffe@alston.com

March 13, 2018

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007

Re:   *In re Tribune Co. Fraudulent Conveyance Litigation*, 11-MD-2296; *Kirschner v. FitzSimons, et. al.*, No. 12-CV-2652 ("*FitzSimons*")

Dear Judge Sullivan:

We are counsel to Ramius Securities, LLC ("Ramius"), LaBranche & Co. LLC, LaBranche Structured Products, LLC (collectively, the "LaBranche Entities"), and Mr. and Mrs. Jerome Markowitz (the "Markowitzes") in the above-referenced action and write in opposition to the Trustee's letter, dated March 8, 2018, seeking leave to amend the complaint to assert against the Shareholder Defendants a claim for constructive fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B) (the "March 8 Letter").

The Trustee acknowledges that even if it is permitted to amend its complaint, it will not be able to do so with regard to a significant number of Shareholder Defendants.[1]  Indeed, the March 8 Letter acknowledges that the Trustee will omit from its proposed Amended Complaint those Shareholder Defendants that "can be identified without the benefit of discovery as a 'Federal reserve bank, or any entity that is a commercial or savings bank, industrial savings bank, savings and loan association, trust company, federally-insured credit union, or receiver, liquidating agent, or conservator for such entity' as [the Supreme Court's decision in] *FTI Consulting* does not alter such Shareholder Defendants' entitlement to a § 546(e) defense in their

---

[1] The Trustee should not be permitted to amend its complaint at all, as such an amendment would be both premature in light of the pending petition for certiorari from the Second Circuit's decision affirming dismissal of analogous state law constructive fraudulent conveyance claims in the related state-law actions, *see Deutsche Bank Trust Company Americas, et al. v. Robert R. McCormick Foundation, et al.*, No. 16-317 (U.S.), and unfairly prejudicial to long-dismissed Shareholder Defendants.  We understand that Liaison Counsel for the Shareholder Defendants are addressing these points in a separate submission, in which we join.

Alston & Bird LLP                                                                                                           www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

March 13, 2018
Page 2

individual capacity." Dkt. No. 7283 at FN 1. In doing so, the Trustee tracks the definition of "Financial Institution" provided by Section 101(22)(A) of the Bankruptcy Code. However, 11 U.S.C. § 546(e) protects from suit a group of entities that includes more than just "Financial Institutions"; the § 546(e) statutory safe harbor prohibits the avoidance of transfers "made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency. . . ." (the "Protected Entities"). Nothing in the Supreme Court's holding in *Merit Management Group, LP v. FTI Consulting, Inc.*, No. 16-784, 2018 WL 1054879 (U.S. Feb. 27, 2018) acts to disrupt the application of the safe harbor to the entire group of Protected Entities delineated in the statute. Nonetheless, the Trustee would require those Shareholder Defendants which are plainly Protected Entities but not Financial Institutions to undertake the burden of answering the Amended Complaint, asserting an affirmative defense, and, following discovery, making a summary judgment motion to be dismissed from this case once again.

Our clients, and we presume many other Shareholder Defendants, would be directly impacted by the Trustee's sleight of hand. At the time of the alleged transfers, both Ramius Securities and LaBranche & Co. LLC were registered broker-dealers. Similarly, at all relevant times, LaBranche Structured Products, LLC was engaged as a specialist in options and derivative products, and registered with various exchanges including AMEX, RCA, BX, ISE, CBOE and PHLX. As such, each was either a "stockbroker" or "Financial Participant" squarely protected by the § 546(e) statutory safe harbor; nonetheless, the Trustee would propose to bring constructive fraudulent conveyance claims against each of them. Before once again entangling these entities in litigation plainly precluded by statute, it is incumbent upon the Trustee to conduct a reasonable investigation to determine whether there is a legal basis for its suit. *See* Fed. R. Civ. P. 11 (burden rests on plaintiff to determine that claims are "warranted by existing law"). The Trustee should not be permitted to abrogate its statutory and ethical responsibilities, and improperly shift to the Shareholder Defendants the burden of establishing a defense which should be apparent following even the most cursory investigation.

Finally, the Markowitzes should be afforded the protection of the § 546(e) safe harbor by virtue of their status as customers of a Financial Institution in connection with the transfers at issue. *See* 11 U.S.C. § 546(e) (protecting transfers to Financial Institutions acting as agent for a "customer" as defined in Section 741 of the Bankruptcy Code). The Supreme Court expressly declined to consider any limit on the application of the § 546(e) safe harbor to customers of Financial Intuitions. 2018 WL 1054879 at *5, FN 2 ("The parties here do not contend that either the debtor or petitioner in this case qualified as a 'financial institution' by virtue of its status as a 'customer' under §101(22)(A). . . We therefore do not address what impact, if any, §101(22)(A) would have in the application of the §546(e) safe harbor." Accordingly, the Markowitzes request that the Court first consider the application of the statutory safe harbor in this circumstance, without requiring the Markowitzes (and other similarly situated "customers") to engage in time consuming and costly motion practice with regard to the legal sufficiency of the Trustee's proposed Amended Complaint.

March 13, 2018
Page 3

      Accordingly, the Trustee's request for leave to amend the complaint should be denied. However, if the Court were inclined to grant the Trustee leave to amend, a proper mechanism should be implemented permitting all Shareholder Defendants qualifying as Protected Entities – and not just the limited group proposed by the Trustee – to avail themselves of 11 U.S.C. § 546(e) without further undue burden, cost, or delay.

                              Respectfully submitted,

                              */s/ Brett D. Jaffe*

                              Brett D. Jaffe

cc:  All Counsel via ECF