USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: TRIBUNE COMPANY FRAUDULENT
CONVEYANCE LITIGATION

Consolidated Multidistrict Litigation
No. 11-md-2296 (RJS)

---

MARC S. KIRSCHNER, as Litigation Trustee for the
TRIBUNE LITIGATION TRUST,

Plaintiff,

-v-

DENNIS J. FITZSIMONS, *et al.*,

Defendants.

No. 12-mc-2296 (RJS)
No. 12-cv-2652 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the renewed request of the Tribune Litigation Trustee Marc. S. Kirschner (the "Trustee") to amend his complaint to add a constructive fraudulent conveyance claim under 11 U.S.C. § 548(a)(1)(B). (Doc. No. 7283.) In light of the fact that the Second Circuit has recalled the mandate in *Deutsche Bank Tr. Co. Ams., et al. v. Robert R. McCormick Found., et al.*, the request is stayed pending further action by the Second Circuit.

On September 23, 2013, this Court granted Defendants' motion to dismiss the individual creditors' state-law fraudulent conveyance claims, finding that Section 362(a)(1) of the Bankruptcy Code deprives individual creditors of standing to challenge the same transactions that the Trustee is simultaneously seeking to avoid. *See In re Tribune Co. Fraudulent Conveyance Litig.*, 499 B.R. 310, 313 (S.D.N.Y. 2013). On September 30, 2013, the parties filed a joint notice of appeal (*see* Doc. No. 2730), and on March 29, 2016, the Second Circuit affirmed this Court's decision on different grounds, holding that the individual creditors' state-law fraudulent conveyance claims were preempted by the Section 546(e) safe-harbor provision of the Bankruptcy

Code – an argument that this Court had rejected in its September 23, 2013 opinion. *In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98 (2d Cir. 2016) (hereinafter "*Deutsche Bank*"). On July 22, 2016, the Second Circuit denied rehearing en banc, and the Second Circuit's mandate was issued on August 1, 2016. (*See* Doc. Nos. 6895, 6896.) On September 9, 2016, Plaintiffs filed a petition for a writ of certiorari with the United States Supreme Court. *See Deutsche Bank Tr. Co. Ams., et al. v. Robert R. McCormick Found., et al.*, No. 16-317.

On July 18, 2017, the Trustee wrote to the Court (Doc. No. 6994) requesting a pre-motion conference to amend his complaint by adding a constructive fraudulent conveyance claim under 11 U.S.C. § 548(a)(1)(B) in light of the Supreme Court's grant of a petition for certiorari in the case of *Merit Management Group, LP v. FTI Consulting, Inc.* – a Seventh Circuit case which rejected the Second Circuit's interpretation of Section 546(e) and held that "the section 546(e) safe harbor [does not] protect[] transfers that are simply conducted *through* financial institutions (or the other entities named in section 546(e)), where the entity is neither the debtor nor the transferee but only the conduit." *FTI Consulting, Inc. v. Merit Mgmt. Grp., LP*, 830 F.3d 690, 691 (7th Cir. 2016). After receiving responses from various Defendants, the Court issued an order on August 24, 2017 denying the Trustee's request without prejudice to renewal "in the event of an intervening change in the governing law of this Circuit." (Doc. No. 7019.) On February 27, 2018, the Supreme Court unanimously affirmed the Seventh Circuit's decision in *Merit Management*. *See Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018). Subsequently, on March 8, 2018, the Trustee renewed his request to amend his complaint, arguing that *Merit Management* effectively overruled the Second Circuit's holding in *In re Quebecor World (USA) Inc.*, 719 F.3d 94 (2d Cir. 2013) with respect to the scope of Section 546(e) and therefore constituted an intervening change in the governing law of this Circuit. (Doc. No. 7283.) After receiving the Trustee's renewed request, the Court invited responses from any Defendant who wished to be heard on the subject. (Doc. No. 7285.) Over the next week, the Court received fifteen letters opposing the Trustee's request on various grounds, including that the Trustee's proposed

amendment was untimely, that the amendment would prejudice Defendants, that the Court lacked subject matter jurisdiction because of the pending petition for certiorari in *Deustche Bank*, and that Second Circuit law still barred the amendment. (Doc. Nos. 7291, 7293, 7295–304, 7311, 7325, 12-cv-2652 Doc. No. 5620.) The Trustee submitted a reply on March 23, 2018. (Doc. No. 7326.) In his reply, the Trustee noted that "it is unknown when the Supreme Court will act on the *Deustche Bank* cert. petition or what it will do. Even if the petition ultimately is granted, the Second Circuit's opinion vacated, and the case remanded for further proceedings consistent with *FTI Consulting*, it is also unknown how the Second Circuit would proceed or when." (*Id.*)

