

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>11 MD 2296 (RJS) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,<br><br>Plaintiff,<br><br>-against-<br><br>DENNIS J. FITZSIMONS, *et al.*,<br><br>Defendants. | 12 CV 2652 (RJS) |

## STIPULATION AND NOTICE OF DISMISSAL

Plaintiff Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust ("Plaintiff"), and defendant **First Bank & Trust** ("Defendant," and together with Plaintiff, the "Parties"), through the Parties' respective undersigned counsel, for good and valuable consideration, the receipt of which is hereby acknowledged, hereby enter into this Stipulation and Notice of Dismissal.

WHEREAS, Defendant is a named defendant in the above-captioned action (the "Action"), a civil action that was filed in the United States Bankruptcy Court for the District of Delaware and currently is pending in the United States District Court for the Southern District of New York;

WHEREAS, Defendant has not filed an answer or a motion for summary judgment in the Action; and

3364289.2

WHEREAS, Defendant represents that it is entitled to dismissal of Count One of the Fifth Amended Complaint filed in the Action ("Count One"), as set forth in the certificates of Andrew W. Drendel, dated May 4, 2018 and May 22, 2018 and the email from J. Timothy Cerney to Robert J. Lack, dated July 6, 2018 (collectively, the "Certificates"), and Plaintiff has agreed to dismiss without prejudice Count One against Defendant based on Defendant's representations, and subject to, and in accordance with, the terms and conditions set forth herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, as follows:

1. Defendant hereby incorporates herein the representations in the Certificates.

2. In consideration for Plaintiff's agreement voluntarily to dismiss without prejudice Count One against Defendant, Defendant acknowledges and agrees that if Count One is reinstated by this Court or an appellate court, Plaintiff shall have the right to reassert such claim(s) in the future against Defendant, in any capacity at any time up until four months after the close of fact discovery in the Action, if Plaintiff makes the determination in good faith that the information provided to Plaintiff was incorrect or incomplete by 5% or $100,000, whichever is less. If Plaintiff does so: (i) Defendant shall not seek any relief, and shall waive and relinquish any right to any relief, pursuant to Rules 41(a)(1)(B) and 41(d) of the Federal Rules of Civil Procedure; (ii) Defendant shall not assert any defense to the reassertion of the dismissed claims which (a) relates to the expiration of any applicable statute of limitations, statute of repose, or other rule or principle based upon the passage of time, whether that defense is statutory, contractual, equitable, or otherwise, including without limitation, waiver, estoppel, and laches, and (b) arose between and including the date of filing of the voluntary dismissal and the date

2

four months after the close of fact discovery in the Action; and (iii) Defendant authorizes its undersigned counsel to accept service, on Defendant's behalf, of any such complaint in which Plaintiff reasserts such claims against Defendant in this Action. Nothing herein is intended to revive a claim that was time-barred as of the date of such voluntary dismissal.

3. In further consideration for Plaintiff's agreement to dismiss without prejudice Count One against Defendant, Defendant acknowledges and agrees that in the event that Plaintiff or his counsel determines to serve discovery on Defendant in connection with the Action: (i) Defendant authorizes its undersigned counsel to accept service of such discovery on Defendant's behalf; and (ii) Defendant will respond to such discovery in accordance with and pursuant to the Federal Rules of Civil Procedure and other applicable rules. Defendant reserves all rights with respect to any such request.

4. Plaintiff and Defendant reserve all other rights and defenses not explicitly addressed in this Stipulation.

5. Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff hereby dismisses this Action without prejudice solely against Defendant. This dismissal does not apply to instances where Defendant is expressly named in the Fifth Amended Complaint in its capacity as a nominal or representative defendant (such as a trustee or IRA or UTMA custodian) in order to pursue the claim set forth in Count One against beneficial or legal recipients of Shareholder Transfers, or to the extent Defendant itself was a beneficial holder of Shareholder Transfers. If Defendant is named as the nominee or representative of a recipient of Shareholder Transfers, and that recipient of Shareholder Transfers is dismissed, Defendant shall also be dismissed in its nominal or representative capacity.

3364289.2

Dated: July 12, 2018

*signature*
Robert J. Lack
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
(212) 833-1100
rlack@fklaw.com

*Counsel for Plaintiff*

*signature*
J. Timothy Cerney
CARROLL, HARTIGAN & CERNEY, LTD.
218 N. Jefferson Street, Suite 102
Chicago, IL 60661-1239
(312) 236-3575
jtc@chc-law.com

*Counsel for Defendant*

SO ORDERED.

Dated: July 6/18, 2018
New York, New York

*signature*
RICHARD J. SULLIVAN
United States District Judge

4