# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action<br>No. 11 MD 2296 (DLC)<br>No. 12 MC 2296 (DLC) |
| THIS DOCUMENT RELATES TO: | |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,<br>                              *Plaintiff*,<br>-against-<br>DENNIS J. FITZSIMONS, *et al*.<br>                              *Defendants*. | No. 12 CV 2652 (DLC) |
| MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,<br>                              *Plaintiff*,<br>-against-<br>CITIGROUP GLOBAL MARKETS INC, *et al*.<br>                              *Defendants*. | No. 12 CV 6055 (DLC) |

## NOTICE OF SUBMISSION OF LETTER

Pursuant to paragraph 47 of Master Case Order No. 3 (Sept. 7, 2012) [ECF No. 1395], please take notice that the undersigned submitted the attached letter to the Court in the above-captioned actions on behalf of Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust.

Dated: January 7, 2019
       New York, NY

By: */s/ David M. Zensky*
David M. Zensky, Esq.
AKIN GUMP STRAUSS HAUER & FELD
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Email: dzensky@akingump.com
*Counsel to the Tribune Litigation Trustee*



**DAVID M. ZENSKY**
+1 212.872.1075/fax: +1 212.872.1002
dzensky@akingump.com

January 7, 2019

VIA ECF & HAND DELIVERY

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *In re Tribune Co. Fraudulent Conveyance Litig.,* No. 11-md-2296 (DLC); *Kirschner v. FitzSimons,* No. 12-cv-2652 (DLC); *Kirschner v. Citigroup Global Markets Inc.*, No. 12-cv-6055 (DLC)

Dear Judge Cote:

      On behalf of Marc S. Kirschner, Litigation Trustee for the Tribune Litigation Trust (the "Trustee"), we write to set forth the issues the Trustee would like the Court to address at the pretrial conference scheduled for January 14, 2019.[1]

      Following the Trustee's December 18, 2018 letter (ECF No. 7676) presenting matters that the Court may wish to address at a status conference, the Court issued an order setting a conference for January 14, 2019 and permitted the parties to submit a letter describing any issues they would like the Court to address at the conference (ECF No. 7679). Accordingly, we write to address those issues and to provide additional background respecting (1) the Trustee's request that the stay be dissolved or modified in order to permit briefing on his motion to amend the complaint in the *FitzSimons* Action to add a constructive fraudulent transfer claim pursuant to 11 U.S.C. § 548(a)(1)(B) ("CFT") and (2) the Trustee's intention to move for leave to amend and reassert an intentional fraudulent transfer claim pursuant to 11 U.S.C. § 548(a)(1)(A) ("IFT"). The Trustee believes the most efficient and just course is for the stay to be dissolved or revised and motion practice go forward simultaneously on both the CFT and IFT claims.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Trustee's December 18, 2018 letter to the Court (ECF No. 7676). All docket references are to filings on the docket 11-md-2296 (S.D.N.Y.).



**New Matters**

> **Trustee's motion to amend the *FitzSimons* complaint to add a CFT claim in light of the Supreme Court's decision in *Merit*.**

A central focus of the *FitzSimons* Action from the outset has been to recover the proceeds of the LBO fraudulently transferred to Tribune's shareholders at the time the company was insolvent. When the Supreme Court granted *certiorari* in the case that became *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018), the Trustee sought leave to amend the *FitzSimons* complaint to add a CFT claim pursuant to 11 U.S.C. § 548(a)(1)(B) in the event the Supreme Court overruled existing Second Circuit precedent that barred trustee CFT claims to claw back securities settlement payments even if they merely passed through financial institutions.[2] Judge Sullivan agreed that if the Supreme Court so ruled, "the Trustee would have a strong argument in support of amending his complaint to include the constructive fraudulent conveyance claim," but denied the Trustee's request without prejudice to a further request after *Merit* was decided (ECF No. 7019).

After the Supreme Court ruled in *Merit* that the safe harbor did not apply to transfers that are conducted through financial institutions where the institution is acting merely as a conduit, the Trustee renewed his request for leave to amend as there was no longer any safe harbor defense available to Tribune shareholders except if they themselves are financial institutions, financial participants, or other covered entities as defined in safe harbor, or (as some defendants contend) if Tribune itself was a "financial institution" or "financial participant" covered by the safe harbor.[3]

On June 18, 2018, without any formal motion or briefing, Judge Sullivan stayed the Trustee's ability to move to amend (the "Stay Order," ECF No. 7552) because in light of *Merit* the Second Circuit had recalled the mandate in another case in the Tribune MDL (the "Noteholder Actions"), which had applied the Section 546(e) safe harbor to actions brought not by the Trustee, but by various indenture trustees. *In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98 (2d Cir. 2016), *mandate recalled* (2d Cir. May 15, 2018) (ECF Nos. 7432-33). Judge Sullivan raised the possibility that the Second Circuit might issue a decision in the

---

[2] These precedents applied the safe harbor in Section 546(e) of the Bankruptcy Code which provides, in relevant part, that "the trustee may not avoid a transfer that is a margin payment, . . . or settlement payment, . . . made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, or that is a transfer made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, . . . commodity contract, . . . or forward contract, . . . ." 11 U.S.C. § 546(e).

[3] The Trustee intends to omit from the CFT claim certain defendants that can be determined to be covered by the safe harbor (*see* ECF No. 7285 at 1 n.1; ECF No. 7326 at 1).



Noteholder Actions that examines the scope of the Section 546(e) safe harbor (such as whether Tribune was a "financial institution" or "financial participant"). Stay Order at 4. Since recalling the mandate, the Second Circuit has not sought further merits briefing nor given any indication when it will rule.

The Trustee respectfully submits that the possibility that the Second Circuit might issue a decision controlling as to the Trustee's motion for leave to amend is remote, and this litigation should not be further delayed to await it. The issue whether Tribune was a "financial institution" or "financial participant" was never raised in the district court, or in the Noteholder appeal, and the necessary facts are not in the record (ECF No. 7681 at 93-97). "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006). Indeed, there has been no merits briefing on these issues before the Second Circuit, and the Second Circuit is likely to send any new issues back to this Court for consideration in the first instance. It is inefficient to wait an unknown further period for a ruling from the Second Circuit on the slim chance that the court of appeals may take up these new and not briefed issues.

On the other hand, there *are* numerous issues that *do* have to be resolved by this Court in connection with the Trustee's motion to amend. When the Trustee made, and renewed, his request to move for leave to amend his complaint, multiple parties submitted letters opposing the Trustee's request and previewed a wide array of arguments in opposition thereto which had nothing to do with Section 546(e), including, *inter alia*, timeliness of amendment, statute of limitations and "relation back," "good cause" for amendment, alleged prejudice to defendants, waiver, "bad faith," and jurisdiction. *See, e.g.*, ECF Nos. 7000, 7003-05, 7008, 7291, 7293, 7295-304, 7311, 7325-26. The Trustee believes none of these arguments has any merit. This Court should turn to these issues now without further delay.

The leveraged buyout that is the subject of this MDL occurred more than 11 years ago, the Trustee's claims have been pending in the pre-answer stage for more than eight years, and the Trustee has been seeking the opportunity to move to amend his complaint for approximately a year and a half. While the Trustee has diligently sought to move this case forward, the case has remained largely stayed during this time. The timeline for the Second Circuit's decision is unknown, and any delay in this Court linked to the Second Circuit's decision making is unfairly prejudicial to the Trustee's claims.[4] The Trustee requests that the stay be lifted so he can move for leave to amend now. If new law is made by the Second Circuit concerning Section 546(e), it will be easy enough for this Court to promptly sort out its application or lack thereof to the claims pending before it.

---

[4] Indeed, certain shareholder defendants have cited the delay as a reason to deny the Trustee's motion to amend. *See, e.g.*, ECF Nos. 7000, 7295.


Honorable Denise L. Cote
January 7, 2019
Page 4

**Trustee's motion for leave to amend the *FitzSimons* complaint to reassert his IFT claim.**

The Trustee also intends to move for leave to amend to reassert an IFT claim pursuant to 11 U.S.C. § 548(a)(1)(A). The IFT claim in Count One of the *FitzSimons* complaint was dismissed with prejudice by order dated January 6, 2017 (ECF No. 6924), but such ruling remains interlocutory and subject to reversal or modification by this Court. *See* Fed. R. Civ. P. 54(b). The Trustee recognizes that the prior decision is entitled to some deference as the "law of the case" and may not be revised absent appropriate reasons, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See, e.g.*, *Littel v. Twentieth Century Fox Film Corp.*, No. 89 Civ. 8526 (DLC), 1995 WL 404939, at*3 (S.D.N.Y. July 7, 1995), *aff'd sub nom. DeStefano v. Twentieth Century Fox Film Corp.*, 100 F.3d 943 (2d Cir. 1996). The Trustee believes each of these circumstances is present here, and will demonstrate as much in his motion.

The Stay Order has no application to the IFT claim or the motion outlined above, and subject to direction from the Court, the Trustee intends to proceed with such motion in short order. Given that the IFT claim applies to the same shareholder defendants (plus some additional parties) as the CFT claim, it would be most efficient to proceed with both motions to amend simultaneously. Adjudicating both motions together would resolve whether the Trustee has one or more claims against the shareholder defendants.

The foregoing motions to amend can be briefed in an efficient and coordinated manner. Prior case management orders in this MDL appointed an executive committee of firms and liaison counsel to coordinate briefing and arguments on behalf of the shareholder defendants (*see* ECF Nos. 1395, 5696). The motion to dismiss the complaints in the Noteholder cases and to dismiss the Trustee's IFT claim was accomplished through a single motion and single opening and reply brief filed on behalf of all shareholder defendants. There is no reason why opposition to the Trustee's two motions outlined above would be any different.

**Trustee's request to begin deposition discovery.**

Although the Trustee has been permitted to take partial document discovery of some defendants (ECF No. 6952), he has not been permitted to take full discovery of all defendants or to conduct depositions. The Trustee believe he should be permitted at the very least to depose a limited slate of important witnesses before memories fade further and discovery becomes more difficult with the passage of time. The defendants have taken inconsistent positions; some have opposed depositions until there is clarity as to which shareholder defendants will remain in the action, while others have opposed the motions to amend that would provide that clarity; still others have cited the passage of time as prejudicial to them, while contributing to the delay by



opposing the Trustee's ability to proceed with the case. This Court should eliminate the logjam in these cases.

**Pending Matters**

   **Trustee's motion for reconsideration of decision issued on November 30, 2018.**

  The Court has set January 11, 2019 as the date for defendants to file any oppositions to the Trustee's motion for reconsideration (ECF No. 7670) of the November 30, 2018 decision with respect to Motions to Dismiss Nos. 3, 4, 5, 6, and 7 (ECF No. 7659), with any reply due on January 25, 2019 (*see* ECF No. 7675).

   **Defendants' remaining motions to dismiss various counts of the *FitzSimons* and *Citigroup* complaints.**

  The Court has before it Motions to Dismiss Nos. 1, 2, 8, 9, 10, and 11, which are fully briefed.[5]

  The Trustee looks forward to the status conference and addressing these matters in more detail at that time.

             Respectfully,

             */s/ David M. Zensky*
             David M. Zensky

cc:  All counsel of record (*via ECF*)
    All pro se Trust Defendants (*via First Class Mail or E-mail*)

---

[5] Certain aspects of Motion 11 have been mooted by a settlement between the Trustee and Morgan Stanley & Co. LLC and Morgan Stanley Capital Services Inc. (*see* ECF No. 6865).