```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
                                        :    11md2296  (DLC)
                                        :    12cv2652  (DLC)
                                        :    13cv3736  (DLC)
                                        :    13cv3737  (DLC)
                                        :    13cv3738  (DLC)
                                        :    13cv3739  (DLC)
                                        :    13cv3740  (DLC)
                                        :    13cv3741  (DLC)
 In re: Tribune Company Fraudulent      :    13cv3742  (DLC)
 Conveyance Litigation                  :    13cv3743  (DLC)
                                        :    13cv3744  (DLC)
                                        :    13cv3745  (DLC)
                                        :    13cv3746  (DLC)
                                        :    13cv3747  (DLC)
                                        :    13cv3748  (DLC)
                                        :    13cv3749  (DLC)
                                        :    13cv3750  (DLC)
                                        :    13cv3751  (DLC)
                                        :    13cv3752  (DLC)
                                        :    13cv3753  (DLC)
                                        :
                                        :    OPINION & ORDER
----------------------------------------X
```

APPEARANCES:

For the Trustee:
David M. Zensky
Mitchell P. Hurley
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

For the Foundations:
Mark Filip
Gabor Balassa
Brian Borchard
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

For the Chandler Trusts and the Chandler Directors:
Oscar Garza
Douglas G. Levin
Matthew G. Bouslog
Gibson, Dunn & Crutcher LLP
3161 Michelson Dr.
Irvine, CA 92612

Liaison Counsel to the Named Defendants in FitzSimons Action and
Member of the FitzSimons Named Defendants' Executive Committee:
George R. Dougherty
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, IL 60606

On July 23, 2012, the Tribune Company ("Tribune" or the "Company") emerged from bankruptcy. The reorganization plan confirmed by the Bankruptcy Court transferred certain claims of the bankruptcy estate to Tribune's litigation trust, whose board later selected Marc S. Kirschner as litigation trustee (the "Trustee"), to recover assets for Tribune's creditors.

On November 30, 2018, the Court granted five motions to dismiss claims brought in two groups of actions pursued by the Trustee: <u>Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust v. Dennis J FitzSimons, et al.</u>, 12-cv-2652 (the "FitzSimons Action"), and Case Nos. 13-cv-3736 through 13-cv-3753 (the "Tag-Along Actions"). <u>In re Tribune Co. Fraudulent Conveyance Litig.</u>, No. 11-MD-2296 (RJS), 2018 WL 6329139 (S.D.N.Y. Nov. 30, 2018) (the "November 2018 Opinion"). Familiarity with that Opinion, as well as the Court's January 6,

2017 and January 23, 2019 Opinions, and the background and procedural history of this case set forth in those Opinions, is assumed. The Trustee has moved to reconsider certain portions of the November 2018 Opinion, and for clarification of other sections of that Opinion.

**Discussion**

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). The decision to grant or deny a motion for reconsideration is "within the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The Trustee seeks reconsideration of the November 2018 Opinion's determinations that (1) the Trustee lacks standing to assert claims against the Chandler Trusts, the Robert R. McCormick Foundation and the Cantigny Foundation (together, the "Foundations"), and Jeffrey Chandler, Roger Goodan, and William

3

Stinehart Jr. (the "Chandler Directors"); and (2) the Trustee failed to allege in the fifth amended complaint in the FitzSimons Action (the "FAC") that Tribune was insolvent until the second step ("Step Two") of the LBO. The Trustee also seeks reconsideration of the November 2018 Opinion's denial of leave to amend. The motion for reconsideration is denied in its entirety.

1. Standing

In moving to reconsider the November 2018 Opinion's standing analysis, the Trustee principally argues that he stands in the shoes of Tribune, not Tribune's creditors, and that the Court erred in concluding that the Trustee "represents the interests of Tribune's creditors in this action." 2018 WL 6329139, at *7.[1] The Court agrees that, as the successor to the Official Committee of Unsecured Creditors of Tribune in the FitzSimons Action, the Trustee only has standing to assert claims on behalf of Tribune itself, although Tribune's creditors may be the beneficiaries of any recovery he obtains. This fact, however, does not alter the outcome of the November 2018

---

[1] The FAC alleges that the Trustee "has been granted authority and standing to pursue [the] causes of action [asserted in the FAC] on behalf of the beneficiaries of the Litigation Trust, the Debtors' creditors . . . ." (Emphasis supplied.)

4

Opinion, since the Trustee fails to state a claim upon which relief can be granted.

As explained in the November 2018 Opinion, the FAC fails to allege (1) that Tribune was insolvent at any point before Step Two of the LBO closed on December 20, 2007, or (2) that the Chandler Trusts, the Foundations, or the Chandler Directors (together, the "Reconsideration Defendants") owed any fiduciary duties to Tribune at, or in the lead-up to, Step Two. 2018 WL 6329139, at *9-11. Thus, during the time period when the Reconsideration Defendants owed fiduciary duties to Tribune, Tribune's fiduciaries were solely obligated to maximize shareholder value, without regard to Tribune's creditors. See N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla, 930 A.2d 92, 101 (Del. 2007). The FAC does not allege that the Reconsideration Defendants breached their fiduciary duties to Tribune's shareholders in failing to maximize shareholder value. Indeed, the Trustee's theory is that the Reconsideration Defendants increased shareholder value at the expense of Tribune's creditors.

In Count Fifteen of the FAC, the Trustee also alleges that the Reconsideration Defendants aided and abetted Tribune's officers and directors in breaching their fiduciary duties to Tribune. But, even assuming the Trustee alleges that some of Tribune's officers breached their fiduciary duties to Tribune's

5

shareholders prior to Step Two, the Trustee fails to allege that Tribune's shareholders were damaged by those breaches. See, e.g., RBC Capital Markets, LLC v. Jervis, 129 A.3d 816, 861 (Del. 2015) (listing "damages proximately caused by the breach" among the elements for a Delaware law aiding and abetting claim). Accordingly, the Trustee's request that the Court reinstate his breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment claims against the Reconsideration Defendants is denied.

The Trustee also argues that the November 2018 Opinion erred in following the Delaware Chancery Court's analysis in Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P., 906 A.2d 168, 202 (Del. Ch. 2006), rather than the Delaware Chancery Court's more recent decision in Quadrant Structured Prods. Co. v. Vertin, 102 A.3d 155, 180 (Del. Ch. 2014) ("Quadrant I"). The Court considered Quadrant I, see 2018 WL 6329139, at *7; and the Trustee points to no controlling law that the Court overlooked.

The Trustee next argues that "[i]t was manifestly unjust" to dismiss the fiduciary duty claims without giving the Trustee an opportunity to explain that it has standing to pursue Tribune's claims. But, without any showing of error in the dismissal, this argument must be rejected. Again, the Trustee's standing to pursue Tribune's claims does not affect the

6

soundness of the grounds on which the claims were dismissed or permit them to survive.

2. Failure to Plead Insolvency

In moving for reconsideration of the November 2018 Opinion's solvency analysis, the Trustee first argues the Court erred in holding that Delaware's "inability to pay debts when due" test is not forward-looking. The Trustee's argument is that after the Delaware Chancery Court's decision in Quadrant Structured Products Co., Ltd. v. Vertin, 115 A.3d 535 (Del. Ch. 2015)("Quadrant II"), the Second Circuit's decision in Pereira v. Farace, 413 F.3d 330, 343 (2d Cir. 2005), upon which the November 2018 Opinion relied, is "on uncertain ground." But again, the Trustee points to no controlling law that the Court overlooked, and his arguments are therefore improper on a motion for reconsideration.

The Trustee next contends that the Court "committed clear error and overlooked recent controlling case law" in holding that the debt Tribune incurred at Step Two should not be considered for purposes of alleging insolvency at Step One. Once again, the Trustee fails to cite any controlling law that the Court overlooked. He simply rehashes arguments made in his original opposition brief.

Even if the Court were to consider the debt that Tribune intended to incur at Step Two for purposes of analyzing

7

Tribune's solvency as of either the close of Step One or April 1, 2007, when Tribune's board of directors first voted on the LBO transaction, the FAC still fails to allege that Tribune was insolvent prior to Step Two. This is because the FAC does not allege that Tribune's liabilities outweighed its assets at either point in time. Nor does the FAC allege facts that could allow the Court to infer the value of Tribune's assets at any time prior to Step Two.[2] The FAC only alleges that Tribune "was worth no more than $10.4 billion" at the close of Step Two, and "was worth no more than $7 billion just months later." Indeed, the FAC suggests that Tribune's financial condition continued to worsen from April 1, 2007, when Tribune's Board first voted on the LBO, to June 4, 2007, when Step One closed, to December 20, 2007, when Step Two closed.

Finally, the Trustee argues that the FAC adequately pleads that Tribune was insolvent at Step One, regardless of the Step Two debt. Yet again, the Trustee fails to cite to any

---

[2] For example, the allegation that Duff & Phelps, LLC concluded on March 28, 2007 that, "using a <u>low-end estimation</u> of Tribune's <u>post-transaction</u> enterprise value" (emphasis supplied), Tribune's liability would exceed its assets by over $300 million at the close of Step Two "unless $900 million in anticipated tax savings from the S corporation/ESOP structure were taken into account" does not allege that Tribune's assets as of April 1, 2007 or June 4, 2007 exceeded the liabilities it expected to incur over the course of the LBO.

8

controlling law or relevant facts that the Court overlooked, and the Court therefore declines to consider his argument.

3. Request to Amend

The Trustee argues that it was "clear error and manifestly unjust" to dismiss his claims with prejudice. The Trustee has not attached a proposed amended complaint to his motion for reconsideration, and, with the possible exception of his preference payment claim against Dennis J. FitzSimons ("FitzSimons"), he gives "no clue as to how the complaint's defects would be cured." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (citation omitted).

The Trustee asserts that he could amend the FAC to reflect that FitzSimons "did not leave the employ of Tribune until December 31, 2007." To claw back the preference payment, however, the Trustee will have to show that FitzSimons was an "insider," not just an employee, when he received the payment. As Tribune's SEC filings show, FitzSimons resigned as a Tribune officer and director as of December 20, 2007.

Moreover, it was the Trustee's pleading burden to allege that FitzSimons was an insider as of the date of any preference payments the Trustee sought to avoid that occurred more than ninety days prior to Tribune's bankruptcy. See 11 U.S.C. § 547(b)(4)(B). The Trustee was put on notice of his pleading

9

deficiencies nearly five years ago, when Motion 7 was filed on May 23, 2014. The Motion 7 movants, including FitzSimons, specifically argued that the FAC "fail[s] to make the essential allegation -- required as to each transfer at issue in [the] motion -- that the recipient was an insider at the time of the transfer." The Trustee has therefore had more than an ample opportunity to address the relevant pleading deficiencies. Nevertheless, in his opposition brief, filed on June 23, 2014, the Trustee did not suggest that any of the Motion 7 movants were, in fact, insiders at the time of the relevant transfers; instead, he argued that "[t]he fact that some payments were made shortly after the [movants'] termination should have no bearing on the Trustee's ability to recoup them . . . ."

Finally, on March 8, 2018, the Trustee filed a proposed sixth amended complaint in conjunction with his motion to amend following the Supreme Court's decision in Merit Mgmt. Grp., LP v. FTI Consulting, Inc., 138 S. Ct. 883 (2018). The Trustee again failed to include any new facts regarding FitzSimons's insider status at the relevant time. Accordingly, the Trustee's motion to reconsider the November 2018 Opinion's dismissal of claims with prejudice is denied.

4. Motion for Clarification

The Trustee also "seeks clarification" of the November 2018 Opinion's rulings with respect to Counts 34 and 35 of the FAC

10

and Count 2 of the complaints filed in the Tag-Along Actions (the "Tag-Along Complaints"). The Court granted the Motion 6 movants' motion to dismiss Count Thirty-Four of the FAC and Count Two of the Tag-Along Complaints insofar as those counts seek to claw back payments paid pursuant Tribune's Transitional Compensation Plan for Executive Employees. The Court granted the Motion 7 movants' motion to dismiss Count Thirty-Five of the FAC insofar as that count seeks to claw back certain preference payments made between the close of the LBO on December 20, 2007 and ninety-one days prior to Tribune's bankruptcy filing.

The Trustee notes that Motion 7 sought dismissal only with respect to specific transfers set forth in an exhibit to a declaration by defendants' counsel. In his motion for reconsideration, the Trustee has identified several payments dated December 27, 2007, that were not subject to the motion to dismiss, and the Motion 7 defendants do not dispute the Trustee's assertion that these payments were not the subject of their motion. The Trustee assures the defendants in his reply that he does not seek "implicit validation" of fraudulent transfer claims not challenged by Motion 7. Accordingly, Count Thirty-Five remains unaffected by the November 2018 Opinion as to the unchallenged payments and as to Defendant John J. Vitanovec, who was paid within the applicable ninety day window. 2018 WL 6329139, at *20 n.16.

## **Conclusion**

The Trustee's December 17, 2018 motion for partial reconsideration is denied.

Dated: New York, New York
February 12, 2019

_____
DENISE COTE
United States District Judge