UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | Consolidated Multidistrict Action No. 11 MD 2296 (DLC) |
| THIS DOCUMENT RELATES TO:<br><br>MARC S. KIRSCHNER, as Litigation Trustee for the TRIBUNE LITIGATION TRUST,<br>                                     *Plaintiff*,<br>    -against-<br><br>DENNIS J. FITZSIMONS, *et al.*,<br>                                   *Defendants*. | No. 12 CV 2652 (DLC) |

## [PROPOSED] BAR ORDER

        THIS ORDER implements the agreement by and between Marc S. Kirschner, as Litigation Trustee for the Tribune Litigation Trust ("Plaintiff") and Valuation Research Corporation ("VRC"), as set forth in that certain Settlement Agreement dated November 22, 2021 (the "Settlement Agreement").

        IT IS HEREBY ORDERED that all persons and entities (collectively, the "Barred Persons") are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere any claim for contribution or non-contractual indemnity against VRC, whether asserted as a claim, cross-claim, counterclaim, or third-party claim, where the claimed injury to the Barred Person is the liability of the Barred Person to the Plaintiff for any claim the Plaintiff or Tribune Company ("Tribune") brought or brings arising from, out of, or relating to Tribune or Tribune's 2007 leveraged buyout (each a "Barred Claim"). If a court or tribunal determines that Barred Claims exist that would have given rise to liability of VRC to a Barred Person but for this Bar Order, the Barred Persons shall be entitled to the judgment reduction provisions set forth herein; and it is further

        ORDERED that this Bar Order is without prejudice to the position of any party as to the existence, in the absence of this Bar Order, of a Barred Claim as a matter of law, fact, or equity including, but not limited to, the timeliness of such alleged Barred Claim; and it is further

        ORDERED that in the event the Plaintiff asserts or continues to assert a claim against any Barred Person with respect to Tribune's 2007 leveraged buyout (an "Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Action, the Plaintiff shall

3631328.3

provide notice of this Bar Order to the court or tribunal hearing the Action. If the Barred Person in such Action requests a finding that it would have one or more Barred Claims against VRC but for this Bar Order, such court or tribunal shall then determine whether VRC would have been liable to the Barred Person on the Barred Claim(s) in the absence of this Bar Order. If the court or tribunal determines that VRC would have been liable to the Barred Person on the alleged Barred Claim(s), it shall make all findings necessary to and will reduce any Judgment against such Barred Person by the greater of (x) the amount equal to (a) the amount of the Judgment for the joint harm times (b) the aggregate proportionate share of fault (expressed as a percentage) of VRC that would have been liable to the Barred Person in the absence of this Bar Order as compared to the aggregate fault of (i) the Barred Person, (ii) VRC, and (iii) all other persons determined by such court or tribunal to be liable to the Plaintiff in connection with the Action, whether or not such persons are sued in such Action or (y) the amount for which VRC would have been liable to the Barred Person on the Barred Claim(s) but for this Bar Order. The Plaintiff reserves all rights to dispute in any current or future case or proceeding or Action any claim by a Barred Person or Persons that such Person or Persons has a Barred Claim on which VRC would have been liable but for this Bar Order. Nothing herein shall prejudice or operate to preclude the right of any defendant in such Action to (i) provide notice of this Bar Order to the court or tribunal hearing the Action at any point, or (ii) raise any issues, claims, or defenses regarding judgment reduction or proportionate share of fault in the court or tribunal hearing the Action at any point in accordance with applicable law or procedure and this Bar Order. For the avoidance of doubt, nothing herein shall be deemed to entitle the Plaintiff to more than a single satisfaction of the same loss or transfer; and it is further

ORDERED that nothing herein shall prejudice or operate to preclude the rights of any Barred Person to assert any claims or causes of action (including, without limitation, any direct or personal claims or causes of action), other than claims against VRC as set forth above; and it is further

ORDERED that if the Plaintiff enters into a settlement with any person with respect to one or more causes of action related to Tribune's 2007 leveraged buyout, then the Plaintiff shall make commercially reasonable efforts to include a dismissal, release, and waiver by such person of any Barred Claims with respect to such settlement; and it is further

ORDERED that this Court shall retain continuing jurisdiction with respect to all matters concerning this Bar Order.

Dated: New York, New York
      Jan 13, 2022

_____
THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

3631328.3