On April 3, 2018, Justice Kennedy and Justice Thomas issued a "statement" respecting the petition for certiorari in *Deutsche Bank*, advising the parties that "consideration of the petition for certiorari [would] be deferred for an additional period of time . . . [to] allow the Court of Appeals or the District Court to consider whether to recall the mandate, entertain a Federal Rule of Civil Procedure 60(b) motion to vacate the earlier judgment, or provide any other available relief in light of [the Supreme Court's] decision in *Merit Management* . . . given that there might not be a quorum in the [Supreme] Court." (*See* Doc. No. 7510, Ex. 2.) Accordingly, on May 15, 2018, the Second Circuit recalled the mandate in *Deutsche Bank* "in anticipation of further panel review." (*See* Doc. Nos. 7432–33.) The following day, the Exhibit A Shareholder Defendants' Executive Committee wrote a letter to the Court requesting that the Court "defer consideration" of the Trustee's request to amend "until the Second Circuit's forthcoming decision in [*Deutsche Bank*]." (Doc. No. 7434.) On May 23, 2018, the Trustee responded to the Exhibit A Shareholder Defendants' Executive Committee's request. (Doc. No. 7510.) The Trustee argues that "[t]he shareholders' request for delay is not justified . . . and, if granted, would only increase and compound the severe prejudice already suffered by the Litigation Trust and its beneficiaries from the extraordinarily long delays in this case to date." (*Id.*) Significantly, the Trustee does not articulate what prejudice would result if the Court were to grant the shareholders' request for a stay, particularly in light of the fact

that discovery is proceeding with respect to certain Defendants, with others treated as non-parties for purposes of discovery. (*See* Doc. No. 6952.)

Conversely, the Court is concerned that granting the Trustee's request now would, in reality, cause additional delay, as Defendants would almost certainly file additional motions to dismiss the amended complaint that would likely be affected by any decision issued by the Second Circuit in *Deutsche Bank*. The Trustee asserts that "if the Second Circuit were to again address those issues – implied preemption and 'reversion' – the outcome could not undermine the Trustee's application to amend his complaint in this Action to assert a federal Bankruptcy Code claim under section 548(a)(1)(B)." (Doc. No. 7510.) However, in order to determine whether Section 546(e) of the Bankruptcy Code preempts the creditors' state law fraudulent conveyance claims, the Second Circuit must necessarily examine the scope of Section 546(e), which will almost certainly be the subject of Defendants' motion to dismiss the amended complaint. In fact, defendants-appellees in *Deutsche Bank* already argued in their opposition to plaintiffs-appellants' motion to recall the mandate that the leveraged buyout at issue in both *Deutsche Bank* and this case is still covered by Section 546(e), despite the Supreme Court's holding in *Merit Management*, because the Tribune Company was a both a "financial institution" and a "financial participant" under the Bankruptcy Code. (*See* Doc. No. 7434, Ex. B.) Thus, if the Court were to grant the Trustee's request, the Court would likely be required to determine the scope of Section 546(e) in light of the Supreme Court's decision in *Merit Management*, while the Second Circuit addressed the same or similar legal issues in the *Deutsche Bank* case. The Court is therefore persuaded that further staying the motion to amend is the preferable course, at least until the Second Circuit provides greater clarity as to how it will proceed in *Deutsche Bank*.[1]

---

[1] Although the Trustee has expressed a concern that "substantial additional delay is likely to result" if "the amendment request is left for resolution by a new judge unfamiliar with the parties and complex issues involved in the Action" (Doc. No. 7426), the Court assures the parties that – for better or for worse – it has no intention of relinquishing this case.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the Trustee's request to amend his complaint is stayed pending further action by the Second Circuit in *Deustche Bank*. However, in light of the uncertainties surrounding this case and the significant passage of time since the conduct giving rise to this action, the Court is open to facilitating discussions with a view toward wrapping up this litigation, perhaps by referring this case to a magistrate judge or a special master for settlement discussions. Therefore, IT IS FURTHER ORDERED THAT counsel for the Trustee, the Exhibit A Shareholder Defendants' Executive Committee, the Independent Directors, the Zell Defendants, the Chandler Trusts, and the Financial Advisor Defendants shall file a joint letter by July 9, 2018 indicating how they wish to proceed with respect to a potential global resolution of this multi-district litigation; the joint letter shall also provide an update as to the status of discovery.

SO ORDERED.

Dated:     June 18, 2018
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE